Conformed Copy

1 | Mónica Balderrama (SBN 196424)
2 | Shawn Westrick (SBN 235313)
Initiative Legal Group LLP
3 | 1800 Century Park East, 2nd Floor
Los Angeles, California 90067
4 | Telephone: (310) 556-5637
5 | Facsimile: (310) 861-9051
Email: MBalderrama@InitiativeLegal.com
6 | Email: SWestrick@InitiativeLegal.com
7 | Attorneys for Plaintiff Summer York

8

9 | **UNITED STATES DISTRICT COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

(FFMx)

11

12 | SUMMER YORK, individually, and on behalf of other members of the general
13 | public similarly situated,

**CV08-07919** R

Case Number:

14 |          Plaintiff,

**CLASS ACTION COMPLAINT & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE §§ 2698, ET SEQ.**

15

16 | vs.

17

18 | STARBUCKS CORPORATION, a Washington corporation, and
19 | STARBUCKS COFFEE COMPANY, a Washington corporation,
20

(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);

21 |          Defendants.

(2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums);

22

23

(3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);

24

25

(4) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages);

26

27

28

(5) Violation of California Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination);

-1-

CLASS ACTION COMPLAINT

(6) Violation of <u>California Labor Code</u> § 204 (Wages Not Timely Paid During Employment);

(7) Violation of <u>California Labor Code</u> § 226(a) (Non-compliant Wage Statements); and,

(8) Violation of <u>California Business & Professions Code</u> §§ 17200, <u>et seq.</u>

**DEMAND FOR JURY TRIAL**

Plaintiff, individually and on behalf of all other members of the public similarly situated, alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.  The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.  Plaintiff alleges, on information and belief, that the aggregate amount in controversy for this class action exceeds five million dollars ($5,000,000.00) exclusive of interest and costs, that the class is greater than one-hundred (100) members, and that any one plaintiff is a citizen of a state different from that of any defendant.  <u>See</u> Class Action Fairness Act ("CAFA"), Pub. L. 109-2, 119 Stat. 4 (2005).

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) and (b) because Defendants maintain offices, have agents, are licensed to transact and do transact business, in this district.

3.      <u>California Labor Code</u> sections 2698, <u>et seq.</u>, "The Labor Code Private Attorneys General Act" (PAGA), authorizes aggrieved employees to sue directly for various civil penalties under the <u>California Labor Code</u>.

1     4.    Plaintiff has exhausted her administrative prerequisites by timely

2  requesting and obtaining verification from the California Labor and Workforce

3  Development Agency that it does not intend to investigate any alleged violations.

4  Plaintiff received non-investigate letters from the California Labor and Workforce

5  Department on or about October 24, 2008.

6

7               **THE PARTIES**

8     5.    Plaintiff SUMMER YORK ("Plaintiff") is a resident of Los Angeles

9  County in the State of California.

10     6.    Defendant STARBUCKS CORPORATION was and is, upon

11  information and belief, a Washington corporation doing business in California, and

12  at all times hereinafter mentioned, an employer whose employees are engaged

13  throughout this county, the State of California, or the various states of the United

14  States of America.

15     7.    Defendant STARBUCKS COFFEE COMPANY was and is, upon

16  information and belief, a Washington organization doing business in California, and

17  at all times hereinafter mentioned, an employer whose employees are engaged

18  throughout this county, the State of California, or the various states of the United

19  States of America.

20     8.    Plaintiff is informed and believes, and thereon alleges, that each and all

21  of the acts and omissions alleged herein was performed by, or is attributable to

22  STARBUCKS CORPORATION and/or STARBUCKS COFFEE COMPANY

23  (collectively "Defendants"), each acting as the agent for the other, with legal

24  authority to act on the other's behalf.  The acts of any and all Defendants were in

25  accordance with, and represent the official policy of, Defendants.

26     9.    At all times herein mentioned, Defendants, and each of them, ratified

27  each and every act or omission complained of herein.  At all times herein

28  mentioned, Defendants, and each of them, aided and abetted the acts and omissions

1   of each and all the other Defendants in proximately causing the damages herein

2   alleged.

3         10.    Plaintiff is informed and believes, and thereon alleges, that each of said

4   Defendants is in some manner intentionally, negligently, or otherwise responsible

5   for the acts, omissions, occurrences, and transactions alleged herein.

6

7   ## CLASS ACTION ALLEGATIONS

8         11.    Plaintiff brings this action on her own behalf, as well as on behalf of

9   each and all other persons similarly situated, and thus, seek class certification under

10  Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3).

11        12.    All claims alleged herein arise under California law for which Plaintiff

12  seeks relief authorized by California law.

13        13.    The proposed class consists of and is defined as:

14              All non-exempt or hourly paid employees who have been

15              employed by Defendants in the State of California within four

16              years prior to the filing of this complaint until certification of the

17              class in this lawsuit.

18        14.    Plaintiff reserves the right to establish sub-classes as appropriate.

19        15.    There is a well-defined community of interest in the litigation and the

20  class is readily ascertainable:

21           a.    Numerosity:  The members of the class (and each subclass, if

22  any) are so numerous that joinder of all members would be unfeasible and

23  impractical.  The membership of the entire class is unknown to Plaintiff at

24  this time, however, the class is estimated to be greater than one-hundred (100)

25  individuals and the identity of such membership is readily ascertainable by

26  inspection of Defendants' employment records.

