1  Marc Primo (SBN 216796)
   MPrimo@IniativeLegal.com
2  Rebecca Labat (SBN 221241)
3  RLabat@InitiativeLegal.com
   Matthew T. Theriault (SBN 244037)
4  MTheriault@InitiativeLegal.com
5  Orlando Arellano (SBN 234073)
   OArellano@InitiativeLegal.com
6  Initiative Legal Group LLP
7  1800 Century Park East, 2nd Floor
   Los Angeles, California 90067
8  Telephone: (310) 556-5637
9  Facsimile: (310) 861-9051
10 Attorneys for Plaintiff Summer York

11

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SUMMER YORK, individually, and on behalf of other members of the general public similarly situated,<br><br>       Plaintiff,<br><br>   vs.<br><br><br>STARBUCKS CORPORATION, a Washington corporation, and STARBUCKS COFFEE COMPANY, a Washington corporation,<br><br>       Defendants. | Case Number: 08-CV-07919-GAF (FFMx)<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE §§ 2698, ET SEQ.**<br><br>(1) Violation of <u>California Labor Code</u> §§ 510 and 1198 (Unpaid Overtime);<br><br>(2) Violation of <u>California Labor Code</u> §§ 226.7 and 512(a) (Unpaid Meal Period Premiums);<br><br>(3) Violation of <u>California Labor Code</u> § 226.7 (Unpaid Rest Period Premiums);<br><br>(4) Violation of <u>California Labor Code</u> |

§§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages);

(5) Violation of <u>California Labor Code</u> §§ 201 and 202 (Wages Not Timely Paid Upon Termination);

(6) Violation of <u>California Labor Code</u> § 204 (Wages Not Timely Paid During Employment);

(7) Violation of <u>California Labor Code</u> § 226(a) (Non-compliant Wage Statements); and,

(8) Violation of <u>California Business & Professions Code</u> §§ 17200, <u>et seq.</u>

**DEMAND FOR JURY TRIAL**

Plaintiff, individually and on behalf of all other members of the public similarly situated, alleges as follows:

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. Plaintiff alleges that Defendant STARBUCKS CORPORATION, also doing business as STARBUCKS COFFEE COMPANY ("Defendant"), was incorporated in the State of Washington and is a corporation organized and existing under the laws of the State of Washington. Plaintiff alleges, on information and belief, that Defendant has thousands of retail locations spread throughout the United States with retail locations in every State within the United States, making it such that its employees, property, and operations are spread across the United States and no state contains a substantial predominance

1   of the Defendant's business activities. Defendant's most recent annual report filed

2   with the Securities and Exchange Committee of the United States shows that

3   Defendant's principal corporate offices are located in Seattle, Washington. Plaintiff

4   alleges Defendant's principal place of business, therefore, is the State of

5   Washington where its corporate offices are located and where its executive and

6   administrative functions are performed. Plaintiff alleges, on information and belief,

7   that the aggregate amount in controversy for this class action exceeds five million

8   dollars ($5,000,000.00) exclusive of interest and costs, that the class is greater than

9   one-hundred (100) members. Plaintiff alleges that the vast majority of putative class

10  members including Plaintiff are citizens of California. See Class Action Fairness

11  Act ("CAFA"), Pub. L. 109-2, 119 Stat. 4 (2005).

12          2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) and (b)

13  because Defendant maintains offices, have agents, are licensed to transact and do

14  transact business, in this district.

15          3.      California Labor Code sections 2698, et seq., "The Labor Code Private

16  Attorneys General Act" (PAGA), authorizes aggrieved employees to sue directly for

17  various civil penalties under the California Labor Code.

18          4.      Plaintiff has exhausted her administrative prerequisites by timely

19  requesting and obtaining verification from the California Labor and Workforce

20  Development Agency that it does not intend to investigate any alleged violations.

21  Plaintiff received non-investigate letters from the California Labor and Workforce

22  Department on or about October 24, 2008.

23

24                              **THE PARTIES**

25          5.      Plaintiff SUMMER YORK ("Plaintiff") is a resident of Los Angeles

26  County in the State of California where her permanent home is located and where

27  she intends to remain. Plaintiff's domicile is thus in Los Angeles, California.

28          6.      Defendant STARBUCKS CORPORATION was and is, upon

-3-
FIRST AMENDED CLASS ACTION COMPLAINT

1   information and belief, a Washington corporation doing business in California, and

2   at all times hereinafter mentioned, an employer whose employees are engaged

3   throughout this county, the State of California, or the various states of the United

4   States of America.

5       7.      Defendant STARBUCKS CORPORATION also does business under

6   the name STARBUCKS COFFEE COMPANY.

7       8.      Plaintiff is informed and believes, and thereon alleges, that each and all

8   of the acts and omissions alleged herein was performed by, or is attributable to

9   STARBUCKS CORPORATION also doing business as STARBUCKS COFFEE

10  COMPANY.  The acts of Defendant were in accordance with, and represent the

11  official policy of, Defendant.

12      9.      Plaintiff is informed and believes, and thereon alleges, that Defendant

13  is in some manner intentionally, negligently, or otherwise responsible for the acts,

14  omissions, occurrences, and transactions alleged herein.

15

16              **CLASS ACTION ALLEGATIONS**

17      10.     Plaintiff brings this action on her own behalf, as well as on behalf of

18  each and all other persons similarly situated, and thus, seek class certification under

19  Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3).

20      11.     All claims alleged herein arise under California law for which Plaintiff

21  seeks relief authorized by California law.

