CATHERINE A. CONWAY (SBN 98366)
GREGORY W. KNOPP (SBN 237615)
MARK R. CURIEL (SNB 222749)
CYNTHIA S. CHOU (SBN 246330)
cconway@akingump.com
gknopp@akingump.com
mcuriel@akingump.com
cchou@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone:   310.229.1000
Facsimile:    310.229.1001

Attorneys for Defendant Starbucks Corporation
dba Starbucks Coffee Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SUMMER YORK, individually, and on behalf of other members of the general public similarly situated,<br><br>           Plaintiffs,<br><br>    v.<br><br>STARBUCKS CORPORATION, a Washington Corporation, and STARBUCKS COFFEE COMPANY, a Washington Corporation,<br><br>           Defendants. | Case No. CV08-07919 GAF (FFMx)<br><br>**DEFENDANT STARBUCKS CORPORATION DBA STARBUCKS COFFEE COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Judge:   Honorable Gary A. Feess<br><br>Filed:     December 2, 2008 |

Defendant Starbucks Corporation dba Starbucks Coffee Company ("Starbucks" or "Defendant") by its attorneys Akin Gump Strauss Hauer & Feld LLP, hereby answers the numbered paragraphs of the First Amended Class Action Complaint & Enforcement Under the Private Attorneys General Act, California Labor Code §§ 2698, *et seq.* (the "Complaint") filed by plaintiff Summer York ("York" or "Plaintiff"), as set forth below. Any allegation in the Complaint that is not expressly admitted below is denied.

1. The allegations contained in Paragraph 1 of the Complaint purport to state legal conclusions for which no answer is required. To the extent a response is required, Starbucks denies each and every allegation contained therein, except as follows: Starbucks admits that Plaintiff alleges that the aggregate amount in controversy for this class action exceeds five million dollars ($5,000,000.00) exclusive of interest and costs, that the class is greater than one-hundred (100) members, and that any one plaintiff is a citizen of a different state from that of any defendant. Starbucks further admits that it is incorporated in the State of Washington and is a corporation organized and existing under the laws of the State of Washington. Starbucks further admits that it operates thousands of retail locations throughout the United States, and it has retail locations, employees, property, and operations in all fifty states. Starbucks further admits that its most recent annual report filed with the Securities and Exchange Commission of the United States shows that its principal corporate office are located in Seattle, Washington. Starbucks further admits that its principal place of business is where its corporate offices are located and where its executive and administrative functions are performed, in the State of Washington.

2. The allegations contained in Paragraph 2 purport to state legal conclusions for which no answer is required. To the extent a response is required, Starbucks denies each and every allegation contained therein, except as follows: Starbucks admits that defendant Starbucks Corporation maintains offices, has agents, and is licensed to transact and do business in this district.

3. Paragraph 3 of the Complaint includes statements of law to which no answer is required. To the extent a response is required, Starbucks respectfully refers to California Labor Code §§ 2698, *et seq.* for their terms. To the extent the allegations in Paragraph 3 of the Complaint are inconsistent or contradictory to California Labor Code §§ 2698, *et seq.*, Starbucks denies those allegations.

4. Starbucks is without sufficient knowledge or information as to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, and on that basis denies each and every allegation contained therein.

5. Starbucks is without sufficient knowledge or information as to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and on that basis denies each and every allegation contained therein.

6. Starbucks admits the allegations contained in Paragraph 6 of the Complaint.

7. Starbucks admits the allegations contained in Paragraph 7 of the Complaint.

8. Starbucks denies each and every allegation contained in Paragraph 8 of the Complaint.

9. Starbucks denies each and every allegation contained in Paragraph 9 of the Complaint.

10. Starbucks denies each and every allegation contained in Paragraph 10 of the Complaint, except as follows: Starbucks admits that plaintiff purports to bring this action on her own behalf and as a class action pursuant to Fed. R. Civ. Proc. 23(a), (b)(2), and (b)(3).

11. The allegations contained in Paragraph 11 of the Complaint purport to state legal conclusions for which no answer is required. To the extent a response is required, Starbucks denies each and every allegation contained therein.

12. Starbucks denies each and every allegation contained in Paragraph 12 of the Complaint, except as follows: Starbucks admits that Plaintiff purports to represent a class as stated in Paragraph 12.

