CATHERINE A. CONWAY (SBN 98366)
GREGORY W. KNOPP (SBN 237615)
MARK R. CURIEL (SBN 222749)
CYNTHIA S. CHOU (SBN 246330)
cconway@akingump.com
gknopp@akingump.com
mcuriel@akingump.com
cchou@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: 310.229.1000
Facsimile: 310.229.1001

Attorneys for Defendant Starbucks Corporation
dba Starbucks Coffee Company

REBECCA LABAT (SBN 221241)
MATTHEW T. THERIAULT (SBN 244037)
ORLANDO ARELLANO (SBN 234073)
RLabat@InitiativeLegal.com
OArellano@InitiativeLegal.com
MTheriault@InitiativeLegal.com
**INITIATIVE LEGAL GROUP LLP**
1800 Century Park East, 2nd Floor
Los Angeles, CA 90067
Telephone: 310.556.5637
Facsimile: 310.861.9051

Attorneys for Plaintiff Summer York

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SUMMER YORK, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STARBUCKS CORPORATION, a Washington Corporation, and STARBUCKS COFFEE COMPANY, a Washington Corporation,<br><br>Defendants. | Case No. CV08-07919 GAF (PJWx)<br><br>**JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO RULE 26(F)**<br><br>Judge: Gary A. Feess<br><br>Date Action Filed: December 2, 2008<br><br>Date: April 20, 2009<br>Time: 1:30 p.m.<br>Crtrm: 740 |

Pursuant to Federal Rule of Civil Procedure 26(f) and Central District Local Rule 26-1, Plaintiff Summer York and Defendant Starbucks Corporation submit the following Joint Rule 26(f) Report[1]:

## I. INFORMATION REQUESTED BY COURT ORDER

### A. Synopsis Of Main Claims, Counterclaims, And Affirmative Defenses

Plaintiff Summer York ("Plaintiff"), a former employee of Defendant, brought this lawsuit on her own behalf and on behalf of a proposed class of all other persons similarly situated. The Complaint, filed on December 2, 2009, seeks to certify a class action against Defendant. The Complaint defines the class as "[a]ll non-exempt or hourly paid employees who have been employed by Defendants in the State of California within four years prior to the filing of this complaint until certification of the class in this lawsuit."

Defendant employed Plaintiff as a "Barista" and then as a Shift Supervisor, which are non-exempt or hourly paid positions from January 2003 to August 2008 in Los Angeles.

Plaintiff alleges eight claims against Starbucks: (1) unpaid overtime under California Labor Code §§ 510 and 1198; (2) failure to provide meal breaks in violation of California Labor Code §§ 226.7 and 512(a); (3) failure to provide rest breaks in violation of California Labor Code § 226.7; (4) unpaid minimum wages under California Labor Code §§ 1194, 1197, 1197.1; (5) failure to pay wages upon termination under California Labor Code §§ 210 and 202; (6) failure to pay timely wages during employment under California Labor Code § 204; (7) failure to provide information on wage statements in compliance with California Labor Code § 226(a); and (8) unfair competition in violation of California Business & Professions Code § 17200. Plaintiff also alleges related claims and remedies under California Labor Code §§ 2699, 2699.3,

---

[1] Pursuant to Rule 26(f)(1), the parties participated in an in-person meeting on February 24, 2009.

and 2699.5, the Private Attorneys General Act ("PAGA"). Plaintiff is pursuing these claims individually and on behalf of a proposed class of non-exempt employees of Defendant. Defendant denies Plaintiff's allegations.

### B.   Key Legal Issues

The primary legal issues are: (1) whether certification of Plaintiff's proposed class is appropriate; (2) whether Defendant complied with Section 226.7 by providing all legally required meal and rest breaks to Plaintiff and the proposed class members; (3) whether Defendant complied with Section 510 by properly paying Plaintiff and the proposed class members overtime compensation for overtime worked; (4) whether Defendant complied with Section 1197 by properly paying Plaintiff and the proposed class members for all hours worked; and (5) whether Defendant complied with Section 226 by providing properly itemized wage statements.