27           b.    Typicality:  Plaintiff is qualified to, and will, fairly and

28  adequately protect the interests of each class member with whom she has a

well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all class members' as demonstrated herein.

c.    <u>Adequacy</u>:  Plaintiff is qualified to, and will, fairly and adequately, protect the interests of each class member with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff acknowledges that she has an obligation to make known to the Court any relationship, conflicts or differences with any class member.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d.    <u>Superiority</u>:  The nature of this action makes the use of class action adjudication superior to other methods.  Class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

e.    <u>Public Policy Considerations</u>:  Employers in the State of California violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

16.    There are common questions of law and fact as to the class (and each subclass, if any) that predominate over questions affecting only individual members,

including but not limited to:

    a.    Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

    b.    Whether Defendants required Plaintiff and class members to work over eight (8) hours per day, over twelve (12) hours per day, and/or over forty (40) hours per week and failed to pay legally required overtime compensation to Plaintiff and class members;

    c.    Whether Defendants deprived Plaintiff and class members of meal periods or required Plaintiff and class members to work during meal periods without compensation;

    d.    Whether Defendants deprived Plaintiff and class members of rest periods or required Plaintiff and class members to work during rest periods without compensation;

    e.    Whether Defendants failed to pay minimum wages to Plaintiff and class members;

    f.    Whether Defendants failed to promptly pay all wages due to Plaintiff and class members upon their discharge or resignation;

    g.    Whether Defendants complied with wage reporting as required by the California Labor Code; including but not limited to section 226;

    h.    Whether Defendants' conduct was willful or reckless;

    i.    Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code sections 17200, et seq.; and,

    j.    The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

\\

\\

\\

## GENERAL ALLEGATIONS

17.    At all times set forth, Defendants employed Plaintiff and other persons as non-exempt or hourly paid employees.

18.    Defendants employed Plaintiff as a "Barista" and then as a "Supervisor," which are non-exempt or hourly paid positions.  Plaintiff worked from on or about January 15, 2003 to on or about August 20, 2008 at Defendants' Los Angeles County, California business locations.

19.    Defendants continue to employ non-exempt or hourly paid employees within California.

20.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and wage law, employment and personnel practices, and about the requirements of California law.

21.    Plaintiff is informed and believes, and thereon alleges that Defendants knew or should have known that Plaintiff and class members were entitled to receive certain wages for overtime compensation and that they were not receiving certain wages for overtime compensation.

22.    Plaintiff is informed and believes, and thereon alleges that Defendants knew or should have known that Plaintiff and class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and class members' regular rate of pay when they did not receive a timely uninterrupted meal period.

23.    Plaintiff is informed and believes, and thereon alleges that Defendants knew or should have known that Plaintiff and class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and class members' regular rate of pay when a rest period was missed.

24.    Plaintiff is informed and believes, and thereon alleges that Defendants

1  knew or should have known that Plaintiff and class members were entitled to

2  receive at least minimum wages for compensation and that they were not receiving

3  at least minimum wages for compensation.

4      25.    Plaintiff is informed and believes, and thereon alleges that Defendants

5  knew or should have known that Plaintiff and class members were entitled to

6  receive all the wages owed to them upon discharge.

7      26.    Plaintiff is informed and believes, and thereon alleges that Defendants

8  knew or should have known that Plaintiff and class members were entitled to

9  receive complete and accurate wage statements in accordance with California law.

10      27.    Plaintiff is informed and believes, and thereon alleges, that at all times

11  herein mentioned, Defendants knew or should have known that they had a duty to

12  compensate Plaintiff and class members, and that Defendants had the financial

13  ability to pay such compensation, but willfully, knowingly and intentionally failed

14  to do so, and falsely represented to Plaintiff and other class members that they were

15  properly denied wages, all in order to increase Defendants' profits.

16      28.    California Labor Code section 218 states that nothing in Article 1 of the

17  Labor Code shall limit the right of any wage claimant to "sue directly . . . for any

18  wages or penalty due to him [or her] under this article."

19      29.    At all times herein set forth, PAGA was applicable to Plaintiff's

20  employment by Defendants.

21      30.    At all times herein set forth, PAGA provides that for any provision of

22  law under the California Labor Code that provides for a civil penalty to be assessed

23  and collected by the Labor and Workforce Development Agency (LWDA) for

24  violation of the California Labor Code, may, as an alternative, be recovered through

25  a civil action brought by an aggrieved employee on behalf of herself and other

26  current or former employees pursuant to procedures outlines in California Labor

27  Code section 2699.3.

28      31.    Pursuant to California Labor Code section 2699, a civil action under

1  PAGA may be brought by an "aggrieved employee," who is any person that was
2  employed by the alleged violator and against whom one or more of the alleged
3  violations was committed.

4      32.    Plaintiff was employed by the Defendants and the alleged violations
5  were committed against her during her time of employment and is therefore, an
6  aggrieved employee.