22      12.     The proposed class consists of and is defined as:

23              All non-exempt or hourly paid employees who have been

24              employed by Defendant in the State of California within four

25              years prior to the filing of this complaint until certification of the

26              class in this lawsuit.

27      13.     Plaintiff reserves the right to establish sub-classes as appropriate.

28      14.     There is a well-defined community of interest in the litigation and the

-4-

FIRST AMENDED CLASS ACTION COMPLAINT

1 | class is readily ascertainable:

2 |       a.   Numerosity:  The members of the class (and each subclass, if

3 | any) are so numerous that joinder of all members would be unfeasible and

4 | impractical.  The membership of the entire class is unknown to Plaintiff at

5 | this time, however, the class is estimated to be greater than one-hundred (100)

6 | individuals and the identity of such membership is readily ascertainable by

7 | inspection of Defendant's employment records.

8 |       b.   Typicality:  Plaintiff is qualified to, and will, fairly and

9 | adequately protect the interests of each class member with whom she has a

10 | well-defined community of interest, and Plaintiff's claims (or defenses, if

11 | any) are typical of all class members' as demonstrated herein.

12 |       c.   Adequacy:  Plaintiff is qualified to, and will, fairly and

13 | adequately, protect the interests of each class member with whom she has a

14 | well-defined community of interest and typicality of claims, as demonstrated

15 | herein.  Plaintiff acknowledges that she has an obligation to make known to

16 | the Court any relationship, conflicts or differences with any class member.

17 | Plaintiff's attorneys, the proposed class counsel, are versed in the rules

18 | governing class action discovery, certification, and settlement.  Plaintiff has

19 | incurred, and throughout the duration of this action, will continue to incur

20 | costs and attorneys' fees that have been, are, and will be necessarily expended

21 | for the prosecution of this action for the substantial benefit of each class

22 | member.

23 |       d.   Superiority:  The nature of this action makes the use of class

24 | action adjudication superior to other methods.  Class action will achieve

25 | economies of time, effort and expense as compared with separate lawsuits,

26 | and will avoid inconsistent outcomes because the same issues can be

27 | adjudicated in the same manner and at the same time for the entire class.

28 |       e.   Public Policy Considerations:  Employers in the State of

California violate employment and labor laws every day.  Current employees ~~are often afraid to assert their rights out of fear of direct or indirect retaliation.~~ Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

15.    There are common questions of law and fact as to the class (and each subclass, if any) that predominate over questions affecting only individual members, including but not limited to:

a.    Whether Defendant's failure to pay wages, without abatement or reduction, in accordance with the <u>California Labor Code</u>, was willful;

b.    Whether Defendant required Plaintiff and class members to work over eight (8) hours per day, over twelve (12) hours per day, and/or over forty (40) hours per week and failed to pay legally required overtime compensation to Plaintiff and class members;

c.    Whether Defendant deprived Plaintiff and class members of meal periods or required Plaintiff and class members to work during meal periods without compensation;

d.    Whether Defendant deprived Plaintiff and class members of rest periods or required Plaintiff and class members to work during rest periods without compensation;

e.    Whether Defendant failed to pay minimum wages to Plaintiff and class members;

f.    Whether Defendant failed to promptly pay all wages due to Plaintiff and class members upon their discharge or resignation;

g.    Whether Defendant complied with wage reporting as required by the <u>California Labor Code</u>; including but not limited to section 226;

h.   Whether Defendant's conduct was willful or reckless;

i.   Whether Defendant engaged in unfair business practices in violation of <u>California Business & Professions Code</u> sections 17200, <u>et seq.</u>; and,

j.   The appropriate amount of damages, restitution, or monetary penalties resulting from Defendant's violations of California law.

## <u>GENERAL ALLEGATIONS</u>

16.   At all times set forth, Defendant employed Plaintiff and other persons as non-exempt or hourly paid employees.

17.   Defendant employed Plaintiff as a "Barista" and then as a "Supervisor," which are non-exempt or hourly paid positions. Plaintiff worked from on or about January 15, 2003 to on or about August 20, 2008 at Defendant's Los Angeles County, California business locations.

18.   Defendant continues to employ non-exempt or hourly paid employees within California.

19.   Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendant was advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and wage law, employment and personnel practices, and about the requirements of California law.

20.   Plaintiff is informed and believes, and thereon alleges that Defendant knew or should have known that Plaintiff and class members were entitled to receive certain wages for overtime compensation and that they were not receiving certain wages for overtime compensation.

21.   Plaintiff is informed and believes, and thereon alleges that Defendant knew or should have known that Plaintiff and class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and

1 class members' regular rate of pay when they did not receive a timely uninterrupted
2 meal period.

3    22.    Plaintiff is informed and believes, and thereon alleges that Defendant
4 knew or should have known that Plaintiff and class members were entitled to
5 receive all rest periods or payment of one additional hour of pay at Plaintiff's and
6 class members' regular rate of pay when a rest period was missed.

7    23.    Plaintiff is informed and believes, and thereon alleges that Defendant
8 knew or should have known that Plaintiff and class members were entitled to
9 receive at least minimum wages for compensation and that they were not receiving
10 at least minimum wages for compensation.

11    24.    Plaintiff is informed and believes, and thereon alleges that Defendant
12 knew or should have known that Plaintiff and class members were entitled to
13 receive all the wages owed to them upon discharge.

14    25.    Plaintiff is informed and believes, and thereon alleges that Defendant
15 knew or should have known that Plaintiff and class members were entitled to
16 receive complete and accurate wage statements in accordance with California law.