13. Starbucks denies each and every allegation contained in Paragraph 13 of the Complaint.

14. Starbucks denies each and every allegation contained in Paragraph 14 of the Complaint.

15. Starbucks denies each and every allegation contained in Paragraph 15 of the Complaint.

16. Starbucks denies each and every allegation contained in Paragraph 16 of the Complaint, except as follows: Starbucks admits that Starbucks Corporation employed Plaintiff and other persons as non-exempt or hourly paid employees.

17. Starbucks denies each and every allegation contained in Paragraph 17 of the Complaint, except as follows: Starbucks admits that Starbucks Corporation employed Plaintiff as a barista and then as a shift supervisor, which are non-exempt or hourly paid positions. Starbucks admits that Plaintiff worked for Starbucks Corporation from on or about January 15, 2003 to on or about August 20, 2008 at Starbucks Corporation's Los Angeles County, California business locations.

18. Starbucks denies each and every allegation contained in Paragraph 18 of the Complaint, except as follows: Starbucks admits that Starbucks Corporation continues to employee non-exempt or hourly paid employees within California.

19. Starbucks admits the allegations contained in Paragraph 19 of the Complaint.

20. Starbucks denies each and every allegation contained in Paragraph 20 of the Complaint.

21. Starbucks denies each and every allegation contained in Paragraph 21 of the Complaint.

22. Starbucks denies each and every allegation contained in Paragraph 22 of the Complaint.

23. Starbucks denies each and every allegation contained in Paragraph 23 of the Complaint.

24. Starbucks denies each and every allegation contained in Paragraph 24 of the Complaint.

25. Starbucks denies each and every allegation contained in Paragraph 25 of the Complaint.

26. Starbucks denies each and every allegation contained in Paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint includes statements of law to which no answer is required. To the extent a response is required, Starbucks respectfully refers to California Labor Code § 218 for its terms. To the extent the allegations in Paragraph 27 of the Complaint are inconsistent or contradictory to California Labor Code § 218, Starbucks denies those allegations.

28. The allegations contained in Paragraph 28 of the Complaint purport to state legal conclusions for which no answer is required. To the extent a response is required, Starbucks denies each and every allegation contained therein.

29. Paragraph 29 of the Complaint includes statements of law to which no answer is required. To the extent a response is required, Starbucks respectfully refers to California Labor Code §§ 2699 and 2699.3 for their terms. To the extent the allegations in Paragraph 29 of the Complaint are inconsistent or contradictory to California Labor Code §§ 2699 and 2699.3, Starbucks denies those allegations.

30. Paragraph 30 of the Complaint includes statements of law to which no answer is required. To the extent a response is required, Starbucks respectfully refers to California Labor Code §§ 2699 and 2699.3 for their terms. To the extent the allegations in Paragraph 30 of the Complaint are inconsistent or contradictory to California Labor Code §§ 2699 and 2699.3, Starbucks denies those allegations.

31. Starbucks denies each and every allegation contained in Paragraph 31 of the Complaint, except as follows: Starbucks admits that Plaintiff was employed by Starbucks Corporation.

32. Paragraph 32 of the Complaint includes statements of law to which no answer is required. To the extent a response is required, Starbucks respectfully refers to California Labor Code §§ 2699, 2699.3 and 2699.5 for their terms. To the extent the allegations in Paragraph 32 of the Complaint are inconsistent or contradictory to California Labor Code §§ 2699, 2699.3, 2699.5, Starbucks denies those allegations.

33. Starbucks denies each and every allegation contained in Paragraph 33 of the Complaint, except as follows: Starbucks admits that defendant Starbucks Corporation received a letter from Plaintiff dated September 11, 2008 alleging the following provisions of the California Labor Code had been violated: §§ 510, 1198, 226.7, 512, 201, 202, 203, 204, 226(a), 2800, 2802, 351, and 353.

34. Starbucks denies each and every allegation contained in Paragraph 34 of the Complaint, except as follows: Starbucks admits that Starbucks Corporation received a letter from the LWDA dated October 24, 2008 stating that it did not intend to investigate the claims Plaintiff asserted against Starbucks Corporation in Plaintiff's September 11, 2008 letter.

35. The allegations contained in Paragraph 35 of the Complaint purport to state legal conclusions for which no answer is required. To the extent a response is required, Starbucks denies each and every allegation contained therein.