### C.   Percipient Witnesses And Key Documents

The parties believe based on the information and knowledge they have at this time that the following people are percipient witnesses: Plaintiff, District Manager Casey Shull, and Store Manager Carolyn Dach.

Plaintiff also believes the following current or former employees of Defendant are likely to have relevant information: Carmen Williams; Vicki Chen; Maria Yi; Ryan Halstrom; Donna DeNardo; Elizabeth Sweeny; Yessica Moreno, phone number: (562) 544-7667; Lina Orsini, phone number: (562) 270-2620; Collin Chipman, phone number: (714) 390-5198; Judy Olmos; Kenneth Areas, phone number: (562) 256-4423; Matthew Tom, phone number: (909) 993-7664; Juan Aragon, Victor Martinez, Anna Brackett, Jessica Wright, Joey Bojorquez, Nathan Popejoy, Melanie Redding, Leanne Malinowsky, Melanie Manabat, and Renzo Romero. Plaintiff has provided the contact information of these persons to the extent known but believes that Defendant has the contact information of all these persons.

The parties believe based on the information and knowledge they have at this time that the following documents are key documents: Plaintiff's personnel records,

Plaintiff's time records, and Defendant's manuals, memos, and other documents evidencing policies and procedures regarding meal and rest breaks and overtime compensation that were in effect during the relevant time period.

Plaintiff's position is that because this is a putative class action the documents of other putative class members are also relevant such as those evidencing compensation and hours including wage statements, payroll Register Summaries, Partner Punch Time Reports, and other wage and hour related documents.

### D.   Realistic Range Of Provable Damages

Plaintiff's position is that damages are dependent upon a number of factors, including, but not limited to the class size, number of former employees, amount of compensation paid to the class, the number of workweeks applicable to the relevant statutes of limitations, the frequency of missed meal periods, the frequency of missed rest periods, the amount of deductions from wages, and the amount of unpaid wages, among other things. Plaintiff believes that much of this information and the relevant documents are in the exclusive possession, custody and control of Defendant. Until Plaintiff's investigation and discovery are completed, Plaintiff cannot reasonably provide Defendant with an estimate of Defendant's class-wide exposure.

### E.   Insurance Coverage

Defendant does not have insurance coverage applicable to this case.

### F.   Motions To Add Parties, File Amended Pleadings, And Transfer Venue

The parties do not anticipate seeking relief from the Court to add additional parties, file amended pleadings, or transfer this action to a different venue. Nonetheless, the parties reserve their right to join additional parties or amend their pleadings as discovery proceeds in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

### G.   Present State Of Discovery

The parties have exchanged initial disclosures. The parties have propounded written discovery. The deposition of plaintiff is currently noticed for April 23, 2009.

Plaintiff's counsel has since informed Defendant that April 23, 2009 may not be available, but will provide alternative dates as soon as possible. Plaintiff intends to take the deposition of Defendant's corporate representatives related to the claims at issue.

A discussion of the parties' contemplated future discovery is discussed below in Section H.

### H.   Written Discovery Plan

#### 1.   Anticipated Depositions

Plaintiff anticipates deposing Defendant's corporate representatives who are most knowledgeable about the various issues in this action such as hours worked, breaks provided, and compensation. Defendant anticipates deposing Plaintiff. Depending on Plaintiff's testimony, Defendant may conduct subsequent depositions of other individuals possessing information pertinent to this action. Plaintiff also anticipates deposing other individuals who may provide information pertinent to this action depending upon subsequent events.

#### 2.   Contemplated Written Discovery Requests

Plaintiff has propounded two sets of interrogatories. As part of these interrogatories, Plaintiff seeks the names and contact information of all putative class members who are percipient witnesses to the claims as alleged in this action. Plaintiff has also propounded a set of requests for production of documents seeking corporate documents evidencing various wage and hour policies. Defendant has propounded a set of request for production of documents on Plaintiff. Defendant anticipates further written discovery following Plaintiff's deposition. Plaintiff also anticipates further written discovery.