7      33.    Pursuant to <u>California Labor Code</u> sections 2699, 2699.3 and 2699.5 an
8  aggrieved employee, including Plaintiff, may allege a cause of action arising under
9  PAGA after the following requirements have been met:

10      a.    The aggrieved employee or representative shall give notice by
11  certified mail to the LWDA and the employer of the specific provisions of this code
12  alleged to have been violated, including the facts and theories to support the alleged
13  violations (Employee Notice).

14      b.    The LWDA shall notify the employer and the aggrieved
15  employee or representative by certified mail that it does not intend to investigate the
16  alleged violation (LWDA Notice) within thirty (30) calendar days of the postmark
17  date of the Employee Notice.  Upon receipt of the LWDA Notice or if no LWDA
18  Notice is provided within thirty-three (33) calendar days of the postmark date of the
19  Employee Notice, the aggrieved employee may commence a civil action pursuant to
20  Section 2699.

21      c.    Notwithstanding any other provision of law, a plaintiff may as a
22  matter of right amend an existing complaint to add a cause of action arising under
23  this part at any time within sixty (60) days of the time periods specified in this part.

24      34.    Plaintiff provided written notice by certified mail to the LWDA and the
25  Defendants of the specific provisions of the <u>California Labor Code</u> alleged to have
26  been violated on September 11, 2008, including the facts and theories to support the
27  alleged violations.

28      35.    The LWDA notified Defendants and Plaintiff by certified mail on

1 | October 24, 2008 that it did not intend to investigate the alleged violation.

2 |    36.    Plaintiff has, therefore, satisfied the administrative prerequisites of

3 | California Labor Code section 2699.3 and may recover civil penalties, in addition to

4 | other remedies, for violations of California Labor Code sections 201, 202, 203, 204,

5 | 226(a), 226.7, 510, 512(a), 1194, 1197, 1197.1 and 1198.

6 |

7 |                          **FIRST CAUSE OF ACTION**

8 |             **Violation of California Labor Code §§ 510 and 1198**

9 |                           **(Against all Defendants)**

10 |    37.    Plaintiff incorporates by reference and re-alleges as if fully stated

11 | herein the material allegations set out in paragraphs 1 through 36.

12 |    38.    California Labor Code section 1198 and the applicable Industrial

13 | Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ

14 | persons without compensating them at a rate of pay either time-and-one-half or two-

15 | times that person's regular rate of pay, depending on the number of hours worked by

16 | the person on a daily or weekly basis.

17 |    39.    Specifically, the applicable IWC Wage Order provides that Defendants

18 | are and were required to pay Plaintiff and class members employed by Defendants,

19 | and working more than eight (8) hours in a day or more than forty (40) hours in a

20 | workweek, at the rate of time-and-one-half for all hours worked in excess of eight

21 | (8) hours in a day or more than forty (40) hours in a workweek.

22 |    40.    The applicable IWC Wage Order further provides that Defendants are

23 | and were required to pay Plaintiff and class members employed by Defendants, and

24 | working more than twelve (12) hours in a day, overtime compensation at a rate of

25 | two times their regular rate of pay.

26 |    41.    California Labor Code section 510 codifies the right to overtime

27 | compensation at one-and-one-half times the regular hourly rate for hours worked in

28 | excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight

1  (8) hours worked on the seventh day of work, and to overtime compensation at

2  twice the regular hourly rate for hours worked in excess of twelve (12) hours in a

3  day or in excess of eight (8) hours in a day on the seventh day of work.

4      42.    During the relevant time period, Plaintiff and class members

5  consistently worked in excess of eight (8) hours in a day, in excess of twelve (12)

6  hours in a day, and/or in excess of forty (40) hours in a week.

7      43.    During the relevant time period, Defendants willfully failed to pay all

8  overtime wages owed to Plaintiff and class members.

9      44.    Defendants' failure to pay Plaintiff and class members the unpaid

10  balance of overtime compensation, as required by California laws, violates the

11  provisions of <u>California Labor Code</u> sections 510 and 1198, and is therefore

12  unlawful.

13      45.    Pursuant to <u>California Labor Code</u> section 1194, Plaintiff and class

14  members are entitled to recover their unpaid overtime compensation, as well as

15  interest, costs, and attorneys' fees.

16      46.    Pursuant to the civil penalties provided for in <u>California Labor Code</u>

17  section 2699(f) and (g), the State of California, Plaintiff and other aggrieved

18  employees are entitled to recover civil penalties of one-hundred dollars ($100) for

19  each aggrieved employee per pay period for the initial violation and two-hundred

20  dollars ($200) for each aggrieved employee per pay period for each subsequent

21  violation, plus costs and attorneys' fees for violation of <u>California Labor Code</u>

22  sections 510 and 1198.

23

24              **<u>SECOND CAUSE OF ACTION</u>**

25        **Violation of <u>California Labor Code</u> §§ 226.7 and 512(a)**

26                 **(Against all Defendants)**

27      47.    Plaintiff incorporates by reference and re-alleges as if fully stated

28  herein the material allegations set out in paragraphs 1 through 46.

48.    At all times herein set forth, the applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and class members' employment by Defendants.