17    26.    Plaintiff is informed and believes, and thereon alleges, that at all times
18 herein mentioned, Defendant knew or should have known that they had a duty to
19 compensate Plaintiff and class members, and that Defendant had the financial ability
20 to pay such compensation, but willfully, knowingly and intentionally failed to do so,
21 and falsely represented to Plaintiff and other class members that they were properly
22 denied wages, all in order to increase Defendant's profits.

23    27.    California Labor Code section 218 states that nothing in Article 1 of the
24 Labor Code shall limit the right of any wage claimant to "sue directly . . . for any
25 wages or penalty due to him [or her] under this article."

26    28.    At all times herein set forth, PAGA was applicable to Plaintiff's
27 employment by Defendant.

28    29.    At all times herein set forth, PAGA provides that for any provision of

-8-
FIRST AMENDED CLASS ACTION COMPLAINT

1    law under the <u>California Labor Code</u> that provides for a civil penalty to be assessed

2    and collected by the Labor and Workforce Development Agency (LWDA) for

3    violation of the <u>California Labor Code</u>, may, as an alternative, be recovered through

4    a civil action brought by an aggrieved employee on behalf of herself and other

5    current or former employees pursuant to procedures outlines in <u>California Labor</u>

6    <u>Code</u> section 2699.3.

7        30.    Pursuant to <u>California Labor Code</u> section 2699, a civil action under

8    PAGA may be brought by an "aggrieved employee," who is any person that was

9    employed by the alleged violator and against whom one or more of the alleged

10    violations was committed.

11        31.    Plaintiff was employed by the Defendant and the alleged violations

12    were committed against her during her time of employment and is therefore, an

13    aggrieved employee.

14        32.    Pursuant to <u>California Labor Code</u> sections 2699, 2699.3 and 2699.5 an

15    aggrieved employee, including Plaintiff, may allege a cause of action arising under

16    PAGA after the following requirements have been met:

17        a.    The aggrieved employee or representative shall give notice by

18    certified mail to the LWDA and the employer of the specific provisions of this code

19    alleged to have been violated, including the facts and theories to support the alleged

20    violations (Employee Notice).

21        b.    The LWDA shall notify the employer and the aggrieved

22    employee or representative by certified mail that it does not intend to investigate the

23    alleged violation (LWDA Notice) within thirty (30) calendar days of the postmark

24    date of the Employee Notice. Upon receipt of the LWDA Notice or if no LWDA

25    Notice is provided within thirty-three (33) calendar days of the postmark date of the

26    Employee Notice, the aggrieved employee may commence a civil action pursuant to

27    Section 2699.

28        c.    Notwithstanding any other provision of law, a plaintiff may as a

1 | matter of right amend an existing complaint to add a cause of action arising under

2 | this part at any time within sixty (60) days of the time periods specified in this part.

3 |   33. Plaintiff provided written notice by certified mail to the LWDA and the

4 | Defendant of the specific provisions of the <u>California Labor Code</u> alleged to have

5 | been violated on September 11, 2008, including the facts and theories to support the

6 | alleged violations.

7 |   34. The LWDA notified Defendant and Plaintiff by certified mail on

8 | October 24, 2008 that it did not intend to investigate the alleged violation.

9 |   35. Plaintiff has, therefore, satisfied the administrative prerequisites of

10 | <u>California Labor Code</u> section 2699.3 and may recover civil penalties, in addition to

11 | other remedies, for violations of <u>California Labor Code</u> sections 201, 202, 203, 204,

12 | 226(a), 226.7, 510, 512(a), 1194, 1197, 1197.1 and 1198.

13 |

14 | **FIRST CAUSE OF ACTION**

15 | **Violation of <u>California Labor Code</u> §§ 510 and 1198**

16 |   36. Plaintiff incorporates by reference and re-alleges as if fully stated

17 | herein the material allegations set out in paragraphs 1 through 35.

18 |   37. <u>California Labor Code</u> section 1198 and the applicable Industrial

19 | Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ

20 | persons without compensating them at a rate of pay either time-and-one-half or two-

21 | times that person's regular rate of pay, depending on the number of hours worked by

22 | the person on a daily or weekly basis.

23 |   38. Specifically, the applicable IWC Wage Order provides that Defendant

24 | is and was required to pay Plaintiff and class members employed by Defendant, and

25 | working more than eight (8) hours in a day or more than forty (40) hours in a

26 | workweek, at the rate of time-and-one-half for all hours worked in excess of eight

27 | (8) hours in a day or more than forty (40) hours in a workweek.

28 |   39. The applicable IWC Wage Order further provides that Defendant is and

1   was required to pay Plaintiff and class members employed by Defendant, and

2   working more than twelve (12) hours in a day, overtime compensation at a rate of

3   two times their regular rate of pay.

4       40.   California Labor Code section 510 codifies the right to overtime

5   compensation at one-and-one-half times the regular hourly rate for hours worked in

6   excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight

7   (8) hours worked on the seventh day of work, and to overtime compensation at

8   twice the regular hourly rate for hours worked in excess of twelve (12) hours in a

9   day or in excess of eight (8) hours in a day on the seventh day of work.

10      41.   During the relevant time period, Plaintiff and class members

11  consistently worked in excess of eight (8) hours in a day, in excess of twelve (12)

12  hours in a day, and/or in excess of forty (40) hours in a week.

13      42.   During the relevant time period, Defendant willfully failed to pay all

14  overtime wages owed to Plaintiff and class members.

15      43.   Defendant's failure to pay Plaintiff and class members the unpaid

16  balance of overtime compensation, as required by California laws, violates the

17  provisions of California Labor Code sections 510 and 1198, and is therefore

18  unlawful.