36. Paragraph 36 of the Complaint does not allege separate allegations that require a separate response. Starbucks incorporates its answers to the paragraphs mentioned therein by reference.

37. Paragraph 37 of the Complaint includes statements of law to which no answer is required. To the extent a response is required, Starbucks respectfully refers to California Labor Code § 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order for their terms. To the extent the allegations in Paragraph 37 of

5

the Complaint are inconsistent or contradictory to California Labor Code § 1198 and the applicable IWC Wage Order, Starbucks denies those allegations.

38. Paragraph 38 of the Complaint includes statements of law to which no answer is required. To the extent a response is required, Starbucks respectfully refers to California Labor Code § 1198 and the applicable IWC Wage Order for their terms. To the extent the allegations in Paragraph 38 of the Complaint are inconsistent or contradictory to California Labor Code § 1198 and the applicable IWC Wage Order, Starbucks denies those allegations.

39. Paragraph 39 of the Complaint includes statements of law to which no answer is required. To the extent a response is required, Starbucks respectfully refers to the applicable IWC Wage Order for its terms. To the extent the allegations in Paragraph 39 of the Complaint are inconsistent or contradictory to the applicable IWC Wage Order, Starbucks denies those allegations.

40. Paragraph 40 of the Complaint includes statements of law to which no answer is required. To the extent a response is required, Starbucks respectfully refers to California Labor Code § 510 for its terms. To the extent the allegations in Paragraph 40 of the Complaint are inconsistent or contradictory to California Labor Code § 510, Starbucks denies those allegations.

41. Starbucks denies each and every allegation contained in Paragraph 41 of the Complaint.

42. Starbucks denies each and every allegation contained in Paragraph 42 of the Complaint.

43. Starbucks denies each and every allegation contained in Paragraph 43 of the Complaint.

44. Starbucks denies each and every allegation contained in Paragraph 44 of the Complaint.

45. Starbucks denies each and every allegation contained in Paragraph 45 of the Complaint.

46. Paragraph 46 of the Complaint does not allege separate allegations that require a separate response. Starbucks incorporates its answers to the paragraphs mentioned therein by reference.

47. Starbucks denies each and every allegation contained in Paragraph 47 of the Complaint.

48. Paragraph 48 of the Complaint includes statements of law to which no answer is required. To the extent a response is required, Starbucks respectfully refers to California Labor Code § 226.7 for its terms. To the extent the allegations in Paragraph 48 of the Complaint are inconsistent or contradictory to California Labor Code § 226.7, Starbucks denies those allegations.

49. Paragraph 49 of the Complaint includes statements of law to which no answer is required. To the extent a response is required, Starbucks respectfully refers to California Labor Code § 512(a) for its terms. To the extent the allegations in Paragraph 49 of the Complaint are inconsistent or contradictory to California Labor Code § 512(a), Starbucks denies those allegations.

50. Paragraph 50 of the Complaint includes statements of law to which no answer is required. To the extent a response is required, Starbucks respectfully refers to California Labor Code § 512(a) for its terms. To the extent the allegations in Paragraph 50 of the Complaint are inconsistent or contradictory to California Labor Code § 512(a), Starbucks denies those allegations.

51. Starbucks denies each and every allegation contained in Paragraph 51 of the Complaint.

52. Starbucks denies each and every allegation contained in Paragraph 52 of the Complaint.

53. Starbucks denies each and every allegation contained in Paragraph 53 of the Complaint.

54. Starbucks denies each and every allegation contained in Paragraph 54 of the Complaint.

55. Starbucks denies each and every allegation contained in Paragraph 55 of the Complaint.

56. Starbucks denies each and every allegation contained in Paragraph 56 of the Complaint.

57. Starbucks denies each and every allegation contained in Paragraph 57 of the Complaint.

58. Starbucks denies each and every allegation contained in Paragraph 58 of the Complaint.

59. Starbucks denies each and every allegation contained in Paragraph 59 of the Complaint.

60. Paragraph 60 of the Complaint does not allege separate allegations that require a separate response. Starbucks incorporates its answers to the paragraphs mentioned therein by reference.