#### 3.   Initial Disclosures (Rule 26(f)(3)(A))

The parties do not anticipate that there will be any changes to the form or requirements for initial disclosures under Rule 26(a)(1). The parties exchanged their respective initial disclosures on March 17, 2009.

4. <u>Expert Disclosures (Rule 26(f)(3)(A))</u>

The parties request a modification for expert disclosures under Rule 26(a)(2). As discussed below, the parties propose a bifurcated discovery process. Accordingly, with respect to expert disclosures, the parties propose the following:

- Disclosure of experts by designation of names: October 14, 2009.
- Disclosure and production of expert reports: November 13, 2009.
- Disclosure of rebuttal expert witnesses and reports: December 14, 2009.

5. <u>Pretrial Disclosures (Rule 26(f)(3)(A))</u>

Neither party requests any modification to pretrial disclosures under Rule 26(a)(3).

6. <u>Form of Disclosures (Rule 26(f)(3)(A))</u>

Neither party requests any modification to the form of disclosures under Rule 26(a)(4).

7. <u>Subjects On Which Discovery Is Needed (Rule 26(f)(3)(B))</u>

Plaintiff anticipates that discovery will be needed regarding Defendant's policies and procedures as they relate to the provision of meal and rest breaks, the tracking and payment of all hours worked including overtime, the format of wage statements provided to putative class members and their efforts taken to ensure those wage statements were properly itemized, and the identity and number of putative class members, among other things.

Defendant anticipates that discovery will be needed regarding (1) Plaintiff's individual claims, including her work experience and whether she was provided meal and rest breaks, timely payment for all hours worked, including overtime, compliant and accurate wage statements, and wages upon termination; (2) Plaintiff's class allegations, including her alleged suitability as a class representative; and (3) Plaintiff's claimed damages.

8. <u>Completion Of Discovery (Rule 26(f)(3)(B))</u>

As discussed below, the parties propose a bifurcated discovery process. Defendant proposes September 14, 2009 as the cut-off date for the first phase of discovery. Defendant further proposes that discovery on Plaintiff's meal period and rest break claims shall be consolidated with the discovery conducted in the *Castro v. Starbucks Corporation* action, for the reasons set forth in Section O.

Although Plaintiff agrees that a bifurcated discovery process is warranted, Plaintiff believes that due to the number of claims and putative class members that more time to complete discovery is required. Plaintiff proposes November 30, 2009 as the cut-off date for the first phase of discovery.

The parties propose March 8, 2010 as the cut-off date for the second phase of discovery.

9. <u>Whether Discovery Should Be Conducted In Phases Or Limited To Specific Areas (Rule 26(f)(3)(B))</u>

The parties propose a bifurcated discovery process. The first phase would limit discovery to class certification issues and the merits of Plaintiff's individual claims. The first phase would conclude on the date of the hearing on Plaintiff's motion for class certification. Defendant proposes a September 14, 2009 hearing on Plaintiff's motion for class certification as well as the discovery cut-off date for the first phase of discovery. Plaintiff proposes a November 30, 2009 hearing on Plaintiff's motion for class certification. The second phase would include discovery concerning the merits of Plaintiff's class claims, if any, and potential damages. The parties propose that the deadline for completion of the second phase of discovery would be the final cut-off date proposed in Section I below, March 8, 2010.

10. <u>Any Issues About Disclosure Or Discovery Of Electronically Stored Information (Rule 26(f)(3)(C))</u>

The parties are unaware of any issues that may affect disclosure or discovery of electronically stored information.

11. <u>Any Issues About Claims Of Privilege Or Protection As Trial-Preparation Materials (Rule 26(f)(3)(D))</u>

The parties are unaware of any issues that may affect claims of privilege or protection as trial-preparation materials.

12. <u>Changes To Discovery Limitations (Rule 26(f)(3)(E))</u>

Plaintiff proposes expanding the number of Interrogatories and Requests for Admission from twenty-five (25) to one-hundred (100) for each party. Plaintiff contends that the inherent complexity of a class action case necessitate the additional Interrogatories and Requests for Admission. Defendant disagrees that any limits on the amount of written discovery need to be expanded at this time.