49.    At all times herein set forth, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the California IWC.

50.    At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

51.    At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is not more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

52.    During the relevant time period, Plaintiff and class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

53.    During the relevant time period, Plaintiff and class members who were scheduled to work for a period of time in excess of six (6) hours were required to

work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

54.     During the relevant time period, Plaintiff and class members who were scheduled to work in excess of ten (10) hours but no longer than twelve (12) hours, and who did not waive their legally-mandated meal periods by mutual consent were required to work in excess of ten (10) hours without receiving a second uninterrupted meal period of not less than thirty (30) minutes.

55.     During the relevant time period, Plaintiff and class members who were scheduled to work for a period of time in excess of twelve (12) hours were required to work for periods longer than ten (10) hours without a second uninterrupted meal period of not less than thirty (30) minutes.

56.     During the relevant time period, Defendants willfully required Plaintiff and class members to work during meal periods and failed to compensate Plaintiff and class members for work performed during meal periods.

57.     During the relevant time period, Defendants failed to pay Plaintiff and class members the full meal period premium due pursuant to California Labor Code section 226.7.

58.     Defendants' conduct violates the applicable IWC Wage Orders and California Labor Code sections 226.7 and 512(a).

59.     Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the meal period was not provided.

60.     Pursuant to the civil penalties provided for in California Labor Code section 2699(f) and (g), the State of California, Plaintiff and other aggrieved employees are entitled to recover civil penalties of one-hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two-hundred dollars ($200) for each aggrieved employee per pay period for each subsequent

1 | violation, plus costs and attorneys' fees for violation of <u>California Labor Code</u>
2 | sections 226.7 and 512(a).

3

4 | ### THIRD CAUSE OF ACTION

5 | ### Violation of <u>California Labor Code</u> §§ 226.7

6 | ### (Against all Defendants)

7 | 61.   Plaintiff incorporates by reference and re-alleges as if fully stated
8 | herein the material allegations set out in paragraphs 1 through 60.

9 | 62.   At all times herein set forth, the applicable IWC Wage Order and
10 | <u>California Labor Code</u> section 226.7 were applicable to Plaintiff's and class
11 | members' employment by Defendants.

12 | 63.   At all times herein set forth, <u>California Labor Code</u> section 226.7
13 | provides that no employer shall require an employee to work during any rest period
14 | mandated by an applicable order of the California IWC.

15 | 64.   At all times herein set forth, the applicable IWC Wage Order provides
16 | that "[e]very employer shall authorize and permit all employees to take rest periods,
17 | which insofar as practicable shall be in the middle of each work period" and that the
18 | "rest period time shall be based on the total hours worked daily at the rate of ten
19 | (10) minutes net rest time per four (4) hours or major fraction thereof" unless the
20 | total daily work time is less than three and one-half (3½) hours.

21 | 65.   During the relevant time period, Defendants required Plaintiff and class
22 | members to work four (4) or more hours without authorizing or permitting a ten (10)
23 | minute rest period per each four (4) hour period worked.

24 | 66.   During the relevant time period, Defendants willfully required Plaintiff
25 | and class members to work during rest periods and failed to compensate Plaintiff
26 | and class members for work performed during rest periods.

27 | 67.   During the relevant time period, Defendants failed to pay Plaintiff and
28 | class members the full rest period premium due pursuant to <u>California Labor Code</u>

1 | section 226.7.

2 |    68.    Defendants' conduct violates the applicable IWC Wage Orders and

3 | California Labor Code section 226.7.

4 |    69.    Pursuant to the applicable IWC Wage Order and California Labor Code

5 | section 226.7(b), Plaintiff and class members are entitled to recover from

6 | Defendants one additional hour of pay at the employee's regular hourly rate of

7 | compensation for each work day that the rest period was not provided.

8 |    70.    Pursuant to the civil penalties provided for in California Labor Code

9 | section 2699(f) and (g), the State of California, Plaintiff and other aggrieved

10 | employees are entitled to recover civil penalties of one-hundred dollars ($100) for

11 | each aggrieved employee per pay period for the initial violation and two-hundred

12 | dollars ($200) for each aggrieved employee per pay period for each subsequent

13 | violation, plus costs and attorneys' fees for violation of California Labor Code

14 | section 226.7(a).

15 |

16 |                    **FOURTH CAUSE OF ACTION**

17 |        **Violation of California Labor Code §§ 1194, 1197, 1197.1**

18 |                      **(Against All Defendants)**

19 |    71.    Plaintiff incorporates by reference and re-allege as if fully stated herein

20 | the material allegations set out in paragraphs 1 through 70.

21 |    72.    At all relevant times, California Labor Code sections 1194, 1197, and

22 | 1197.1 provide that the minimum wage for employees fixed by the Industrial

23 | Welfare Commission is the minimum wage to be paid to employees, and the

24 | payment of a lesser wage than the minimum so fixed is unlawful.

25 |    73.    During the relevant time period, Defendants regularly failed to pay

26 | minimum wage to Plaintiff and class members as required, pursuant to California

27 | Labor Code sections 1194, 1197, and 1197.1.

28 |    74.    Defendants' failure to pay Plaintiff and class members the minimum

1  wage as required violates <u>California Labor Code</u> sections 1194, 1197, and 1197.1.