19      44.   Pursuant to California Labor Code section 1194, Plaintiff and class

20  members are entitled to recover their unpaid overtime compensation, as well as

21  interest, costs, and attorneys' fees.

22      45.   Pursuant to the civil penalties provided for in California Labor Code

23  section 2699(f) and (g), the State of California, Plaintiff and other aggrieved

24  employees are entitled to recover civil penalties of one-hundred dollars ($100) for

25  each aggrieved employee per pay period for the initial violation and two-hundred

26  dollars ($200) for each aggrieved employee per pay period for each subsequent

27  violation, plus costs and attorneys' fees for violation of California Labor Code

28  sections 510 and 1198.

## **SECOND CAUSE OF ACTION**

### Violation of California Labor Code §§ 226.7 and 512(a)

46.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 45.

47.    At all times herein set forth, the applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and class members' employment by Defendant.

48.    At all times herein set forth, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the California IWC.

49.    At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

50.    At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is not more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

51.    During the relevant time period, Plaintiff and class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to

1  work for periods longer than five (5) hours without an uninterrupted meal period of
2  not less than thirty (30) minutes.

3      52.    During the relevant time period, Plaintiff and class members who were
4  scheduled to work for a period of time in excess of six (6) hours were required to
5  work for periods longer than five (5) hours without an uninterrupted meal period of
6  not less than thirty (30) minutes.

7      53.    During the relevant time period, Plaintiff and class members who were
8  scheduled to work in excess of ten (10) hours but no longer than twelve (12) hours,
9  and who did not waive their legally-mandated meal periods by mutual consent were
10  required to work in excess of ten (10) hours without receiving a second
11  uninterrupted meal period of not less than thirty (30) minutes.

12      54.    During the relevant time period, Plaintiff and class members who were
13  scheduled to work for a period of time in excess of twelve (12) hours were required
14  to work for periods longer than ten (10) hours without a second uninterrupted meal
15  period of not less than thirty (30) minutes.

16      55.    During the relevant time period, Defendant willfully required Plaintiff
17  and class members to work during meal periods and failed to compensate Plaintiff
18  and class members for work performed during meal periods.

19      56.    During the relevant time period, Defendant failed to pay Plaintiff and
20  class members the full meal period premium due pursuant to California Labor Code
21  section 226.7.

22      57.    Defendant's conduct violates the applicable IWC Wage Orders and
23  California Labor Code sections 226.7 and 512(a).

24      58.    Pursuant to the applicable IWC Wage Order and California Labor Code
25  section 226.7(b), Plaintiff and class members are entitled to recover from Defendant
26  one additional hour of pay at the employees' regular hourly rate of compensation for
27  each work day that the meal period was not provided.

28      59.    Pursuant to the civil penalties provided for in California Labor Code

FIRST AMENDED CLASS ACTION COMPLAINT

1 | section 2699(f) and (g), the State of California, Plaintiff and other aggrieved

2 | employees are entitled to recover civil penalties of one-hundred dollars ($100) for

3 | each aggrieved employee per pay period for the initial violation and two-hundred

4 | dollars ($200) for each aggrieved employee per pay period for each subsequent

5 | violation, plus costs and attorneys' fees for violation of California Labor Code

6 | sections 226.7 and 512(a).

## THIRD CAUSE OF ACTION

### Violation of California Labor Code §§ 226.7

10 | 60.    Plaintiff incorporates by reference and re-alleges as if fully stated

11 | herein the material allegations set out in paragraphs 1 through 59.

12 | 61.    At all times herein set forth, the applicable IWC Wage Order and

13 | California Labor Code section 226.7 were applicable to Plaintiff's and class

14 | members' employment by Defendant.

15 | 62.    At all times herein set forth, California Labor Code section 226.7

16 | provides that no employer shall require an employee to work during any rest period

17 | mandated by an applicable order of the California IWC.

18 | 63.    At all times herein set forth, the applicable IWC Wage Order provides

19 | that "[e]very employer shall authorize and permit all employees to take rest periods,

20 | which insofar as practicable shall be in the middle of each work period" and that the

21 | "rest period time shall be based on the total hours worked daily at the rate of ten

22 | (10) minutes net rest time per four (4) hours or major fraction thereof" unless the

23 | total daily work time is less than three and one-half (3½) hours.

24 | 64.    During the relevant time period, Defendant required Plaintiff and class

25 | members to work four (4) or more hours without authorizing or permitting a ten (10)

26 | minute rest period per each four (4) hour period worked.

27 | 65.    During the relevant time period, Defendant willfully required Plaintiff

28 | and class members to work during rest periods and failed to compensate Plaintiff

1 | and class members for work performed during rest periods.

2 | ~~66.    During the relevant time period, Defendant failed to pay Plaintiff and~~

3 | class members the full rest period premium due pursuant to <u>California Labor Code</u>

4 | section 226.7.

5 | 67.    Defendant's conduct violates the applicable IWC Wage Orders and

6 | <u>California Labor Code</u> section 226.7.

7 | 68.    Pursuant to the applicable IWC Wage Order and <u>California Labor Code</u>

8 | section 226.7(b), Plaintiff and class members are entitled to recover from Defendant

9 | one additional hour of pay at the employee's regular hourly rate of compensation for

10 | each work day that the rest period was not provided.