61. Starbucks denies each and every allegation contained in Paragraph 61 of the Complaint.

62. Paragraph 62 of the Complaint includes statements of law to which no answer is required. To the extent a response is required, Starbucks respectfully refers to California Labor Code § 226.7. To the extent the allegations in Paragraph 62 of the Complaint are inconsistent or contradictory to California Labor Code § 226.7, Starbucks denies those allegations.

63. Paragraph 63 of the Complaint includes statements of law to which no answer is required. To the extent a response is required, Starbucks respectfully refers to California Labor Code § 226.7. To the extent the allegations in Paragraph 63 of the Complaint are inconsistent or contradictory to California Labor Code § 226.7, Starbucks denies those allegations.

64. Starbucks denies each and every allegation contained in Paragraph 64 of the Complaint.

65. Starbucks denies each and every allegation contained in Paragraph 65 of the Complaint.

66. Starbucks denies each and every allegation contained in Paragraph 66 of the Complaint.

67. Starbucks denies each and every allegation contained in Paragraph 67 of the Complaint.

68. Starbucks denies each and every allegation contained in Paragraph 68 of the Complaint.

69. Starbucks denies each and every allegation contained in Paragraph 69 of the Complaint.

70. Paragraph 70 of the Complaint does not allege separate allegations that require a separate response. Starbucks incorporates its answers to the paragraphs mentioned therein by reference.

71. Paragraph 71 of the Complaint includes statements of law to which no answer is required. To the extent a response is required, Starbucks respectfully refers to California Labor Code §§ 1194, 1197, and 1197.1 for their terms. To the extent the allegations in Paragraph 71 of the Complaint are inconsistent or contradictory to California Labor Code §§ 1194, 1197, and 1197.1, Starbucks denies those allegations.

72. Starbucks denies each and every allegation contained in Paragraph 72 of the Complaint.

73. Starbucks denies each and every allegation contained in Paragraph 73 of the Complaint.

74. Starbucks denies each and every allegation contained in Paragraph 74 of the Complaint.

75. Starbucks denies each and every allegation contained in Paragraph 75 of the Complaint.

76. Starbucks denies each and every allegation contained in Paragraph 76 of the Complaint.

77. Paragraph 77 of the Complaint does not allege separate allegations that require a separate response. Starbucks incorporates its answers to the paragraphs mentioned therein by reference.

78. Paragraph 78 of the Complaint includes statements of law to which no answer is required. To the extent a response is required, Starbucks respectfully refers to California Labor Code §§ 201 and 202 for their terms. To the extent the allegations in Paragraph 78 of the Complaint are inconsistent or contradictory to California Labor Code §§ 201 and 202, Starbucks denies those allegations.

79. Starbucks denies each and every allegation contained in Paragraph 79 of the Complaint.

80. Starbucks denies each and every allegation contained in Paragraph 80 of the Complaint.

81. Paragraph 81 of the Complaint includes statements of law to which no answer is required. To the extent a response is required, Starbucks respectfully refers to California Labor Code § 203 for its terms. To the extent the allegations in Paragraph 81 of the Complaint are inconsistent or contradictory to California Labor Code § 203, Starbucks denies those allegations.

82. Starbucks denies each and every allegation contained in Paragraph 82 of the Complaint.

83. Starbucks denies each and every allegation contained in Paragraph 83 of the Complaint.

84. Paragraph 84 of the Complaint does not allege separate allegations that require a separate response. Starbucks incorporates its answers to the paragraphs mentioned therein by reference.

85. Paragraph 85 of the Complaint includes statements of law to which no answer is required. To the extent a response is required, Starbucks respectfully refers to California Labor Code § 204 for its terms. To the extent the allegations in Paragraph 85

of the Complaint are inconsistent or contradictory to California Labor Code § 204, Starbucks denies those allegations.

86. Paragraph 86 of the Complaint includes statements of law to which no answer is required. To the extent a response is required, Starbucks respectfully refers to California Labor Code § 204 for its terms. To the extent the allegations in Paragraph 86 of the Complaint are inconsistent or contradictory to California Labor Code § 204, Starbucks denies those allegations.

87. Paragraph 87 of the Complaint includes statements of law to which no answer is required. To the extent a response is required, Starbucks respectfully refers to California Labor Code § 204 for its terms. To the extent the allegations in Paragraph 87 of the Complaint are inconsistent or contradictory to California Labor Code § 204, Starbucks denies those allegations.