At this time, the parties do not seek any further limitations on discovery other than the bifurcation process proposed above, and Defendant's proposal that discovery on Plaintiff's meal period and rest break claims shall be consolidated with the discovery conducted in the *Castro v. Starbucks Corporation* action for the reasons set forth in Section O.

13. <u>Other Orders The Court Should Enter (Rule 26(f)(3)(F))</u>

The parties anticipate filing a stipulated protective order pursuant to Rule 26(c) to restrict disclosure and use of confidential and/or proprietary business and employee information produced in discovery.

Defendant further proposes that discovery on Plaintiff's meal period and rest break claims shall be consolidated with the discovery conducted and class certification determination in the *Castro v. Starbucks Corporation* action for the reasons set forth in Section O.

**I.    Proposed Discovery Cut-Off Date**

The parties propose a discovery cut-off date of March 8, 2010. The parties understand "discovery cut-off date" to mean the last day by which all depositions must be completed, responses to all previously-served written discovery must be provided, and all hearings on discovery motions must be concluded.

### J. Claims Appropriate For Summary Judgment

Defendant believes the Court may determine by a motion for summary judgment whether Defendant complied with the California Labor Code sections Plaintiff alleges Defendant violated. Plaintiff believes that any motion for summary judgment should not be filed until after Plaintiff's motion for class certification has been determined in order to avoid piecemeal litigation of the same claims through different class representatives; Defendant denies that any such limitation would be appropriate.

### K. Motion Hearing Cut-Off Date And Contemplated Law And Motion Matters

The parties propose March 15, 2010 as the motion hearing cut-off date. The parties understand "motion hearing cut-off date" to mean the last day on which motions may be heard.

Defendant anticipates motion practice under Federal Rule of Civil Procedure 56 and reserves its right to file a motion for summary judgment or partial summary judgment. Defendant also reserves its right to file a motion for judgment on the pleadings with respect to some or all of Plaintiff's claims.

Plaintiff believes that any motion for summary judgment should not be filed until after Plaintiff's motion for class certification has been determined in order to avoid piecemeal litigation of the same claims through different class representatives; Defendant denies that any such limitation would be appropriate.

### L. Settlement Discussions

The parties have not yet engaged in settlement negotiations. After sufficient discovery has taken place, the parties are amenable to private mediation.

### M. Trial Estimates

Plaintiff requests trial by jury. Plaintiff estimates the time required for jury trial will depend upon whether this case is tried as an individual action or a class action. If this case is tried as a class action, Plaintiff estimates an approximate 21 day trial. Defendant estimates 15 to 20 days will be required for trial.

Plaintiff anticipates calling numerous witnesses including Plaintiff and other putative class members. Plaintiff cannot estimate the number of witnesses at this time. Defendant anticipates calling between 15 and 20 witnesses.

### N. Proposed Dates As Requested By The Court

The parties' proposed dates are attached as Exhibit A hereto.

### O. Statement Of Any Unusual Issues Affecting The Status Or Management Of The Case

Defendant believes Plaintiff's meal and rest break claims should be consolidated for purposes of discovery and a motion for class certification with the related *Castro v. Starbucks Corp.*, Case No. 08-05425 ("*Castro*") action currently pending before this Court. The earlier-filed *Castro* action is brought on behalf of the same putative class - all current and former non-exempt employees who worked for Defendant in California - and addresses the same meal and rest break claims. The cases have already been deemed related by the Court. Forcing Defendant to simultaneously defend two identical claims would be a waste of judicial resources and prejudicial to Defendant.

Specifically, Defendant proposes that there be a single motion for class certification regarding the meal and break claims. Defendant further proposes that the parties shall not be entitled to conduct any discovery that is duplicative of discovery already conducted in the *Castro* case. Defendant also proposes that the Court appoint one lead plaintiff and one lead counsel for purposes of both actions.

Plaintiff is evaluating Defendant's proposal to partially consolidate the meal and rest break claims with those in the *Castro* action, and counsel is willing to meet and confer in this regard.