2  Pursuant to those sections Plaintiff and class members are entitled to recover the

3  unpaid balance of their minimum wage compensation as well as interest, costs, and

4  attorney's fees, and liquidated damages in an amount equal to the wages unlawfully

5  unpaid and interest thereon.

6       75.    Pursuant to <u>California Labor Code</u> section 1197.1, Plaintiff and class

7  members are entitled to recover a penalty of $100.00 for the initial failure to timely

8  pay each employee minimum wages, and $250.00 for each subsequent failure to pay

9  each employee minimum wages.

10       76.    Pursuant to <u>California Labor Code</u> section 1194.2, Plaintiff and class

11  members are entitled to recover liquidated damages in an amount equal to the wages

12  unlawfully unpaid and interest thereon.

13       77.    Pursuant to the civil penalties provided for in <u>California Labor Code</u>

14  section 2699(f) and (g), the State of California, Plaintiff and other aggrieved

15  employees are entitled to recover civil penalties of one-hundred dollars ($100) for

16  each aggrieved employee per pay period for the initial violation and two-hundred

17  dollars ($200) for each aggrieved employee per pay period for each subsequent

18  violation, plus costs and attorneys' fees for violation of <u>California Labor Code</u>

19  sections 1194, 1197, and 1197.1.

20

21  ## FIFTH CAUSE OF ACTION

22  ### Violation of <u>California Labor Code</u> §§ 201 and 202

23  ### (Against all Defendants)

24       78.    Plaintiff incorporates by reference and re-alleges as if fully stated

25  herein the material allegations set out in paragraphs 1 through 77.

26       79.    At all times herein set forth, <u>California Labor Code</u> sections 201 and

27  202 provide that if an employer discharges an employee, the wages earned and

28  unpaid at the time of discharge are due and payable immediately, and that if an

1    employee voluntarily leaves his or her employment, his or her wages shall become

2    due and payable not later than seventy-two (72) hours thereafter, unless the

3    employee has given seventy-two (72) hours previous notice of his or her intention to

4    quit, in which case the employee is entitled to his or her wages at the time of

5    quitting.

6        80.    During the relevant time period, Defendants willfully failed to pay

7    Plaintiff and  class members who are no longer employed by Defendants their

8    wages, earned and unpaid, either at the time of discharge, or within seventy-two (72)

9    hours of their leaving Defendants' employ.

10        81.    Defendants' failure to pay Plaintiff and those class members who are

11    no longer employed by Defendants their wages earned and unpaid at the time of

12    discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is

13    in violation of California Labor Code sections 201 and 202.

14        82.    California Labor Code section 203 provides that if an employer

15    willfully fails to pay wages owed, in accordance with sections 201 and 202, then the

16    wages of the employee shall continue as a penalty from the due date, and at the

17    same rate until paid or until an action is commenced; but the wages shall not

18    continue for more than thirty (30) days.

19        83.    Plaintiff and class members are entitled to recover from Defendants the

20    statutory penalty wages for each day they were not paid, at their regular hourly rate

21    of pay, up to a thirty (30) day maximum pursuant to California Labor Code section

22    203.

23        84.    Pursuant to the civil penalties provided for in California Labor Code

24    section 2699(f) and (g), the State of California, Plaintiff and other aggrieved

25    employees are entitled to recover civil penalties of one-hundred dollars ($100) for

26    each aggrieved employee per pay period for the initial violation and two-hundred

27    dollars ($200) for each aggrieved employee per pay period for each subsequent

28    violation, plus costs and attorneys' fees for violation of California Labor Code

1 | sections 201 and 202.

2

3 | ## SIXTH CAUSE OF ACTION

4 | ### Violation of <u>California Labor Code</u> § 204

5 | ### (Against all Defendants)

6 | 85.    Plaintiff incorporates by reference and re-alleges as if fully stated

7 | herein the material allegations set out in paragraphs 1 through 84.

8 | 86.    At all times herein set forth, <u>California Labor Code</u> section 204

9 | provides that all wages earned by any person in any employment between the 1st

10 | and the 15th days, inclusive, of any calendar month, other than those wages due

11 | upon termination of an employee, are due and payable between the 16th and the

12 | 26th day of the month during which the labor was performed.

13 | 87.    At all times herein set forth, <u>California Labor Code</u> section 204

14 | provides that all wages earned by any person in any employment between the 16th

15 | and the last day, inclusive, of any calendar month, other than those wages due upon

16 | termination of an employee, are due and payable between the 1st and the 10th day of

17 | the following month.

18 | 88.    At all times herein set forth, <u>California Labor Code</u> section 204

19 | provides that all wages earned for labor in excess of the normal work period shall be

20 | paid no later than the payday for the next regular payroll period.

21 | 89.    During the relevant time period, Defendants wilfully failed to pay

22 | Plaintiff and class members all wages due to them, within any time period

23 | permissible by <u>California Labor Code</u> section 204.

24 | 90.    Plaintiff and class members are entitled to recover all remedies

25 | available for violations of <u>California Labor Code</u> section 204.