11 | 69.    Pursuant to the civil penalties provided for in <u>California Labor Code</u>

12 | section 2699(f) and (g), the State of California, Plaintiff and other aggrieved

13 | employees are entitled to recover civil penalties of one-hundred dollars ($100) for

14 | each aggrieved employee per pay period for the initial violation and two-hundred

15 | dollars ($200) for each aggrieved employee per pay period for each subsequent

16 | violation, plus costs and attorneys' fees for violation of <u>California Labor Code</u>

17 | section 226.7(a).

18 |

19 | **FOURTH CAUSE OF ACTION**

20 | **Violation of <u>California Labor Code</u> §§ 1194, 1197, 1197.1**

21 | 70.    Plaintiff incorporates by reference and re-allege as if fully stated herein

22 | the material allegations set out in paragraphs 1 through 69.

23 | 71.    At all relevant times, <u>California Labor Code</u> sections 1194, 1197, and

24 | 1197.1 provide that the minimum wage for employees fixed by the Industrial

25 | Welfare Commission is the minimum wage to be paid to employees, and the

26 | payment of a lesser wage than the minimum so fixed is unlawful.

27 | 72.    During the relevant time period, Defendant regularly failed to pay

28 | minimum wage to Plaintiff and class members as required, pursuant to <u>California</u>

1 | <u>Labor Code</u> sections 1194, 1197, and 1197.1.

2 |       73.   Defendant's failure to pay Plaintiff and class members the minimum

3 | wage as required violates <u>California Labor Code</u> sections 1194, 1197, and 1197.1.

4 | Pursuant to those sections Plaintiff and class members are entitled to recover the

5 | unpaid balance of their minimum wage compensation as well as interest, costs, and

6 | attorney's fees, and liquidated damages in an amount equal to the wages unlawfully

7 | unpaid and interest thereon.

8 |       74.   Pursuant to <u>California Labor Code</u> section 1197.1, Plaintiff and class

9 | members are entitled to recover a penalty of $100.00 for the initial failure to timely

10 | pay each employee minimum wages, and $250.00 for each subsequent failure to pay

11 | each employee minimum wages.

12 |       75.   Pursuant to <u>California Labor Code</u> section 1194.2, Plaintiff and class

13 | members are entitled to recover liquidated damages in an amount equal to the wages

14 | unlawfully unpaid and interest thereon.

15 |       76.   Pursuant to the civil penalties provided for in <u>California Labor Code</u>

16 | section 2699(f) and (g), the State of California, Plaintiff and other aggrieved

17 | employees are entitled to recover civil penalties of one-hundred dollars ($100) for

18 | each aggrieved employee per pay period for the initial violation and two-hundred

19 | dollars ($200) for each aggrieved employee per pay period for each subsequent

20 | violation, plus costs and attorneys' fees for violation of <u>California Labor Code</u>

21 | sections 1194, 1197, and 1197.1.

22 |

23 |                    **FIFTH CAUSE OF ACTION**

24 |         **Violation of <u>California Labor Code</u> §§ 201 and 202**

25 |       77.   Plaintiff incorporates by reference and re-alleges as if fully stated

26 | herein the material allegations set out in paragraphs 1 through 76.

27 |       78.   At all times herein set forth, <u>California Labor Code</u> sections 201 and

28 | 202 provide that if an employer discharges an employee, the wages earned and

-16-
FIRST AMENDED CLASS ACTION COMPLAINT

1  unpaid at the time of discharge are due and payable immediately, and that if an

2  employee voluntarily leaves his or her employment, his or her wages shall become

3  due and payable not later than seventy-two (72) hours thereafter, unless the

4  employee has given seventy-two (72) hours previous notice of his or her intention to

5  quit, in which case the employee is entitled to his or her wages at the time of

6  quitting.

7       79.    During the relevant time period, Defendant willfully failed to pay

8  Plaintiff and  class members who are no longer employed by Defendant their wages,

9  earned and unpaid, either at the time of discharge, or within seventy-two (72) hours

10  of their leaving Defendant's employ.

11       80.    Defendant's failure to pay Plaintiff and those class members who are

12  no longer employed by Defendant their wages earned and unpaid at the time of

13  discharge, or within seventy-two (72) hours of their leaving Defendant's employ, is

14  in violation of California Labor Code sections 201 and 202.

15       81.    California Labor Code section 203 provides that if an employer

16  willfully fails to pay wages owed, in accordance with sections 201 and 202, then the

17  wages of the employee shall continue as a penalty from the due date, and at the

18  same rate until paid or until an action is commenced; but the wages shall not

19  continue for more than thirty (30) days.

20       82.    Plaintiff and class members are entitled to recover from Defendant the

21  statutory penalty wages for each day they were not paid, at their regular hourly rate

22  of pay, up to a thirty (30) day maximum pursuant to California Labor Code section

23  203.

24       83.    Pursuant to the civil penalties provided for in California Labor Code

25  section 2699(f) and (g), the State of California, Plaintiff and other aggrieved

26  employees are entitled to recover civil penalties of one-hundred dollars ($100) for

27  each aggrieved employee per pay period for the initial violation and two-hundred

28  dollars ($200) for each aggrieved employee per pay period for each subsequent

1    violation, plus costs and attorneys' fees for violation of <u>California Labor Code</u>

2    sections 201 and 202.

3

4    <div align="center">**<u>SIXTH CAUSE OF ACTION</u>**</div>

5    <div align="center">**Violation of <u>California Labor Code</u> § 204**</div>

6        84.    Plaintiff incorporates by reference and re-alleges as if fully stated

7    herein the material allegations set out in paragraphs 1 through 83.