88. Starbucks denies each and every allegation contained in Paragraph 88 of the Complaint.

89. Starbucks denies each and every allegation contained in Paragraph 89 of the Complaint.

90. Starbucks denies each and every allegation contained in Paragraph 90 of the Complaint.

91. Paragraph 91 of the Complaint does not allege separate allegations that require a separate response. Starbucks incorporates its answers to the paragraphs mentioned therein by reference.

92. Paragraph 92 of the Complaint includes statements of law to which no answer is required. To the extent a response is required, Starbucks respectfully refers to California Labor Code § 226(a) for its terms. To the extent the allegations in Paragraph 92 of the Complaint are inconsistent or contradictory to California Labor Code § 226(a), Starbucks denies those allegations.

93. Starbucks denies each and every allegation contained in Paragraph 93 of the Complaint.

94. Starbucks denies each and every allegation contained in Paragraph 94 of the Complaint.

95. Starbucks denies each and every allegation contained in Paragraph 95 of the Complaint.

96. Starbucks denies each and every allegation contained in Paragraph 96 of the Complaint.

97. Starbucks denies each and every allegation contained in Paragraph 97 of the Complaint.

98. Starbucks denies each and every allegation contained in Paragraph 98 of the Complaint.

99. Paragraph 99 of the Complaint does not allege separate allegations that require a separate response. Starbucks incorporates its answers to the paragraphs mentioned therein by reference.

100. Starbucks denies each and every allegation contained in Paragraph 100 of the Complaint.

101. Starbucks denies each and every allegation contained in Paragraph 101 of the Complaint.

102. Starbucks denies each and every allegation contained in Paragraph 102 of the Complaint.

103. Starbucks denies each and every allegation contained in Paragraph 103 of the Complaint.

104. Starbucks denies each and every allegation contained in Paragraph 104 of the Complaint.

## **REQUEST FOR JURY TRIAL**

Starbucks admits that Plaintiff requests a jury trial as described.

//

//

//

Defendant Starbucks Corporation dba Starbucks Coffee Company's Answer to Plaintiff's First Amended Complaint
CV08-07919 GAF (FFMx)

## PRAYER FOR RELIEF

Plaintiff's prayer for relief requires no response. To the extent a response is required, Starbucks denies that Plaintiff and putative class members are entitled to any of the relief requested in Paragraphs 1-52 of the Prayer for Relief.

## DEFENSES

As separate defenses to the Complaint and each alleged cause of action therein, Starbucks asserts the following defenses:

### First Affirmative Defense

(Failure to State a Claim)

1. Starbucks is informed and believes, and on that basis alleges, that the Complaint, and each purported claim therein, fails to state facts sufficient to constitute a claim against Starbucks.

### Second Affirmative Defense

(Statutes of Limitation)

2. Starbucks is informed and believes, and on that basis alleges, that the Complaint, and each purported claim therein, is barred to the extent Plaintiff or any member of the putative class she purports to represent seeks relief for conduct occurring outside the applicable statutes of limitation.

### Third Affirmative Defense

(Estoppel)

3. Starbucks is informed and believes, and on that basis alleges, that the Complaint, and each purported claim therein, is barred by the doctrine of estoppel.

### Fourth Affirmative Defense

(Laches)

4. Starbucks is informed and believes, and on that basis alleges, that the Complaint, and each purported claim therein, is barred by the doctrine of laches.

//
//

13

## Fifth Affirmative Defense

(Unclean Hands)

5. Starbucks is informed and believes, and on that basis alleges, that the Complaint, and each purported claim therein, is barred by the doctrine of unclean hands.

## Sixth Affirmative Defense

(Waiver)

6. Starbucks is informed and believes, and on that basis alleges, that the Complaint, and each purported claim therein, is barred to the extent Plaintiff or any member of the putative class she purports to represent, by his or her acts, conduct, and omissions, expressly or impliedly waived whatever rights he or she may have had against Starbucks.

## Seventh Affirmative Defense

(Release)

7. Starbucks is informed and believes, and on that basis alleges, that the Complaint, and each purported claim therein, is barred by the doctrine of release.

## Eighth Affirmative Defense

(Accord and Satisfaction)

8. Starbucks is informed and believes, and on that basis alleges, that the Complaint, and each purported claim therein, is barred by the doctrine of accord and satisfaction.