### P. Identification Of All Subsidiaries, Parents, And Affiliates Of Corporate Parties

The following list excludes certain subsidiaries which, considered in the aggregate as a single subsidiary, would not constitute a significant subsidiary under SEC rules as of September 28, 2008:

| | |
|---|---|
| 1 | Alki Limited Partnership (a UK Limited partnership) |
| 2 |     Starbucks Coffee EMEA B.V. (a Dutch B.V.) |
| 3 |         Starbucks Manufacturing EMEA B.V. (a Dutch B.V.) |
| 4 |         Starbucks Coffee (Deutschland) GmbH (a German corporation) |
| 5 |         Starbucks Coffee Company (Ireland) Limited (an Irish corporation) |
| 6 | Olympic Casualty Insurance Company II (a Vermont corporation) |
| 7 | SCI UK I, Inc. (a Washington corporation) |
| 8 | Seattle Coffee Company (a Georgia corporation) |
| 9 |     Seattle's Best Coffee LLC (a Washington limited liability company) |
| 10 |     Torrefazione Italia LLC (a Washington limited liability company) |
| 11 | Starbucks Capital Asset Leasing Company, LLC (a Delaware limited liability company) |
| 12 | Starbucks Coffee Company (Australia) Pty. Ltd. (an Australian corporation) |
| 13 | Starbucks Coffee Canada, Inc. (a Canadian corporation) |
| 14 | Starbucks Coffee Holdings (UK) Limited (a UK corporation) |
| 15 |     Starbucks Coffee Company (UK) Limited (a UK corporation) |
| 16 |     Torz & Macatonia Limited (a UK corporation) |
| 17 | Starbucks Coffee International, Inc. (a Washington corporation) |
| 18 |     Coffee Concepts (Hong Kong) Limited (a Hong Kong corporation) |
| 19 |         Coffee Concepts (Macau) Limited (a Macau corporation) |
| 20 |     Coffee Concepts (Southern China) Ltd. (a Hong Kong corporation) |
| 21 |         Coffee Concepts (Guangdong) Ltd. (a Chinese corporation) |
| 22 |         Coffee Concepts (Shenzhen) Ltd. (a Chinese corporation) |
| 23 |     Rain City C.V. (a Dutch Limited Partnership) |
| 24 |         Emerald City C.V. (a Dutch Limited Partnership) |
| 25 |             High Grown Investment Group (Hong Kong) Limited (a Hong Kong corporation) |
| 26 |                 Beijing Starbucks Coffee Company Ltd. (a Chinese corporation) |
| 27 |     Starbucks Coffee Trading Company Sàrl (a Swiss Sàrl) |

| | |
|---|---|
| 1 | Starbucks Coffee Agronomy Company S.R.L. (a Costa Rica S.R.L.) |
| 2 | Starbucks Farmer Support Center Rwanda Sarl (a Rwanda sarl) |
| 3 | SBI Nevada, Inc. (a Nevada corporation) |
| 4 | SCI Investment, Inc. (a Washington corporation) |
| 5 | Starbucks Coffee Puerto Rico, LLC (a Delaware corporation) |
| 6 | SCI Europe I, Inc. (a Washington corporation) |
| 7 | SCI Europe II, Inc. (a Washington corporation) |
| 8 | SCI Ventures, S.L. (a Spanish limited liability company) |
| 9 | Starbucks Asia Pacific Investment Holding Limited (a Chinese corporation) |
| 10 | Qingdao American Starbucks Coffee Company Limited (a Chinese |
| 11 | corporation) |
| 12 | Starbucks Coffee (Dalian) Company Limited (a Chinese corporation) |
| 13 | Starbucks Coffee (Liaoning) Co., Ltd. (a Chinese corporation) |
| 14 | Starbucks Asia Pacific Investment II Holding Limited (a Hong Kong corporation) |
| 15 | Starbucks (China) Company Limited (a Chinese corporation) |
| 16 | Starbucks (Shanghai) Supply Chain Co., Ltd. (a Chinese corporation) |
| 17 | Starbucks Asia Pacific Investment III Holding Limited (a Hong Kong corporation) |
| 18 | |
| 19 | Chengdu Starbucks Coffee Company Limited (a Chinese corporation) |
| 20 | Hubei Starbucks Coffee Company Limited (a Chinese corporation) |
| 21 | Xi'an Starbucks Coffee Company Limited (a Chinese corporation) |
| 22 | Starbucks Card Europe, Limited (a UK corporation) |
| 23 | Starbucks Coffee Asia Pacific Limited (a Hong Kong corporation) |
| 24 | Starbucks Coffee Chile S.A. (a Chilean corporation) |
| 25 | Starbucks Coffee Singapore Pte. Ltd. (a Singapore corporation) |
| 26 | Starbucks Singapore Investment Pte. Ltd. (a Singapore corporation) |
| 27 | Starbucks Coffee (Thailand) Ltd. (a Thailand corporation) |
| 28 | Starbucks CPG International G.K. (a Japanese corporation) |
|  | Starbucks Holding Company (a Washington corporation) |