26 | 91.    Pursuant to the civil penalties provided for in <u>California Labor Code</u>

27 | section 2699(f) and (g), the State of California, Plaintiff and other aggrieved

28 | employees are entitled to recover civil penalties of one-hundred dollars ($100) for

1  each aggrieved employee per pay period for the initial violation and two-hundred

2  dollars ($200) for each aggrieved employee per pay period for each subsequent

3  violation, plus costs and attorneys' fees for violation of California Labor Code

4  section 204.

5

6  ## SEVENTH CAUSE OF ACTION

7  ### Violation of California Labor Code § 226(a)

8  ### (Against all Defendants)

9      92.  Plaintiff incorporates by reference and re-alleges as if fully stated

10  herein the material allegations set out in paragraphs 1 through 91.

11      93.  At all material times set forth herein, California Labor Code section

12  226(a) provides that every employer shall furnish each of his or her employees an

13  accurate itemized wage statement in writing showing nine pieces of information,

14  including the total hours worked and the legal name and address of the employer,

15  among other things.

16      94.  Defendants have intentionally and willfully failed to provide employees

17  with complete and accurate wage statements.  The deficiencies include, among other

18  things, the failure to include the total hours worked by Plaintiff and class members,

19  and the failure to include the legal name of the employer.

20      95.  As a result of Defendants' violation of California Labor Code section

21  226(a), Plaintiff and class members have suffered injury and damage to their

22  statutorily-protected rights.

23      96.  Specifically, Plaintiff and class members have been injured by

24  Defendants' intentional violation of California Labor Code section 226(a) because

25  they were denied both their legal right to receive, and their protected interest in

26  receiving, accurate, itemized wage statements under California Labor Code section

27  226(a).

28      97.  Plaintiff and class members are entitled to recover from Defendants the

1 greater of their actual damages caused by Defendants' failure to comply with

2 California Labor Code section 226(a), or an aggregate penalty not exceeding four

3 thousand dollars per employee.

4     98.   Plaintiff and class members are also entitled to injunctive relief to

5 ensure compliance with this section, pursuant to California Labor Code section

6 226(g).

7     99.   Pursuant to the civil penalties provided for in California Labor Code

8 section 2699(f) and (g), the State of California, Plaintiff and other aggrieved

9 employees are entitled to recover civil penalties of one-hundred dollars ($100) for

10 each aggrieved employee per pay period for the initial violation and two-hundred

11 dollars ($200) for each aggrieved employee per pay period for each subsequent

12 violation, plus costs and attorneys' fees for violation of California Labor Code

13 section 226(a).

14

15 **EIGHTH CAUSE OF ACTION**

16 **Violation of California Business & Professions Code §§ 17200, et seq.**

17 **(Against all Defendants)**

18     100.  Plaintiff incorporates by reference and re-alleges as if fully stated

19 herein the material allegations set out in paragraphs 1 through 99.

20     101.  Defendants' conduct, as alleged herein, has been, and continues to be,

21 unfair, unlawful, and harmful to Plaintiff, other class members, and to the general

22 public. Plaintiff seeks to enforce important rights affecting the public interest within

23 the meaning of Code of Civil Procedure section 1021.5.

24     102.  Defendants' activities, as alleged herein, are violations of California

25 law, and constitute unlawful business acts and practices in violation of California

26 Business & Professions Code sections 17200, et seq.

27     103.  A violation of California Business & Professions Code sections 17200,

28 et seq. may be predicated on the violation of any state or federal law. In the instant

1 | case, Defendants' policy and practice of requiring non-exempt or hourly paid
2 | employees, including Plaintiff and class members, to work overtime without paying
3 | them proper compensation violates California Labor Code sections 510 and 1198.
4 | Additionally, Defendants' policy and practice of requiring non-exempt or hourly
5 | paid employees, including Plaintiff and class members, to work through their meal
6 | and rest periods without paying them proper compensation violates California Labor
7 | Code sections 226.7 and 512(a).  Defendants' policy and practice of failing to timely
8 | pay wages to Plaintiff and class members violates California Labor Code sections
9 | 201, 202 and 204.  Defendants' policies and practices of failing to pay minimum
10 | wages to Plaintiff and class members violates California Labor Code sections 1194,
11 | 1197, and 1197.1.

12 |     104.   Plaintiff and putative class members have been personally injured by
13 | Defendants' unlawful business acts and practices as alleged herein, including but not
14 | necessarily limited to the loss of money or property.

15 |     105.   Pursuant to California Business & Professions Code sections 17200, et
16 | seq., Plaintiff and putative class members are entitled to restitution of the wages
17 | withheld and retained by Defendants during a period that commences four years
18 | prior to the filing of this complaint; a permanent injunction requiring Defendants to
19 | pay all outstanding wages due to Plaintiff and class members; an award of attorneys'
20 | fees pursuant to California Code of Civil Procedure section 1021.5 and other
21 | applicable laws; and an award of costs.