8        85.    At all times herein set forth, <u>California Labor Code</u> section 204

9    provides that all wages earned by any person in any employment between the 1st

10    and the 15th days, inclusive, of any calendar month, other than those wages due

11    upon termination of an employee, are due and payable between the 16th and the

12    26th day of the month during which the labor was performed.

13        86.    At all times herein set forth, <u>California Labor Code</u> section 204

14    provides that all wages earned by any person in any employment between the 16th

15    and the last day, inclusive, of any calendar month, other than those wages due upon

16    termination of an employee, are due and payable between the 1st and the 10th day of

17    the following month.

18        87.    At all times herein set forth, <u>California Labor Code</u> section 204

19    provides that all wages earned for labor in excess of the normal work period shall be

20    paid no later than the payday for the next regular payroll period.

21        88.    During the relevant time period, Defendant wilfully failed to pay

22    Plaintiff and class members all wages due to them, within any time period

23    permissible by <u>California Labor Code</u> section 204.

24        89.    Plaintiff and class members are entitled to recover all remedies

25    available for violations of <u>California Labor Code</u> section 204.

26        90.    Pursuant to the civil penalties provided for in <u>California Labor Code</u>

27    section 2699(f) and (g), the State of California, Plaintiff and other aggrieved

28    employees are entitled to recover civil penalties of one-hundred dollars ($100) for

1 each aggrieved employee per pay period for the initial violation and two-hundred

2 dollars ($200) for each aggrieved employee per pay period for each subsequent

3 violation, plus costs and attorneys' fees for violation of <u>California Labor Code</u>

4 section 204.

5

6 <p align="center">**SEVENTH CAUSE OF ACTION**</p>

7 <p align="center">**Violation of <u>California Labor Code</u> § 226(a)**</p>

8   91.    Plaintiff incorporates by reference and re-alleges as if fully stated

9 herein the material allegations set out in paragraphs 1 through 90.

10   92.    At all material times set forth herein, <u>California Labor Code</u> section

11 226(a) provides that every employer shall furnish each of his or her employees an

12 accurate itemized wage statement in writing showing nine pieces of information,

13 including the total hours worked and the legal name and address of the employer,

14 among other things.

15   93.    Defendant has intentionally and willfully failed to provide employees

16 with complete and accurate wage statements.  The deficiencies include, among other

17 things, the failure to include the total hours worked by Plaintiff and class members,

18 and the failure to include the legal name of the employer.

19   94.    As a result of Defendant's violation of <u>California Labor Code</u> section

20 226(a), Plaintiff and class members have suffered injury and damage to their

21 statutorily-protected rights.

22   95.    Specifically, Plaintiff and class members have been injured by

23 Defendant's intentional violation of <u>California Labor Code</u> section 226(a) because

24 they were denied both their legal right to receive, and their protected interest in

25 receiving, accurate, itemized wage statements under <u>California Labor Code</u> section

26 226(a).

27   96.    Plaintiff and class members are entitled to recover from Defendant the

28 greater of their actual damages caused by Defendant's failure to comply with

1 California Labor Code section 226(a), or an aggregate penalty not exceeding four

2 thousand dollars per employee.

3      97.    Plaintiff and class members are also entitled to injunctive relief to

4 ensure compliance with this section, pursuant to California Labor Code section

5 226(g).

6      98.    Pursuant to the civil penalties provided for in California Labor Code

7 section 2699(f) and (g), the State of California, Plaintiff and other aggrieved

8 employees are entitled to recover civil penalties of one-hundred dollars ($100) for

9 each aggrieved employee per pay period for the initial violation and two-hundred

10 dollars ($200) for each aggrieved employee per pay period for each subsequent

11 violation, plus costs and attorneys' fees for violation of California Labor Code

12 section 226(a).

13

14              **EIGHTH CAUSE OF ACTION**

15     **Violation of California Business & Professions Code §§ 17200, et seq.**

16      99.    Plaintiff incorporates by reference and re-alleges as if fully stated

17 herein the material allegations set out in paragraphs 1 through 98.

18      100.   Defendant's conduct, as alleged herein, has been, and continues to be,

19 unfair, unlawful, and harmful to Plaintiff, other class members, and to the general

20 public. Plaintiff seeks to enforce important rights affecting the public interest within

21 the meaning of Code of Civil Procedure section 1021.5.

22      101.   Defendant's activities, as alleged herein, are violations of California

23 law, and constitute unlawful business acts and practices in violation of California

24 Business & Professions Code sections 17200, et seq.

25      102.   A violation of California Business & Professions Code sections 17200,

26 et seq. may be predicated on the violation of any state or federal law. In the instant

27 case, Defendant's policy and practice of requiring non-exempt or hourly paid

28 employees, including Plaintiff and class members, to work overtime without paying

1 | them proper compensation violates <u>California Labor Code</u> sections 510 and 1198.
2 | Additionally, Defendant's policy and practice of requiring non-exempt or hourly
3 | paid employees, including Plaintiff and class members, to work through their meal
4 | and rest periods without paying them proper compensation violates <u>California Labor</u>
5 | <u>Code</u> sections 226.7 and 512(a). Defendant's policy and practice of failing to timely
6 | pay wages to Plaintiff and class members violates <u>California Labor Code</u> sections
7 | 201, 202 and 204. Defendant's policies and practices of failing to pay minimum
8 | wages to Plaintiff and class members violates <u>California Labor Code</u> sections 1194,
9 | 1197, and 1197.1.

10 |     103.   Plaintiff and putative class members have been personally injured by
11 | Defendant's unlawful business acts and practices as alleged herein, including but not
12 | necessarily limited to the loss of money or property.