## Ninth Affirmative Defense

(Failure to Mitigate)

9. Starbucks is informed and believes, and on that basis alleges, that the Complaint, and each purported claim therein, is barred, in whole or in part, to the extent Plaintiff or any member of the putative class she purports to represent failed to mitigate the injury or damages alleged in the Complaint.

//

//

14

Defendant Starbucks Corporation dba Starbucks Coffee Company's Answer to Plaintiff's First Amended Complaint
CV08-07919 GAF (FFMx)

### Tenth Affirmative Defense

(Standing)

10. Starbucks is informed and believes, and on that basis alleges, that Plaintiff lacks the requisite standing to assert each purported claim in the Complaint.

### Eleventh Affirmative Defense

(Class Certification Requirements Not Met)

11. Starbucks is informed and believes, and on that basis alleges, that this action does not meet the requirements for class action treatment.

### Twelfth Affirmative Defense

(*De Minimis* Doctrine)

12. Starbucks is informed and believes, and on that basis alleges, that the Complaint, and each purported claim therein, is barred by the *de minimis* doctrine.

### Thirteenth Affirmative Defense

(Compliance With Statute)

13. Starbucks is informed and believes, and on that basis alleges, that at all times it complied and/or substantially complied with all applicable statutes, regulations, and laws; accordingly, the Complaint, and each purported cause of action therein, is barred.

### Fourteenth Affirmative Defense

(Class Action Civil Penalties Unconstitutional)

14. Starbucks is informed and believes, and on that basis alleges, that the Complaint, and each purported cause of action therein, is barred to the extent Plaintiff's claim for civil penalties on her own behalf or on the behalf of any member of the putative class she seeks to represent is in violation of the United States and California Constitutions.

//
//
//

Defendant Starbucks Corporation dba Starbucks Coffee Company's Answer to Plaintiff's First Amended Complaint
*CV08-07919 GAF (FFMx)*

### Fifteenth Affirmative Defense

(Paid All Sums)

15. Starbucks is informed and believes, and on that basis alleges, that the Complaint, and each purported claim therein, is barred because Starbucks has paid Plaintiff and the members of the putative class she purports to represent all sums due them.

### Sixteenth Affirmative Defense

(Res Judicata)

16. The Complaint, and each purported cause of action contained therein, is barred in whole or in part by the doctrine of res judicata.

### Seventeenth Affirmative Defense

(No Private Right of Action)

17. The Complaint, and each purported cause of action contained therein, is barred to the extent no private right of action exists to enforce the asserted claims.

### Eighteenth Affirmative Defense

(Collateral Estoppel)

18. The Complaint, and each purported cause of action contained therein, is barred in whole or in part by the doctrine of collateral estoppel.

### Nineteenth Affirmative Defense

(No Willfulness)

19. The Complaint, and each purported cause of action contained therein, is barred because the alleged conduct of Defendant and its agents was not willful.

### Twentieth Affirmative Defense

(No Employment Relationship)

20. The Complaint, and each purported cause of action contained therein, is barred to the extent Plaintiff was not an employee of Defendant.

//

## RESERVATION OF RIGHTS

Starbucks hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available during discovery in this action and reserves the right to amend its Answer to assert any such defenses.

WHEREFORE, Starbucks prays for judgment in its favor and requests that the Court:

1. Dismiss the Complaint with prejudice;

2. Enter judgment against Plaintiff and in favor of Starbucks on each and every cause of action;

3. Award Starbucks its reasonable attorneys' fees and costs of suit herein to the extent permitted under applicable law; and

4. Grant Starbucks such other relief as may be appropriate.

Dated: April 6, 2009                AKIN GUMP STRAUSS HAUER & FELD LLP


By /s/ Gregory W. Knopp
    Gregory W. Knopp
Attorneys for Defendant Starbucks Corporation dba Starbucks Coffee Company

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 2400, Los Angeles, California 90067. On April 6, 2009, I served the foregoing document(s) described as: **DEFENDANT STARBUCKS CORPORATION DBA STARBUCKS COFFEE COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** on the interested party(ies) below, using the following means:

**All parties identified for Notice of Electronic Filing generated by the Court's CM/ECF system under the referenced case caption and number**

☒ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 6, 2009 at Los Angeles, California.

Tracy Howe                              /s/ Tracy Howe
[Print Name of Person Executing Proof]   [Signature]