1  Starbucks Manufacturing Corporation (a Washington corporation)
2  Starbucks Servicios de Consultoria Empresarial Ltda. (a Brazil corporation)
3  Starbucks New Venture Company (a Washington corporation)
4  Starbucks U.S. Brands, LLC (a Nevada limited liability company)
5  Urban Coffee Opportunities, LLC (a Washington limited liability company)

## II.  CLASS CERTIFICATION

The parties agree that Defendant's opposition papers shall be served and filed 45 days after the filing of Plaintiff's motion for class certification, and that Plaintiff's reply be served and filed 30 days after the filing of Defendant's opposition.

Defendant proposes that Plaintiff file her motion for class certification on her unconsolidated claims no later than June 22, 2009. Pursuant to the agreement above, Defendant proposes that Defendant's opposition papers be served and filed on August 6, 2009, and that Plaintiff's reply be served and filed on September 8, 2009. Defendant proposes September 14, 2009 for hearing.

Plaintiff believes that due to the number of claims and putative class members that more time will be required to complete her motion for class certification in order to have all relevant information before the Court when deciding whether to certify the class. Plaintiff proposes October 9, 2009 as the last day to file a motion for class certification. Plaintiff proposes November 30, 2009 for the hearing date.

//
//
//
//
//
//

## III. FURTHER INFORMATION PURSUANT TO LOCAL RULE 26-1

### Complex Case (L.R. 26-1(a))

The parties agree that this action is complex. The parties, however, do not believe that any of the procedures from the Manual for Complex Litigation need be utilized.

Dated: April 13, 2009                AKIN GUMP STRAUSS HAUER & FELD LLP


By _____/s/ Cynthia S. Chou_____
         Cynthia S. Chou
Attorneys for Defendant Starbucks Corporation

Dated: April 13, 2009                INITIATIVE LEGAL GROUP LLP


By /s/ Matthew T. Theriault
Rebecca Labat
Matthew Theriault
Orlando Arellano
Attorneys for Plaintiff Summer York

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 2400, Los Angeles, California 90067. On April 13, 2009, I served the foregoing document(s) described as: JOINT SCHEDUING CONFER REPORT PURSUANT TO RULE 26(F) on the interested party(ies) below, using the following means:

**All parties identified for Notice of Electronic Filing generated by the Court's CM/ECF system under the referenced case caption and number**

☐ BY PERSONAL SERVICE   I delivered such envelope(s) by hand to the offices of the addressee(s).

☐ BY UNITED STATES MAIL   I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.

☐ BY OVERNIGHT DELIVERY   I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the respective address(es) of the party(ies) stated above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ BY MESSENGER SERVICE   I served the documents by placing them in an envelope or package addressed to the respective address(es) of the party(ies) stated above and providing them to a professional messenger service for service.

☐ BY FAX   Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the respective fax number(s) of the party(ies) as stated above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission(s), which I printed out, is attached.

☒ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION.   Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 13, 2009 at Los Angeles, California.

Dawnmarie Kucko
[Print Name of Person Executing Proof]                    [Signature]

14
JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO RULE 26(f)          CV08-07919 GAF (FFMx)