22 |
23 | **REQUEST FOR JURY TRIAL**
24 |     Plaintiff requests a trial by jury.
25 |
26 | **PRAYER FOR RELIEF**
27 |     Plaintiff, and on behalf of all others similarly situated, prays for relief and
28 | judgment against Defendants, jointly and severally, as follows:

Class Certification

1.      That this action be certified as a class action;

2.      That Plaintiff be appointed as the representative of the Class; and

3.      That counsel for Plaintiff be appointed as Class Counsel.

As to the First Cause of Action

4.      That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by wilfully failing to pay all overtime wages due to Plaintiff and Class Members;

5.      For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

6.      For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

7.      For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a);

8.      For civil penalties pursuant to California Labor Code sections 2699(f) and (g) in the amount of $100 dollars for each violation per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code sections 510 and 1198; and,

9.      For such other and further relief as the Court may deem equitable and appropriate.

As to the Second Cause of Action

10.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by wilfully failing to provide all meal periods (including second meal periods) to Plaintiff and Class Members;

-22-<br>CLASS ACTION COMPLAINT

11. That the Court make an award to the Plaintiff and Class Members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

12. For all actual, consequential, and incidental losses and damages, according to proof;

13. For premiums pursuant to <u>California Labor Code</u> section 226.7(b);

14. For civil penalties pursuant to <u>California Labor Code</u> sections 2699(f) and (g) in the amount of $100 dollars for each violation per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of <u>California Labor Code</u> sections 512(a), and 226.7; and,

15. For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Third Cause of Action</u>

16. That the Court declare, adjudge and decree that Defendants violated <u>California Labor Code</u> section 226.7 and applicable IWC Wage Orders by wilfully failing to provide all rest periods to Plaintiff and Class Members;

17. That the Court make an award to the Plaintiff and Class Members of one (l) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

18. For all actual, consequential, and incidental losses and damages, according to proof;

19. For premiums pursuant to <u>California Labor Code</u> section 226.7(b);

20. For civil penalties pursuant to <u>California Labor Code</u> section 2699(f) and (g) in the amount of $100 dollars for each violation per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of <u>California Labor Code</u>

1 | section 226.7; and,

2 | 21.     For such other and further relief as the Court may deem equitable and
3 | appropriate.

4 |

5 |                          As to the Fourth Cause of Action

6 | 22.     That the Court declare, adjudge and decree that Defendants violated
7 | California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay
8 | minimum wages to Plaintiff and class members;

9 | 23.     For general unpaid wages and such general and special damages as may be
10 | appropriate;

11 | 24.     For statutory wage penalties pursuant to California Labor Code section
12 | 1197.1 for Plaintiff and class members in the amount as may be established
13 | according to proof at trial;

14 | 25.     For pre-judgment interest on any unpaid compensation from the date such
15 | amounts were due;

16 | 26.     For reasonable attorneys' fees and for costs of suit incurred herein
17 | pursuant to California Labor Code section 1194(a);

18 | 27.     For liquidated damages pursuant to California Labor Code section 1194.2;

19 | 28.     For civil penalties pursuant to California Labor Code section 2699(f) and
20 | (g) in the amount of $100 dollars for each violation per pay period for the initial
21 | violation and $200 for each aggrieved employee per pay period for each subsequent
22 | violation, plus costs and attorneys' fees for violation of California Labor Code
23 | section 1194, 1197 and 1197.1; and,

24 | 29.     For such other and further relief as the Court may deem equitable and
25 | appropriate.

26 |

27 |                          As to the Fifth Cause of Action

28 | 30.     That the Court declare, adjudge and decree that Defendants violated

California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and other terminated Class Members;

31.    For all actual, consequential and incidental losses and damages, according to proof;

32.    For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff and all other class members who have left Defendants' employ;

33.    For pre-judgment interest on any unpaid compensation from the date such amounts were due;

34.    For civil penalties pursuant to California Labor Code sections 2699(f) and (g) in the amount of $100 dollars for each violation per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code sections 201 and 202; and,

35.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Sixth Cause of Action

36.    That the Court declare, adjudge and decree that Defendants violated California Labor Code section 204 by wilfully failing to pay all compensation owed at the time required by California Labor Code section 204, to Plaintiff and Class Members;

37.    For all actual, consequential and incidental losses and damages, according to proof;

38.    For pre-judgment interest on any untimely paid compensation, from the date such amounts were due;

39.    For civil penalties pursuant to California Labor Code sections 2699(f) and (g) in the amount of $100 dollars for each violation per pay period for the initial

1 violation and $200 for each aggrieved employee per pay period for each subsequent

2 violation, plus costs and attorneys' fees for violation of <u>California Labor Code</u>

3 section 204; and,

4     40.    For such other and further relief as the Court may deem equitable and

5 appropriate.

6

7 As to the Seventh Cause of Action

8     41.    That the Court declare, adjudge and decree that Defendants violated the

9 record keeping provisions of <u>California Labor Code</u> section 226(a) and applicable

10 IWC Wage Orders as to Plaintiff and Class Members, and wilfully failed to provide

11 accurate itemized wage statements thereto;

12     42.    For all actual, consequential and incidental losses and damages, according

13 to proof;

14     43.    For statutory penalties pursuant to <u>California Labor Code</u> section 226(e);

15     44.    For injunctive relief to ensure compliance with this section, pursuant to

16 <u>California Labor Code</u> section 226(g); and,

17     45.    For civil penalties pursuant to <u>California Labor Code</u> sections 2699(f) and

18 (g) in the amount of $100 dollars for each violation per pay period for the initial

19 violation and $200 for each aggrieved employee per pay period for each subsequent

20 violation, plus costs and attorneys' fees for violation of <u>California Labor Code</u>

21 section 226(a); and,

22     46.    For such other and further relief as the Court may deem equitable and

23 appropriate.