13 |     104.   Pursuant to <u>California Business & Professions Code</u> sections 17200, <u>et</u>
14 | <u>seq.</u>, Plaintiff and putative class members are entitled to restitution of the wages
15 | withheld and retained by Defendant during a period that commences four years prior
16 | to the filing of this complaint; a permanent injunction requiring Defendant to pay all
17 | outstanding wages due to Plaintiff and class members; an award of attorneys' fees
18 | pursuant to <u>California Code of Civil Procedure</u> section 1021.5 and other applicable
19 | laws; and an award of costs.

20 |

21 |                        **REQUEST FOR JURY TRIAL**
22 |     Plaintiff requests a trial by jury.
23 |

24 |                          **PRAYER FOR RELIEF**
25 |     Plaintiff, and on behalf of all others similarly situated, prays for relief and
26 | judgment against Defendant, jointly and severally, as follows:
27 |                          <u>Class Certification</u>
28 | 1.     That this action be certified as a class action;

1    2.    That Plaintiff be appointed as the representative of the Class; and

2    3.    That counsel for Plaintiff be appointed as Class Counsel.

3

4                   As to the First Cause of Action

5    4.    That the Court declare, adjudge and decree that Defendant violated

6    California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by

7    wilfully failing to pay all overtime wages due to Plaintiff and Class Members;

8    5.    For general unpaid wages at overtime wage rates and such general and

9    special damages as may be appropriate;

10   6.    For pre-judgment interest on any unpaid overtime compensation

11   commencing from the date such amounts were due;

12   7.    For reasonable attorneys' fees and for costs of suit incurred herein

13   pursuant to California Labor Code section 1194(a);

14   8.    For civil penalties pursuant to California Labor Code sections 2699(f) and

15   (g) in the amount of $100 dollars for each violation per pay period for the initial

16   violation and $200 for each aggrieved employee per pay period for each subsequent

17   violation, plus costs and attorneys' fees for violation of California Labor Code

18   sections 510 and 1198; and,

19   9.    For such other and further relief as the Court may deem equitable and

20   appropriate.

21

22                  As to the Second Cause of Action

23   10.   That the Court declare, adjudge and decree that Defendant violated

24   California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by

25   wilfully failing to provide all meal periods (including second meal periods) to

26   Plaintiff and Class Members;

27   11.   That the Court make an award to the Plaintiff and Class Members of one

28   (1) hour of pay at each employee's regular rate of compensation for each workday

1   that a meal period was not provided;

2   ~~12.    For all actual, consequential, and incidental losses and damages, according~~

3   ~~to proof;~~

4        13.    For premiums pursuant to <u>California Labor Code</u> section 226.7(b);

5        14.    For civil penalties pursuant to <u>California Labor Code</u> sections 2699(f) and

6   (g) in the amount of $100 dollars for each violation per pay period for the initial

7   violation and $200 for each aggrieved employee per pay period for each subsequent

8   violation, plus costs and attorneys' fees for violation of <u>California Labor Code</u>

9   sections 512(a), and 226.7; and,

10       15.    For such other and further relief as the Court may deem equitable and

11  appropriate.

12

13                   As to the Third Cause of Action

14       16.    That the Court declare, adjudge and decree that Defendant violated

15  <u>California Labor Code</u> section 226.7 and applicable IWC Wage Orders by wilfully

16  failing to provide all rest periods to Plaintiff and Class Members;

17       17.    That the Court make an award to the Plaintiff and Class Members of one

18  (1) hour of pay at each employee's regular rate of compensation for each workday

19  that a rest period was not provided;

20       18.    For all actual, consequential, and incidental losses and damages, according

21  to proof;

22       19.    For premiums pursuant to <u>California Labor Code</u> section 226.7(b);

23       20.    For civil penalties pursuant to <u>California Labor Code</u> section 2699(f) and

24  (g) in the amount of $100 dollars for each violation per pay period for the initial

25  violation and $200 for each aggrieved employee per pay period for each subsequent

26  violation, plus costs and attorneys' fees for violation of <u>California Labor Code</u>

27  section 226.7; and,

28

1  21.    For such other and further relief as the Court may deem equitable and

2  appropriate.

3

4  <center>As to the Fourth Cause of Action</center>

5  22.    That the Court declare, adjudge and decree that Defendant violated

6  California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay

7  minimum wages to Plaintiff and class members;

8  23.    For general unpaid wages and such general and special damages as may be

9  appropriate;

10  24.    For statutory wage penalties pursuant to California Labor Code section

11  1197.1 for Plaintiff and class members in the amount as may be established

12  according to proof at trial;

13  25.    For pre-judgment interest on any unpaid compensation from the date such

14  amounts were due;

15  26.    For reasonable attorneys' fees and for costs of suit incurred herein

16  pursuant to California Labor Code section 1194(a);

17  27.    For liquidated damages pursuant to California Labor Code section 1194.2;

18  28.    For civil penalties pursuant to California Labor Code section 2699(f) and

19  (g) in the amount of $100 dollars for each violation per pay period for the initial

20  violation and $200 for each aggrieved employee per pay period for each subsequent

21  violation, plus costs and attorneys' fees for violation of California Labor Code

22  section 1194, 1197 and 1197.1; and,

23  29.    For such other and further relief as the Court may deem equitable and

24  appropriate.