24

25 As to the Eighth Cause of Action

26     47.    That the Court declare, adjudge and decree that Defendants violated

27 <u>California Business and Professions Code</u> sections 17200, <u>et seq</u>. by failing to

28 provide Plaintiff and class members all overtime compensation due to them, failing

1 | to provide all meal and rest periods to Plaintiff and class members, failing to pay for
2 | all missed meal and rest periods to Plaintiff and class members, failing to pay
3 | Plaintiff and class members' wages timely as required by <u>California Labor Code</u>
4 | sections 201, 202 and 204; and failing to pay Plaintiff and class members minimum
5 | wages as required by <u>California Labor Code</u> sections 1194, 1197, and 1197.1;

6 |     48.    For restitution of unpaid wages to Plaintiff and all class members and
7 | prejudgment interest from the day such amounts were due and payable;

8 |     49.    For the appointment of a receiver to receive, manage and distribute any
9 | and all funds disgorged from Defendants and determined to have been wrongfully
10 | acquired by Defendants as a result of violations of <u>California Business &</u>
11 | <u>Professions Code</u> sections 17200 <u>et seq.</u>;

12 |     50.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to
13 | <u>California Code of Civil Procedure</u> section 1021.5;

14 |     51.    For injunctive relief to ensure compliance with this section, pursuant to
15 | <u>California Business & Professions Code</u> sections 17200, <u>et seq.</u>; and,

16 |     52.    For such other and further relief as the Court may deem equitable and
17 | appropriate.

18 |

19 | Dated: December 2, 2008                    Respectfully submitted,
20 |                                       Initiative Legal Group LLP

21 |

22 |                               By: _Mónica Balderrama_
23 |                               Shawn Westrick
24 |                               Attorneys for Plaintiff Summer York

25 |
26 |
27 |
28 |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Manuel Real and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## CV08- 7919 R (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

Unless otherwise ordered, the United States District Judge assigned to this case will hear and determine all discovery related motions.

===========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

COPY

Mónica Balderrama (SBN 196424)
Shawn Westrick (SBN 235313)
Initiative Legal Group LLP
1800 Century Park East, 2nd Floor
Los Angeles, California 90067

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUMMER YORK, individually, and on behalf of other members of the general public similarly situated<br>PLAINTIFF(S)<br>v.<br>STARBUCKS CORPORATION, a Washington corporation, and STARBUCKS COFFEE COMPANY, a Washington corporation<br>DEFENDANT(S). | CASE NUMBER<br><br>**CV08-07919** R (FFMx)<br><br>**SUMMONS** |

TO:     THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney
_____Mónica Balderrama_____, whose address is:

Initiative Legal Group, LLP
1800 Century Park East
Second Floor
Los Angeles, California 90067

an answer to the ☒ complaint ☐_____amended complaint ☐ counterclaim ☐ cross-claim
which is herewith served upon you within __20__ days after service of this Summons upon you, exclusive
of the day of service. If you fail to do so, judgement by default will be taken against you for the relief
demanded in the complaint.

Clerk, U.S. District Court
**LA'REE HORN**

Dated: ____DEC -2 2008_____

By: _____
Deputy Clerk

(Seal of the Court)

1192

Courtesy Copy

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>SUMMER YORK, individually, and on behalf of other members of the general public similarly situated, | **DEFENDANTS**<br>STARBUCKS CORPORATION, a Washington corporation, and STARBUCKS COFFEE COMPANY, a Washington corporation |
| **(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):<br>Los Angeles | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): |
| **(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Mónica Balderrama, Esq., Shawn Westrick, Esq.<br>Initiative Legal Group, LLP<br>1800 Century Park East, Second Floor, Los Angeles, California 90067<br>Telephone No.: (310) 556-5637 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of California Labor Code sections 201, 202, 204, 226(a), 226.7, 510, 512(a), 1198, 1194, 1197, 1197.1, 1198, 204, 2800, 2802, and Business and Professions Code sections 17200, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☑ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No ☐ Yes

If yes, list case number(s): _____

**FOR OFFICE USE ONLY:** Case Number: _____

CV-71 (07/05)   CIVIL COVER SHEET   Page 1 of 2

CV08-07919

UNITED STA... .S DISTRICT COURT, CENTRAL DISTRIC... )F CALIFORNIA
CIVIL COVER SHEET

### AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No    ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)    ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

---

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
    Los Angeles County

List the California County, or State if other than California, in which **EACH** named defendant resides.  (Use an additional sheet if necessary).
☐  Check here if the U.S. government, its agencies or employees is a named defendant.
    STARBUCKS CORPORATION, a Washington corporation, and STARBUCKS COFFEE COMPANY, a Washington corporation

**List the California County,** or State if other than California, in which **EACH** claim arose.  (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.
    The entire State of California

---

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____    Date    December 2, 2008

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

---