25

26  <center>As to the Fifth Cause of Action</center>

27  30.    That the Court declare, adjudge and decree that Defendant violated

28  California Labor Code sections 201, 202, and 203 by willfully failing to pay all

1  compensation owed at the time of termination of the employment of Plaintiff and

2  other terminated Class Members;

3     31.    For all actual, consequential and incidental losses and damages, according

4  to proof;

5     32.    For statutory wage penalties pursuant to <u>California Labor Code</u> section

6  203 for Plaintiff and all other class members who have left Defendant's employ;

7     33.    For pre-judgment interest on any unpaid compensation from the date such

8  amounts were due;

9     34.    For civil penalties pursuant to <u>California Labor Code</u> sections 2699(f) and

10  (g) in the amount of $100 dollars for each violation per pay period for the initial

11  violation and $200 for each aggrieved employee per pay period for each subsequent

12  violation, plus costs and attorneys' fees for violation of <u>California Labor Code</u>

13  sections 201 and 202; and,

14     35.    For such other and further relief as the Court may deem equitable and

15  appropriate.

16

17                          <u>As to the Sixth Cause of Action</u>

18     36.    That the Court declare, adjudge and decree that Defendant violated

19  <u>California Labor Code</u> section 204 by wilfully failing to pay all compensation owed

20  at the time required by <u>California Labor Code</u> section 204, to Plaintiff and Class

21  Members;

22     37.    For all actual, consequential and incidental losses and damages, according

23  to proof;

24     38.    For pre-judgment interest on any untimely paid compensation, from the

25  date such amounts were due;

26     39.    For civil penalties pursuant to <u>California Labor Code</u> sections 2699(f) and

27  (g) in the amount of $100 dollars for each violation per pay period for the initial

28  violation and $200 for each aggrieved employee per pay period for each subsequent

1 violation, plus costs and attorneys' fees for violation of <u>California Labor Code</u>

2 ~~section 204; and,~~

3    40.    For such other and further relief as the Court may deem equitable and

4 appropriate.

5

6              As to the Seventh Cause of Action

7    41.    That the Court declare, adjudge and decree that Defendant violated the

8 record keeping provisions of <u>California Labor Code</u> section 226(a) and applicable

9 IWC Wage Orders as to Plaintiff and Class Members, and wilfully failed to provide

10 accurate itemized wage statements thereto;

11    42.    For all actual, consequential and incidental losses and damages, according

12 to proof;

13    43.    For statutory penalties pursuant to <u>California Labor Code</u> section 226(e);

14    44.    For injunctive relief to ensure compliance with this section, pursuant to

15 <u>California Labor Code</u> section 226(g); and,

16    45.    For civil penalties pursuant to <u>California Labor Code</u> sections 2699(f) and

17 (g) in the amount of $100 dollars for each violation per pay period for the initial

18 violation and $200 for each aggrieved employee per pay period for each subsequent

19 violation, plus costs and attorneys' fees for violation of <u>California Labor Code</u>

20 section 226(a); and,

21    46.    For such other and further relief as the Court may deem equitable and

22 appropriate.

23

24              As to the Eighth Cause of Action

25    47.    That the Court declare, adjudge and decree that Defendant violated

26 <u>California Business and Professions Code</u> sections 17200, <u>et seq.</u> by failing to

27 provide Plaintiff and class members all overtime compensation due to them, failing

28 to provide all meal and rest periods to Plaintiff and class members, failing to pay for

1   all missed meal and rest periods to Plaintiff and class members, failing to pay

2   Plaintiff and class members' wages timely as required by California Labor Code

3   sections 201, 202 and 204; and failing to pay Plaintiff and class members minimum

4   wages as required by California Labor Code sections 1194, 1197, and 1197.1;

5       48.    For restitution of unpaid wages to Plaintiff and all class members and

6   prejudgment interest from the day such amounts were due and payable;

7       49.    For the appointment of a receiver to receive, manage and distribute any

8   and all funds disgorged from Defendant and determined to have been wrongfully

9   acquired by Defendant as a result of violations of California Business & Professions

10  Code sections 17200 et seq.;

11      50.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

12  California Code of Civil Procedure section 1021.5;

13      51.    For injunctive relief to ensure compliance with this section, pursuant to

14  California Business & Professions Code sections 17200, et seq.; and,

15      52.    For such other and further relief as the Court may deem equitable and

16  appropriate.

17

18  Dated: March 18, 2009                    Respectfully submitted,
                                             Initiative Legal Group LLP
19

20                                           By: _____

21                                           Marc Primo
                                             Rebecca Labat
22                                           Matthew Theriault
                                             Orlando Arellano
23                                           Attorneys for Plaintiff Summer York

24

25

26

27

28

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | |

UNITED STATES DISTRICT COURT    )

                                       )   ss

CENTRAL DISTRICT OF CALIFORNIA    )

      I am employed in the County of Los Angeles.  I declare that I am over the age of eighteen (18) and not a party to this action.  My business address is: Initiative Legal Group LLP, 1800 Century Park East, Second Floor, Los Angeles, California 90067.

      On March 18, 2009, I served the within document(s) described below as:

**FIRST AMENDED CLASS ACTION COMPLAINT & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE §§ 2698, ET SEQ.**

On the interested parties in this action by placing true copies thereon enclosed in sealed envelopes address as follows:

      Mr. Gregory W. Knopp
      Akin Gump Strauss Hauer & Feld LLP
      2029 Century Park East, Suite 2400
      Los Angeles, California 90067

**(X)**    **MAIL**: I deposited such envelope in the mail at Los Angeles, California.  The envelopes were mailed with postage thereon fully prepaid.

**(X)**    **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

      **EXECUTED** this document on March 18, 2009, at Los Angeles, California.

Matthew Krout