Marc Primo (SBN 216796)
MPrimo@IniativeLegal.com
Matthew T. Theriault (SBN 244037)
MTheriault@InitiativeLegal.com
Jennifer Grock (SBN 245671)
JGrock@InitiativeLegal.com
Initiative Legal Group LLP
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone: (310) 556-5637
Facsimile: (310) 861-9051
Attorneys for Plaintiff Summer York

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SUMMER YORK, individually, and on behalf of other members of the general public similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>STARBUCKS CORPORATION, a Washington corporation, and STARBUCKS COFFEE COMPANY, a Washington corporation,<br><br>        Defendants. | Case Number: 08-CV-07919-GAF (FFMx)<br><br>**DECLARATION OF MATTHEW T. THERIAULT RE: JOINT STIPULATION SUPPORTING PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S FURTHER RESPONSES TO INTERROGATORY NOS. 1 AND 3**<br><br>[Filed concurrently with the Notice of Motion; Joint Stipulation re: Plaintiff's Motion to Compel Responses to Interrogatories Nos. 1 and 3; [Proposed] Order]<br><br>Date:        June 30, 2009<br>Time:        10 a.m.<br>Location:    E-9th Floor |

-1-
DECLARATION OF MATTHEW T. THERIAULT CASE NO. 08-CV-07919-GAF (FFMx)

## DECLARATION OF MATTHEW T. THERIAULT

I, Matthew T. Theriault, declare as follows:

1. I am an attorney at law duly licensed to practice before this Court. I am an associate with the law firm of Initiative Legal Group LLP, counsel of record for Plaintiff in this action. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. On February 25, 2009, Plaintiff served Interrogatories Nos. 1 and 3, a true and correct copy of which is attached as Exhibit A. On March 30, 2009, Defendant served objections, a true and correct copy of which is attached as Exhibit B.

3. On April 27, 2009, our office prepared and served a letter requesting Defendant meet in person to discuss its objections to Interrogatories Nos. 1 and 3 and, in an effort to facilitate the meeting, also set forth Plaintiff's contentions with respect to each of Defendant's objections. A true and correct copy of the April 27, 2009 letter is attached as Exhibit C. Following Defendant's counsel's receipt of the letter, the parties agreed that the pre-filing conference would take place on May 7, 2009.

4. On May 7, 2009, Defendant's counsel faxed a written response to Plaintiff's April 27, 2009 letter, a true and correct copy of which is attached as Exhibit D.

5. On May 7, 2009, the parties met in-person. Defendant offered to provide only between 2,000 and 3,000 randomly-sampled class members, which represents approximately 2% of the entire class (which, upon information and belief, is approximately 125,000). Additionally, Starbucks offered to provide this sample only after the class members had been given an opportunity to opt-out from disclosing their contact information to Plaintiff's counsel.

6. Plaintiff's position, on the other hand, was that any privacy interests could be protected by the parties entering into a stipulated protective order prohibiting the

1  public or private dissemination of the class members' identities and contact
2  information. Additionally, Plaintiff rejected the use of any sampling because names
3  and contact information of *all* class members is necessary both to substantiate the
4  elements of class certification and to anticipate Starbucks' defenses to certification.

5      7. Plaintiff's motion for certification is due on August 17, 2009. If Defendant
6  turned over the names to Plaintiff's counsel within five days of any order (and
7  assuming that the Court issued an order on June 30, 2009), then Plaintiff's counsel
8  would have approximately 40 days to contact the class members, arrange and
9  conduct interviews, prepare declarations and, finally, receive the declarations back
10 in time for Plaintiff's motion for certification.

11     8. However, if the Court orders an opt-out notice procedure, then Plaintiff will
12 effectively have no time to make use of the contact information before Plaintiffs'
13 motion is due. Administration of the notice will take at least 30 to 45 days.
14 Assuming that the Court provides Defendant until July 6, 2009 (at a minimum), to
15 turn over the information to a third-party vendor, it is likely that the third-party
16 vendor will need approximately seven days, or by July 13, 2009, to prepare and send
17 notice to all 125,000 class members. Thereafter, it customary to provide the class
18 members with between 20 and 30 days to opt-out, or by August 2 or 12,
19 respectively. Finally, it is also customary to wait an additional seven days
20 thereafter, or by August 9 or 19, to accommodate any notices post-marked on the
21 very last day and for the third-party administrator to send the list to plaintiff's
22 counsel. In short, Plaintiff will not be able to make use of this highly relevant
23 information if the Court orders an opt-out notice of any kind.

24     9. When our office receives contact information, it routinely comes on a
25 spreadsheet that contains additional information, such as the class members' dates of
26 employment, job position, location and average salary. This allows us to efficiently
27 resort the data based on a particular need. For instance, if we wanted to interview

28

1   class members who worked within one year of the complaint (which is the likely the
2   statute of limitations for claims for penalties under California Labor Code sections
3   226(e) and 2699), then we could simply resort the data and focus our efforts without
4   the need to manually identify and sort each class member who worked within one
5   year, which assumes, of course, that the defendant provides dates of employment.
6   This especially is a concern in this case, given that there are over 125,000 class
7   members.  Manually sorting data in the manner described above simply wouldn't be
8   possible given the time frames mandated for the filing of the motion for
9   certification.

10       10.True and correct copies of the Scheduling Orders are attached as Exhibit E.

11

12       I declare under penalty of perjury under the laws of the State of California
13   and the United States of America that the foregoing is true and correct.

14       Executed this 26th day of May, 2009, at Los Angeles, California.

15

16

17                                  MATTHEW T. THERIAULT
18                                  ATTORNEY

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

Mónica Balderrama (SBN 196424)
MBalderrama@InitiativeLegal.com
Shawn Westrick (SBN 235313)
SWestrick@InitiativeLegal.com
Rebecca Labat (SBN 221241)
RLabat@InitiativeLegal.com
Initiative Legal Group LLP
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone: (310) 556-5637
Facsimile: (310) 861-9051
Attorneys for Plaintiff Summer York

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SUMMER YORK, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>STARBUCKS CORPORATION, a Washington corporation, and STARBUCKS COFFEE COMPANY, a Washington corporation,<br><br>Defendants. | Case Number: 08-CV-07919-R (FFMx)<br><br>**PLAINTIFF'S INTERROGATORIES, SET ONE TO DEFENDANT STARBUCKS CORPORATION** |

PROPOUNDING PARTY:     Plaintiff Summer York

RESPONDING PARTY:      Defendant Starbucks Corporation

SET NO:                ONE (Nos. 1 – 4)

**TO THE RESPONDING PARTY AND ITS ATTORNEYS OF
RECORD:**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff
Summer York ("Plaintiff") requests that Defendant Starbucks Corporation
("Defendant") provide a written response, under oath, to each of the following
Interrogatories within thirty (30) days of this discovery request.  The written
answers to each of the following interrogatories shall be served at the offices of
Initiative Legal Group, LLP, 1800 Century Park East, Second Floor, Los Angeles,
California 90067.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Set forth the full name, last known address, telephone numbers, position and
dates of employment of each and every COVERED EMPLOYEE who was
employed by DEFENDANT, during the RELEVANT TIME PERIOD (for purposes
of these interrogatories the term "COVERED EMPLOYEE(S)" means and refers to
all non-exempt or hourly paid persons employed by DEFENDANT in the State of
California at any time during the period commencing four (4) years prior to the
filing of this matter to final judgment; the term "DEFENDANT" means and refers to
Defendant Starbucks Corporation, and any of its parents, subsidiaries, successors
and predecessors, directors, officers, agents, investigators, personnel, and
employees; the term "PLAINTIFF" means and refers to Plaintiff Summer York; the
phrase "RELEVANT TIME PERIOD" means and refers to the period of time
commencing four (4) years prior to the filing of the COMPLAINT to the present;
the term "COMPLAINT" means and refers to Plaintiff's Complaint filed in this
action on December 2, 2008).

**INTERROGATORY NO. 2:**

State the number of COVERED EMPLOYEES who worked for
DEFENDANT during the RELEVANT TIME PERIOD.

PLAINTIFF'S INTERROGATORIES, SET ONE TO DEFENDANT STARBUCKS CORPORATION

1  **INTERROGATORY NO. 3:**

2      Set forth the full name, last known address, telephone numbers, position and

3  dates of employment of each and every COVERED EMPLOYEE who worked for

4  DEFENDANT during the one year prior to the filing of this matter.

5  **INTERROGATORY NO. 4:**

6      State the number of COVERED EMPLOYEES who worked for

7  DEFENDANT during the one year prior to the filing of this matter.

8

9  Dated: February 25, 2009                    Initiative Legal Group LLP

10

11                                         By: _____

12                                         Mónica Balderrama

13                                         Shawn Westrick

                                           Rebecca Labat

14                                         Attorneys for Plaintiff Summer York

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S INTERROGATORIES, SET ONE TO DEFENDANT STARBUCKS CORPORATION

**PROOF OF SERVICE**

UNITED STATES DISTRICT COURT            )
                                        )        ss
CENTRAL DISTRICT OF CALIFORNIA          )

     I am employed in the County of Los Angeles.  I declare that I am over the age of eighteen (18) and not a party to this action.  My business address is: Initiative Legal Group LLP, 1800 Century Park East, Second Floor, Los Angeles, California 90067.

     On February 25, 2009, I served the within document(s) described below as:

**PLAINTIFF'S INTERROGATORIES, SET ONE TO DEFENDANT STARBUCKS CORPORATION**

On the interested parties in this action by placing true copies thereon enclosed in sealed envelopes address as follows:

> Mr. Gregory W. Knopp
> Akin Gump Strauss Hauer & Feld LLP
> 2029 Century Park East, Suite 2400
> Los Angeles, California 90067

**(X)**   **MAIL**: I deposited such envelope in the mail at Los Angeles, California.  The envelopes were mailed with postage thereon fully prepaid.

**(X)**   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

     **EXECUTED** this document on February 25, 2009, at Los Angeles, California.

Nicole Lord



Initiative Legal Group LLP
1800 Century Park East, 2nd Floor
Los Angeles, California 90067

Mr. Gregory W. Knopp
Akin Gump Strauss Hauer & Feld LLP
2029 Century Park East, Suite 2400
Los Angeles, California 90067

# EXHIBIT B

1  **AKIN GUMP STRAUSS HAUER & FELD LLP**
   GREGORY W. KNOPP (SBN 237615)
2  MARK R. CURIEL (SBN 222749)
   CYNTHIA S. CHOU (SBN 246330)
3  gknopp@akingump.com
   mcuriel@akingump.com
4  cchou@akingump.com
   2029 Century Park East, Suite 2400
5  Los Angeles, CA 90067
   Telephone:    310.229.1000
6  Facsimile:    310.229.1001

7  Attorneys for Defendant Starbucks Corporation
   dba Starbucks Coffee Company
8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                  WESTERN DIVISION

12

13  SUMMER YORK, individually, and       Case No. CV08-07919 GAF (PJWx)
    on behalf of other members of the
14  general public similarly situated,
                                         **STARBUCKS RESPONSE TO**
15               Plaintiffs,             **PLAINTIFF YORK'S**
                                         **INTERROGATORIES, SET ONE**
16        v.
                                         Judge:  Gary A. Feess
17  STARBUCKS CORPORATION, a
    Washington Corporation, and          Date Filed:  December 2, 2008
18  STARBUCKS COFFEE COMPANY,
    a Washington Corporation,
19
                 Defendants.
20

21  PROPOUNDING PARTY:      Plaintiff Summer York

22  RESPONDING PARTY:       Defendant Starbucks Corporation

23  SET NO.:                ONE

24

25

26

27

28

WEST 6339744 v1

1  TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

2    Pursuant to Federal Rule of Civil Procedure 33, Defendant Starbucks Corporation

3  ("Starbucks") hereby objects and responds to Plaintiff Summer York's ("York's")

4  Interrogatories, Set One ("Interrogatories").

5        **I.  PRELIMINARY STATEMENT**

6    These responses reflect only the current status of Starbucks knowledge,

7  understanding, and belief respecting the matters about which inquiry has been made.

8  Discovery in this action is continuing and, consequently, Starbucks may not have yet

9  identified all information responsive to the Interrogatories. As discovery in this action

10  proceeds, Starbucks anticipates that it may discover additional or different information

11  or documents. Without in any way obligating itself to do so, Starbucks reserves the

12  right to amend, modify, supplement, clarify, or further explain these responses and

13  objections at any time in the future.

14    Furthermore, these responses are without prejudice to the right of Starbucks to

15  use or rely on at any time, any subsequently discovered information, or information

16  omitted from these responses as a result of mistake, error, oversight, or inadvertence.

17  Starbucks further reserves the right to object on appropriate grounds to the introduction

18  of any portion of these responses into evidence.

19    Any inadvertent disclosure by Starbucks of information protected by the attorney-

20  client privilege, the work product doctrine, or any other applicable privilege or

21  protection shall not constitute a waiver of that privilege or protection.

22    These responses are made solely for the purpose of and in relation to discovery

23  conducted in this case. Each response is given subject to all appropriate objections

24  (including, but not limited to, objections concerning competency, privacy, relevancy,

25  specificity, overbreadth, undue burden, materiality, confidential proprietary or trade

26  secret material, or admissibility), which would require the exclusion of any response

27  contained herein. All such objections are therefore reserved and may be interposed at

28  trial.

1    Starbucks responds to the Interrogatories as it interprets and understands them.  If

2  York subsequently asserts an interpretation of the Interrogatories that differs from

3  Starbucks understanding, Starbucks reserves its right to supplement its objections and/or

4  responses herein.

5    Starbucks states that, except for facts explicitly admitted herein, no admission of

6  any nature whatsoever is to be implied or inferred from the Interrogatories.  The fact

7  that Starbucks has responded to the Interrogatories should not be taken as an admission,

8  or a concession of the existence, of any fact set forth or assumed by the Interrogatories,

9  or that such response constitutes evidence of any fact thus set forth or assumed.

10    **II.    RESPONSES TO INTERROGATORIES**

11  **INTERROGATORY NO. 1**

12    Set forth the full name, last known address, telephone numbers, position and dates

13  of employment of each and every COVERED EMPLOYEE who was employed by

14  DEFENDANT, during the RELEVANT TIME PERIOD (for purposes of these

15  interrogatories the term "COVERED EMPLOYEE(S)" means and refers to all non-

16  exempt or hourly paid persons employed by DEFENDANT in the State of California at

17  any time during the period commencing four (4) years prior to the filing of this matter to

18  final judgment; the term "DEFENDANT" means and refers to Defendant Starbucks

19  Corporation, and any of its parents, subsidiaries, successors and predecessors, directors,

20  officers, agents, investigators, personnel, and employees; the term "PLAINTIFF" means

21  and refers to Plaintiff Summer York; the phrase "RELEVANT TIME PERIOD" means

22  and refers to the period of time commencing four (4) years prior to the filing of the

23  COMPLAINT to the present; the term "COMPLAINT" means and refers to Plaintiff's

24  Complaint filed in this action on December 2, 2008).

25  **RESPONSE TO INTERROGATORY NO. 1**

26    Starbucks objects to this interrogatory on the grounds that it is overbroad and

27  unduly burdensome.  Starbucks further objects to this interrogatory on the ground that it

28  seeks disclosure of information that would constitute an unreasonable and unwarranted

1  invasion of the affected person's constitutional, statutory and common-law rights to

2  privacy and confidentiality. Starbucks further objects to this interrogatory to the extent

3  it seeks information that is neither relevant nor likely to lead to the discovery of

4  admissible evidence.

5      Subject to and without waiving the foregoing objections, Starbucks responds as

6  follows: pursuant to the parties' discussions at the Rule 26(f) conference, Starbucks is

7  agreeable to meeting and conferring on a process by which a random sampling of

8  putative class member contact information would be disclosed.

9  **INTERROGATORY NO. 2**

10     State the number of COVERED EMPLOYEES who worked for DEFENDANT

11  during the RELEVANT TIME PERIOD.

12  **RESPONSE TO INTERROGATORY NO. 2**

13     Starbucks objects to this interrogatory on the grounds that it is overbroad and

14  unduly burdensome. Starbucks further objects to this interrogatory to the extent it seeks

15  information that is neither relevant nor likely to lead to the discovery of admissible

16  evidence. Starbucks further objects to this request to the extent it seeks information that

17  has already been requested and produced in the related action *Castro v. Starbucks*

18  *Corporation.*

19     Subject to and without waiving the foregoing objections, Starbucks responds as

20  follows: Starbucks will supplement this interrogatory response with the total number of

21  non-exempt partners who have been employed in its California retail stores during the

22  period December 2, 2004 to present.

23  **INTERROGATORY NO. 3**

24     Set forth the full name, last known address, telephone numbers, position and dates

25  of employment of each and every COVERED EMPLOYEE who worked for

26  DEFENDANT during the one year prior to the filing of this matter.

27  **RESPONSE TO INTERROGATORY NO. 3**

28

1      Starbucks objects to this interrogatory on the grounds that it is overbroad and

2  unduly burdensome.  Starbucks further objects to this interrogatory on the ground that it

3  seeks disclosure of information that would constitute an unreasonable and unwarranted

4  invasion of the affected person's constitutional, statutory and common-law rights to

5  privacy and confidentiality.  Starbucks further objects to this interrogatory to the extent

6  it seeks information that is neither relevant nor likely to lead to the discovery of

7  admissible evidence.  Starbucks further objects to this interrogatory on the ground that it

8  is duplicative of the information asked for in Interrogatory No. 1.

9  **INTERROGATORY NO. 4**

10      State the number of COVERED EMPLOYEES who worked for DEFENDANT

11  during the one year prior to the filing of this matter.

12  **RESPONSE TO INTERROGATORY NO. 4**

13      Starbucks objects to this interrogatory on the grounds that it is overbroad and

14  unduly burdensome.  Starbucks further objects to this interrogatory to the extent it seeks

15  information that is neither relevant nor likely to lead to the discovery of admissible

16  evidence.  Starbucks further objects to this request to the extent it seeks information that

17  has already been requested and produced in the related action *Castro v. Starbucks*

18  *Corporation.*

19      Subject to and without waiving the foregoing objections, Starbucks responds as

20  follows:  Starbucks will supplement this interrogatory response with the total number of

21  non-exempt partners who have been employed in its California retail stores during the

22  period December 2, 2007 to December 2, 2008.

23

24  Dated:  March 30, 2009        AKIN GUMP STRAUSS HAUER &
                                  FELD LLP

25

26                      By_____

27                          Cynthia S. Chou
                          Attorneys for Defendant Starbucks

28                          Corporation dba Starbucks Coffee
                          Company

1          PROOF OF SERVICE

2      STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3          I am employed in the County of Los Angeles, State of California.  I am over the
age of 18 and not a party to the within action; my business address is:  2029 Century
4  Park East, Suite 2400, Los Angeles, California 90067.  On March 30, 2009, I served the
foregoing document(s) described as:  STARBUCKS RESPONSE TO PLAINTIFF
5  YORK'S INTERROGATORIES, SET ONE  on the interested party(ies) below, using
the following means:
6

7      Monica Balderama
Rebecca Labat
8      Shawn Westrick
Initiative Legal Group LLP
9      1800 Century Park East, 2nd Floor
10     Los Angeles, CA 90067
310.556.5637
11     310.861.9051

12
⊠ BY UNITED STATES MAIL   I enclosed the documents in a sealed envelope or package
13  addressed to the respective address(es) of the party(ies) stated above and placed the
envelope(s) for collection and mailing, following our ordinary business practices.  I am
14  readily familiar with the firm's practice of collection and processing correspondence for
mailing.  On the same day that correspondence is placed for collection and mailing, it is
15  deposited in the ordinary course of business with the United States Postal Service, in a
sealed envelope with postage fully prepaid at Los Angeles, California.
16
       I declare that I am employed in the office of a member of the bar of this court at
17  whose direction the service was made.

18     Executed on March 30, 2009 at Los Angeles, California.

19
Tracy Howe
20  [Print Name of Person Executing Proof]                    [Signature]

21

22

23

24

25

26

27

28

WEST  6339744 v1

Starbuck's Response To Defendant's Interrogatories, Set One

1

## **VERIFICATION**

2    I have read the foregoing DEFENDANT STARBUCKS CORPORATION'S

3 RESPONSES TO PLAINTIFF SUMMER YORK'S INTERROGATORIES, SET ONE

4 and know its contents.

5    I am a representative of Starbucks Corporation, a party to this action, and am

6 authorized to make this verification for and on its behalf, and I make this verification for

7 that reason. I am informed and believe and on that ground allege that the matters stated

8 in the foregoing document are true.

9    I declare under penalty of perjury under the laws of the United States that the

10 foregoing is true and correct.

11    Executed on March 31st, 2009 at Corona CA (City and State).

12

13

14 Sara Lynn Kelly _____

15 [Print Name Of Person Executing    [Signature]
     Verification]

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **VERIFICATION**

2      I have read the foregoing DEFENDANT STARBUCKS CORPORATION'S

3  RESPONSES TO PLAINTIFF SUMMER YORK'S INTERROGATORIES, SET ONE

4  and know its contents.

5      I am a representative of Starbucks Corporation, a party to this action, and am

6  authorized to make this verification for and on its behalf, and I make this verification for

7  that reason.  I am informed and believe and on that ground allege that the matters stated

8  in the foregoing document are true.

9      I declare under penalty of perjury under the laws of the United States that the

10  foregoing is true and correct.

11      Executed on _Maran 31st_, 2009 at _Corona, CA_ (City and State).

12

13

14  _Sara Lynn Kelly_                     _[signature]_

15  [Print Name Of Person Executing
    Verification]                        [Signature]

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT C

 **INITIATIVE** LEGAL GROUP LLP

ORLANDO ARELLANO
310.556.5637 Main
OArellano@InitiativeLegal.com

April 27, 2009

VIA U.S. MAIL AND FAX (310) 229-1001

Ms. Cynthia Chou
Akin Gump Strauss Hauer & Feld LLP
2029 Century Park East, Suite 2400
Los Angeles, California 90067

Subject:    York v. Starbucks Corporation
            Case No: 08-CV-07919-GAF

Dear Ms. Chou:

Please allow this letter to request, within 10 calendar days, a pre-filing conference of counsel, pursuant to Rule 37-1 of the Central District Local Rules, in connection with Starbucks Corporation's ("Defendant") inadequate responses to Plaintiff's Interrogatories Nos. 1 through 4.

Defendant responded to Plaintiff's Interrogatories Nos. 1 and 3 with objections and a vague reference to allowing a random sampling of putative class members' contact information. As to Interrogatories Nos. 2 and 4, Defendant has agreed to provide this information in supplemental responses, which we have not yet received.

Plaintiff's Interrogatories seek information in support of her Motion for Class Certification: the names, contact information and dates of employment of putative class members who are percipient witnesses to Defendant's wage statement policies and procedures, for a four year period and a one year period prior to the filing of the complaint. The names and contact information of putative class members are properly discoverable. *Tierno v. Rite Aid Corp.*, 2008 U.S. Dist. LEXIS 58748 (N.D. Cal.) (wage and hour class action holding that the names and contact information of all Rite Aid store managers should be disclosed).

We request that you provide supplemental responses to Interrogatories Nos. 1 through 4 by May 4, 2009.

## I.   INTERROGATORIES NOS. 1 AND 3

Plaintiff's Interrogatories Nos. 1 and 3 request the identities (by stating the full name, last known address and phone number and dates of employment) of every California non-exempt or hourly employee who worked for Defendant from a four year and a one period prior to the filing of the complaint, respectively.

Defendant's refusal to provide the names, contact information and dates of employment of the potential class members is without merit for the following reasons.

### A.   Defendant's Overbreadth Objections.

Defendant objects on the ground that Interrogatory Nos. 1 and 3 are overbroad.

Plaintiff's Interrogatory is properly limited in terms of time and scope. First, Plaintiff has pleaded various violations of the California Labor Code, many of which seek damages for lost wages. California Business & Professions Code 17200 et seq. establishes a four-year statute of limitation with respect to causes of action seeking lost wages. Accordingly the four-year time period in Interrogatory No. 1 is appropriate because anyone who worked from four-years prior to the filing of the complaint is a putative class member with the right to recover wages. As Plaintiff has also alleged causes of action which may have a one-year statute of limitations, such as the wage statement claim, Plaintiff needs to know which putative class members may only have a valid claim for those particular causes of action. Accordingly, the one-year time period in Interrogatory No. 3 is also appropriate.

Furthermore, both Interrogatories are limited to seeking the names and contact information of only putative class members. All of these persons are percipient witnesses with personal knowledge of the facts and circumstances with respect to the claims at issue.

Defendant's overbroad objections are therefore without merit.

### B.   Defendant's Undue Burden Objections Have No Merit.

Defendant improperly objects that Interrogatories Nos. 1 and 3 are unduly burdensome.

An undue burden objection without any showing of expense is not sufficient. The burden or expense must outweigh the likely benefit, "taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C). Here, Plaintiff's need for these individuals' names and contact information is of utmost importance. As stated above, they will have highly relevant information pertaining to the claims at issue. It is vital that Plaintiff obtain this

information so that she can further investigate the putative class members' claims. "When a plaintiff sues on behalf of a class, he assumes a fiduciary obligation to the members of the class." *La Sala v. American Sav. & Loan Assn.*, 5 Cal. 3d 864, 871 (Cal. 1971). Nowhere does Defendant establish or even suggest the type of burden which would be imposed on it by this request. As an employer in California, Defendant is required to maintain the employment records for its employees and thus there can be no real burden imposed simply by giving this information. Further, this information is more than likely contained in electronic form which can be easily compiled, creating little burden or expense for Defendant.

Defendant's undue burdensome objections are therefore without merit.

### C. Defendant's Relevancy Objections Are Without Merit.

Defendant objects on the ground that Interrogatories No. 1 and 3 seek information that is not relevant or likely to lead to the discovery of admissible evidence.

Discovery is broad and "any matter, not privileged, that is relevant to the claim or defense of any party" is discoverable. Fed. R. Civ. P. 26(b)(1). Further, discoverable information includes "the identity and location of persons having knowledge of any discoverable matter." *Id.* "Relevance is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party. (Internal citation omitted.) A request for discovery should be allowed unless it is clear that the information sought can have no possible bearing on the claim or defense of any party." *Goodrich Corp. v. Emhart Indus.*, 2005 U.S. Dist. LEXIS 25160, *10-11 (C.D. Cal.).

The individuals whose information is sought are putative class members themselves, and are witnesses to the policies and procedures which apply to all putative class members. They will likely have information relating to the claims at issue in this action such as whether they were provided all meal and rest breaks and whether they were paid for all hours worked. It is necessary for Plaintiff's counsel to communicate with putative class members in order to investigate their claims. Therefore, their identities and their contact information are discoverable and the interrogatories are not irrelevant.

"The District Court was correct to permit discovery of the names and addresses of the discharged employees. Without pausing to explore alternative bases for the discovery, for instance that the employees might have knowledge of other discoverable matter, we find it suffices to say that the discovery was relevant to the subject matter of the action and that there were no grounds to limit the discovery under the facts and circumstances of this case." *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). "Plaintiffs here have requested the employee contact information in discovery, it is relevant and discoverable, and appointing a third-party administrator would needlessly increase Plaintiffs' costs. Accordingly, an order requiring Defendant to disclose that information

is appropriate." *Carter v. Anderson Merchandisers, LP*, 2008 U.S. Dist. LEXIS 53852 (C.D. Cal.). "Contact information regarding the identity of potential class members is generally discoverable, so that the lead plaintiff may learn the names of other persons who might assist in prosecuting the case." *Pioneer Electronics (USA), Inc. v. Superior Court*, 40 Cal. 4th 360, 373 (2007).

The names and contact information of putative class members will assist Plaintiff in establishing the various elements of class certification including numerosity, commonality and typicality by investigating their common experiences. *Kamm et al. v. California City Development Company et al.*, 509 F.2d 205, 210 (1975) ("The propriety of a class action cannot be determined in some cases without discovery, as, for example, where discovery is necessary to determine the existence of a class or set of subclasses. To deny discovery in a case of that nature would be an abuse of discretion.") Information obtained from these putative class members will further show that the number of class members with similar common legal and factual issues is sufficient to establish the elements of class certification. "Each party, moreover, must have an opportunity to conduct discovery on class action issues before filing documents to support or oppose a class action certification motion...so the trial court can realistically determine if common questions are sufficiently pervasive to permit adjudication in a class action." *Stern v. Superior Court (Jakubovitz)*, 105 Cal. App. 4th 223, 232-233 (2003).

Defendant's objections that Interrogatories Nos. 1 and 3 are irrelevant are therefore without merit.

## D. Defendant's Privacy Objections Are Without Merit.

Defendant objects to Interrogatories Nos. 1 and 3 on the ground that all of the requested information is protected by the right of privacy.

Unlike a privilege, the right of privacy is not an absolute bar to discovery. The *Tierno* court, like other federal courts, has evaluated the privacy interests of class member information by referring to California case law which has specifically held that this information is not privileged, that no reasonable expectation of privacy exists regarding this information, and that disclosure is not a serious invasion of privacy. "Here, dissemination of that information to Plaintiffs' counsel is not a 'serious' invasion of privacy. The fact that these individuals were employed as store managers at Rite Aid -- a position that involves dealing with the public -- is not confidential, sensitive, or embarrassing information." *Tierno at *7; see also Pioneer Electronics (USA), Inc. v. Superior Court (Olmstead)*, 40 Cal. 4th 360 (2007); *Belaire-West Landscape, Inc. v. Superior Court* (Rodriguez), 149 Cal. App. 4th 554 (2007); *Puerto v. Superior Court (Wild Oats Markets, Inc.)*, 158 Cal. App. 4th 1242 (2008); *Lee v. Dynamex, Inc.*, 166 Cal. App. 4th 1325 (2008); *see also Crab Addison, Inc. v. Superior Court (Martinez)*, 169 Cal. App. 4th 958 (2008). Thus, these courts have held that no weighing of relevancy versus the privacy interest was necessary.

In any event, it is clear that the relevancy outweighs any alleged privacy interest. First, this information is highly relevant as it is the names and contact information of putative class members, each of whom is a percipient witness. Against that high bar of relevancy is a privacy is the simple fact that these interrogatories do not seek any personal, financial, proprietary, or privileged information.

More importantly, Defendant has not articulated any specific privacy interests with regard to the putative class members' names, addresses and telephone numbers. Rather, Defendant only states, in boilerplate fashion, that the requested information is protected by the right of privacy.

Defendant's privacy objections are therefore without merit.

## II.    CONCLUSION

Plaintiff requests that Defendant provide supplemental responses to Interrogatories Nos. 1 through 4 by May 4, 2009. Regarding your proposed compromise as to Interrogatories Nos. 1 and 3, the information regarding the class size is essential to evaluating whether a random sampling would be appropriate.

In the event Defendant is unwilling to provide the requested information, we request an in-person conference of counsel regarding this discovery as soon as practical pursuant to Local Rule 37-1, but not later than May 7, 2009.

We look forward to hearing from you.


Sincerely,


Orlando Arellano.


# INITIATIVE LEGAL GROUP LLP

## FACSIMILE

**To:**       Ms. Cynthia Chow
              Akin Gump Strauss Hauer & Feld LLP
              Facsimile 310-229-1001

**From:**     Matthew Krout, Legal Assistant
              Initiative Legal Group LLP
              310.556.5637 main
              310.861.9051 facsimile

**Date:**     April 27, 2009

**Subject:**  York vs. Starbucks Corporation

**Total Pages:**  _7_ (including cover)

Please see attached letter. Original will follow in U.S. Mail.

This facsimile contains **PRIVILEGED AND CONFIDENTIAL INFORMATION** intended only for the use of the addressee(s) named below. If you are not the intended recipient of this facsimile or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the address below via U.S. Postal Service. Thank you.

```
*********************
*** FAX TX REPORT ***
*********************


        TRANSMISSION OK


JOB NO.                1248
DESTINATION ADDRESS    13102291001
PSWD/SUBADDRESS
DESTINATION ID
ST. TIME               04/27 15:00
USAGE T                03'18
PGS.                   6
RESULT                 OK
```

# ⊞ INITIATIVE LEGAL GROUP LLP

## FACSIMILE

**To:**        Ms. Cynthia Chow
               Akin Gump Strauss Hauer & Feld LLP
               Facsimile 310-229-1001


**From:**      Matthew Krout, Legal Assistant
               Initiative Legal Group LLP
               310.556.5637 main
               310.861.9051 facsimile


**Date:**      April 27, 2009


**Subject:**   York vs. Starbucks Corporation


**Total Pages:** _7 (including cover)

Please see attached letter. Original will follow in U.S. Mail.

This facsimile contains **PRIVILEGED AND CONFIDENTIAL INFORMATION** intended only for the
use of the addressee(s) named below. If you are not the intended recipient of this facsimile or the employee
or agent responsible for delivering it to the intended recipient, you are hereby notified that any
dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error,
please immediately notify us by telephone and return the original facsimile to us at the address below via

# EXHIBIT D

# AKIN GUMP
# STRAUSS HAUER & FELD LLP

━━━━━━━━━━ Attorneys at Law

**MARK R. CURIEL**
310.728.3321/fax: 310.229.1001
mcuriel@akingump.com

May 7, 2009

## VIA FACSIMILE & EMAIL

Orlando Arellano
Initiative Legal Group LLP
1800 Century Park East, 2nd Floor
Los Angeles, California 90067

      Re:   Summer York v. Starbucks Corporation

Dear Mr. Arellano:

In advance of our meeting this afternoon, I wanted to provide a written response to your letters of April 27, 2009 regarding defendant's responses to plaintiff's first sets of document requests and interrogatories. Still, I look forward, and I am agreeable, to further conferring with you regarding the same.

As an initial matter, you state that you have received no document production to date. Defendant made a production of responsive documents bates labeled Star_York000001-000319 on April 6, 2009. Please advise if you need us to re-send that production.

Interrogatory Nos. 1 and 3

These interrogatories seek the contact information for each putative class member. Plaintiff argues that this private information is discoverable even without utilizing an "opt-out" process. However, none of the authorities cited in your letter stands for the proposition that we may dispense with an opt-out process in this case. To the contrary, the California Supreme Court found that a privacy interest exists in this information, and that an opt-out process is sufficient to protect that interest prior to disclosure. See Pioneer Electronics v. Super. Ct. (Olmstead), 40 Cal. 4th 360, 374-75 (2007) (finding no abuse of discretion where trial court utilized an opt-out process). See also Crab Addison, Inc. v. Super. Ct. (Martinez), 169 Cal. App. 4th 958, 975 (2007) (finding no abuse of discretion where trial court, according to tentative ruling, had utilized an opt-out process); Belaire-West Landscape, Inc. v. Super. Ct. (Rodriguez), 149 Cal. App. 4th 554, 556 (2007) (finding opt-out process to be sufficient). Cf. Puerto v. Super. Ct.

**AKIN GUMP**
**STRAUSS HAUER & FELD** L L P
━━━━━━━━ Attorneys at Law

Orlando Arellano, Esq.
May 7, 2009
Page 2

(Wild Oats Markets, Inc.), 158 Cal. App. 4th 1242, 1245 (2008) (finding abuse of discretion where trial court utilized an opt-*in* process).

Plaintiff relies on Carter v. Anderson merchandisers, L.P., 2008 U.S. Dist. LEXIS 53852 (C.D. Cal.) for the proposition that utilizing a third-party administrator would needlessly increase the costs for plaintiff. Plaintiff's reliance is misplaced. In Carter, the court determined that contact information for putative class members should be released in an FLSA opt-in action when conditional class certification was granted. That is not the case here.

Citing Kamm v. Cal. City Dev. Co., 509 F.2d 205, 210 (9th Cir. 1975) and Stern v. Superior Court (Jakubovtiz), 105 Cal. App. 4th 223, 232-33 (2003), plaintiff argues that the contact information will assist plaintiff in investigating the propriety of class certification. However, neither of those cases address discovery of class member contact information. As you know, there are more than one-hundred thousand putative class members. Plaintiff cannot possibly contend that she needs to "communicate" and investigate the "common experience" of every one of them.

Accordingly, and without waiving its objections, Defendant is agreeable to conducting an opt-out process whereby a sampling of putative class members has the opportunity to object to the disclosure of their name, address, and telephone number. The parties should equally bear the cost of administering the opt-out process.

Request for Production No. 8

This request seeks information such as position, employments dates, and store locations for all 124,606 putative class members. Plaintiff states, in boilerplate fashion, that the documents are "relevant to the claims at issue" and help "establish that the alleged violations were not specific to one location or one specific job title." Plaintiff fails to explain how the any of this information is relevant to plaintiff's burden of proof under Rule 23. Therefore, defendant stands by its objections.

Request for Production Nos. 13-16

These requests seek documents related to all putative class members' meal break experiences. Specifically, these requests seek documents showing scheduled meal breaks, the taking of meal breaks, and any complaints, disputes, or grievances concerning meal breaks and any investigation of those complaints. Plaintiff argues that defendant has failed to state how producing these records is not burdensome. Of course, it is extremely burdensome to produce

**AKIN GUMP**
**STRAUSS HAUER & FELD** LLP
*Attorneys at Law*

Orlando Arellano, Esq.
May 7, 2009
Page 3

that type of information for 124,606 individuals. Searching through company-wide complaint, dispute, or grievance files to locate any that may be related to meal breaks is also burdensome.

Moreover, these requests plainly seek merits-based information prior to class certification. While merits and certification discovery may sometimes overlap, plaintiff cites no authority supporting the requested disclosure at this juncture. See Carabini v. Super. Ct. (King), 26 Cal. App. 4th 239, 241 (1994) (trial court had limited discovery to class certification issues). In Kamm, the case that plaintiff relies on for the general proposition that the discovery may be necessary for the determination of a class or set of subclasses, the court was only determining whether information set forth in an affidavit was discoverable. See 509 F.2d at 209. Moreover, the court stated that in determining whether information is discoverable, the court must consider "its need, the time required, and the probability of the discovery resolving any factual issue." Id. Plaintiff is plainly seeking an extensive fishing expedition for class-wide merits discovery, prior to certification, and at a substantial burden and cost to defendant. Defendant stands by its objections.

Request for Production Nos. 20-24

These requests seek documents related to all putative class members' rest break experiences. Specifically, these requests seek documents showing scheduled rest breaks, the taking of rest breaks, and any complaints, disputes, or grievances concerning rest breaks and any investigation of those complaints. These requests are improper for the same reasons discussed above regarding Request Nos. Nos. 13-16. In any case, without waiving its objections, defendant responds that store partners do not clock in/out for rest breaks. Accordingly, there are no centralized time records of rest breaks actually taken.

These requests also seek any electronically-stored policies for tracking rest breaks taken. Without waiving its objections, defendant responds that it is not aware of any responsive documents.

Request for Production Nos. 27, 28, 30-36

These requests seek documents related to the payment of final wages and the wage statements of all putative class members. Our understanding is that plaintiff's final wages and wage statement claims are wholly derivative of her substantive claims for unpaid overtime, unpaid meal period premiums, and unpaid rest break premiums. Accordingly, plaintiff fails to show how any of these documents are reasonably calculated to lead to the discovery of relevant information, much less show how the value of this information would outweigh the burden of compiling it. Defendant stands by its objections.

**AKIN GUMP**
**STRAUSS HAUER & FELD** LLP
━━━━━━ Attorneys at Law

Orlando Arellano, Esq.
May 7, 2009
Page 4


Please contact me if you have any questions or comments.

Sincerely,

*Mark Curiel /csc*

Mark R. Curiel

EXHIBIT E

1  CATHERINE A. CONWAY (SBN 98366)
   GREGORY W. KNOPP (SBN 237615)
2  MARK R. CURIEL (SBN 222749)
   CYNTHIA S. CHOU (SBN 246330)
3  cconway@akingump.com
   gknopp@akingump.com
4  mcuriel@akingump.com
   cchou@akingump.com
5  **AKIN GUMP STRAUSS HAUER & FELD LLP**
   2029 Century Park East, Suite 2400
6  Los Angeles, CA 90067
   Telephone:    310.229.1000
7  Facsimile:    310.229.1001

8  Attorneys for Defendant Starbucks Corporation
   dba Starbucks Coffee Company
9
   REBECCA LABAT (SBN 221241)
10 MATTHEW T. THERIAULT (SBN 244037)
   ORLANDO ARELLANO (SBN 234073)
11 RLabat@InitiativeLegal.com
   OArellano@InitiativeLegal.com
12 MTheriault@InitiativeLegal.com
   **INITIATIVE LEGAL GROUP LLP**
13 1800 Century Park East, 2nd Floor
   Los Angeles, CA 90067
14 Telephone: 310.556.5637
   Facsimile: 310.861.9051
15
   Attorneys for Plaintiff Summer York
16

17              UNITED STATES DISTRICT COURT

18       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

19

| | |
|---|---|
| 20  SUMMER YORK, individually, and on behalf of other members of the general public similarly situated, | Case No. CV08-07919 GAF (PJWx) |
| 21 | **ORDER RE BRIEFING SCHEDULE FOR PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** |
| 22      Plaintiffs, | |
| 23   v. | Judge:  Gary A. Feess |
| 24  STARBUCKS CORPORATION, a Washington Corporation, and STARBUCKS COFFEE COMPANY, | Date Action Filed: December 2, 2008 |
| 25  a Washington Corporation, | Crtrm:  740 |
| 26      Defendants. | |

27

28

6358909

ORDER RE BRIEFING SCHEDULE FOR PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
*CV08-07919 GAF (FFMx)*

1    Wherefore, the parties, acting by and through their counsel of record, having

2   submitted a joint stipulation on the scheduling of plaintiff's motion for class

3   certification, the Court hereby orders as follows:

4       1.    Plaintiff's deadline to file motion for class certification: August 17, 2009.

5       2.    Defendant's deadline to file opposition:  September 21, 2009.

6       3.    Plaintiff's deadline to file reply: October 5, 2009.

7       4.    Hearing on the motion:  October 19, 2009 at 9:30 a.m.

8       **IT IS SO ORDERED.**

9

10

11   Dated: May 5, 2009

12                                By_____

13                                     Gary A. Feess
                                   United States District Court Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

1

ORDER RE BRIEFING SCHEDULE FOR PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
*CV08-07919 GAF (FFMx)*

1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10  Summer York,                                      )    **Case No. CV 08-07919-GAF (PJWx)**

11            Plaintiff(s),                      )    **SCHEDULING AND CASE**
                                              )    **MANAGEMENT ORDER**

12     v.                                                     )

13                                                )    **SEE LAST PAGE FOR PRETRIAL**
                                              )    **AND TRIAL DATES**

14  Starbucks Corporation,                       )

                      Defendant(s). )

15

16

17         The purpose of this Order is to enable the parties and their counsel to know well in

18  advance the schedule to which they will be expected to adhere. SEE THE LAST PAGE OF

19  THIS ORDER FOR THE SPECIFIED DATES. Ordinarily the dates set forth on the last page

20  are determined after consultation with the parties at the Rule 26(f) Scheduling Conference,

21  and this Order is distributed to them at that time. Accordingly, the dates and requirements

22  are firm. The Court is very unlikely to grant continuances, even if stipulated by the parties,

23  unless the parties establish good cause through a concrete showing. **Because this order,**

24  **in some respects modifies the applicable Local Rule of Civil Procedure, counsel are**

25  **advised to read it carefully to avoid default on the obligations established herein.**

26  **Counsel are advised to pay particular attention to the requirements of the Court in**

27  **respect to the filing of motions for summary judgment and documents to be**

28  **submitted at the pre-trial conference and trial.**

## I. DISCOVERY CUTOFF

All discovery shall be completed by the discovery cutoff on the last page. **THIS IS NOT THE DATE BY WHICH DISCOVERY REQUESTS MUST BE SERVED; IT IS THE DATE BY WHICH ALL DISCOVERY IS TO BE COMPLETED.**

Any motion challenging the adequacy of responses to discovery must be filed timely, served and calendared sufficiently in advance of the discovery cutoff date to permit the responses to be obtained before that date, if the motion is granted. The Court requires compliance with Local Rule 37-1 and 37-2 in the preparation and filing of discovery motions. Except in the case of an extreme emergency which was not created by the lawyer briefing the motion, discovery motions may not be heard on ex parte application.

In an effort to provide further guidance to the parties, the Court notes the following:

1. <u>Depositions</u>. All depositions shall be scheduled to commence sufficiently in advance of the discovery cutoff date to permit their completion and to permit the deposing party enough time to bring any discovery motions concerning the deposition prior to the cutoff date.

2. <u>Written Discovery</u>. All interrogatories, requests for production of documents, and requests for admissions shall be served sufficiently in advance of the discovery cutoff date to permit the discovering party enough time to challenge (via motion practice) responses deemed to be deficient.

3. <u>Discovery Motions</u>. Whenever possible, the Court expects the parties to resolve discovery problems among themselves in a courteous, reasonable and professional manner. If they do so, resort to the Court for guidance in discovery is seldom necessary. The Magistrate Judge assigned to this case will rule on discovery motions.

4. <u>Expert Discovery</u>. Expert discovery is to be concluded by the discovery cutoff date. Accordingly, the disclosure of expert witnesses in full compliance with Rule 26(a)(2), Fed.R.Civ.P. is ordered no later than seventy (70) days before the discovery cutoff. Counter-designations are to be made pursuant to Federal Rules of

1      Civil Procedure Rule 26(a)(2)(C).

2          5.    Rule 26(e)(1) Supplementation: The parties are under a continuing

3      obligation to supplement their Rule 26(a) disclosures; the Court expects the parties

4      to disclose such materials immediately upon identification.

5  II.    MOTIONS AND MOTION CUTOFF DATE

6      A.      GENERAL PROVISIONS

7          All law and motion matters, except for motions in limine, must be set for hearing (not

8  filing) by the motion cutoff date specified on the last page.

9          The parties must adhere to the requirements of the Local Rules.  See Local Rules

10  7-1 et seq.  If any party does not oppose a motion, that party shall submit a written

11  statement in accordance with Local Rule 7-16 that it does not oppose the motion.  The

12  parties should note that failure to meet the time limits set forth in Local Rule 7 may be

13  deemed consent to the granting of the motion.  Local Rule 7-12.  The Court will not decide

14  late-filed motions.

15          To insure that the Court receives oppositions and replies in a timely fashion,

16  mandatory chambers copies  **conformed to reflect that they have been e-filed**, should

17  be deposited in the drop box in the back entrance way to the chambers of Courtroom 740

18  in accordance with Local Rules.

19          Issues left undetermined after the passage of the motion cutoff date should be listed

20  as issues for trial in the pre-trial conference order.  As an exception to the above, motions

21  in limine dealing with evidentiary matters may be heard pursuant to the schedule attached

22  hereto; however, the Court will not hear or resolve summary judgment motions disguised

23  as motions in limine.  In addition, delay which interferes with preparation by the Court and

24  its staff may cause imposition of sanctions under Local Rule 83-7.

25          Ex parte practice is strongly discouraged.    See Mission Power Eng. Co. v.

26  Continental Casualty Co., 883 F.Supp. 488 (C.D. Calif. 1995).  The Court will require strict

27  adherence to proper ex parte procedures for any ex parte application filed with the Court.

28  Id., at 492; See Local Rule 7-19.

**B.    APPLICATIONS AND STIPULATIONS TO EXTEND TIME**

Applications to extend the time to file any required document or to continue any pretrial or trial date must set forth

(i)  the existing due date or hearing date;

(ii) specific, concrete reasons supporting good cause for granting the extension.  In this regard, a statement that an extension "will promote settlement" is insufficient.  The requesting party or parties must indicate the status of ongoing negotiations: Have written proposals been exchanged? Is counsel in the process of reviewing a draft settlement agreement?  Has a mediator been selected?

(iii) whether there have been prior requests for extensions, and whether these were granted or denied by the Court.

The parties requesting the extension must provide the Court with a proposed order setting forth the proposed new dates and/or proposed new schedule.

**C.    SUMMARY JUDGMENT MOTIONS**

As caseloads increase, the Court is seeing a corresponding increase in the filing of motions for summary judgment.  These motions frequently do not comply with the requirements of the Local Rules in one or more respects, and there are ambiguities in the Local Rules regarding the preparation of the Separate Statement of Undisputed Facts and related materials.  As a result the Court is receiving documents in a wide variety of formats, some that are not in compliance and some that may technically comply with the literal language of the rule, but which are confusing, difficult to decipher and interfere with the Court's ability to address these motions in an efficient and expeditious manner.  To increase the Court's efficiency, and to assist counsel in structuring and focusing these motions, the Court is issuing the following order regarding the filing motions for summary judgment in this Court.  The Court will require strict adherence to these requirements.

1. Separate Statement Of Undisputed Facts and Statement of Genuine Issues

The Separate Statement of Undisputed Facts is to be prepared in a two column format. The left hand column should set forth the allegedly undisputed fact. The right hand

4

1  column should set forth the evidence that supports the factual statement.  The fact

2  statements should be set forth in sequentially numbered paragraphs.  Each paragraph

3  should contain a narrowly focused statement of fact.  The Court has observed cases where

4  an allegedly undisputed fact was set forth in three pages of text.  This is unacceptable.

5  Each numbered paragraph should address a single subject in as concise a manner as

6  possible.

7      The opposing party's statement of genuine issues must be in two columns and track

8  the movant's separate statement exactly as prepared.  The document must be in two

9  columns; the left hand column must restate the allegedly undisputed fact, and the right hand

10  column must indicate either undisputed, or disputed.  The opposing party may dispute all

11  or only a portion of the statement, but if disputing only a portion, must clearly indicate what

12  part is being disputed.   Where the opposing party is disputing the fact in whole or part, the

13  opposing party must, in the right hand column, label and restate the moving party's evidence

14  in support of the fact, followed by the opposing party's  evidence controverting the fact.

15  Where the opposing party is disputing the fact on the basis of an evidentiary objection, the

16  party must cite to the evidence alleged to be objectionable and state the ground of the

17  objection and nothing more.  **No argument should be set forth in this document**.

18      The opposing party may submit additional material facts that bear on or relate to the

19  issues raised by the movant, which shall follow the format described above for the moving

20  party's separate statement.  These additional facts shall follow the movant's facts, shall

21  continue in sequentially numbered paragraphs (i.e., if movant's last statement of fact was

22  set forth in paragraph 30, then the first new fact will be set forth in paragraph 31), and shall

23  set forth in the right hand column the evidence that supports that statement.

24      The moving party, in its reply, shall respond to the additional facts in the same

25  manner and format that the opposition party is required adhere to in responding to the

26  statement of undisputed facts, as described above.

27      2. Supporting Evidence

28      No party should submit any evidence other than the specific items of evidence or

5

1    testimony necessary to support or controvert a proposed statement of undisputed fact.

2    Thus, for example, the entire transcript of a deposition, entire sets of interrogatory

3    responses, and documents that do not specifically support or controvert material in the

4    separate statements, should not be submitted in support or opposition to a motion for

5    summary judgment. Any such material will not be considered.

6          Evidence submitted in support or opposition to a motion should be submitted either

7    by way of stipulation or as exhibits to declarations sufficient to authenticate the proffered

8    evidence, and should not be attached to the Memorandum of Points and Authorities. The

9    Court will accept counsel's authentication of deposition transcript, of written discovery

10   responses, and of the <u>receipt</u> of documents in discovery <u>if the fact that the document was</u>

11   <u>in the opponent's possession is of independent significance</u>. Documentary evidence as to

12   which there is no stipulation regarding foundation must be accompanied by the testimony,

13   either by declaration or properly authenticated deposition transcript, of a witness who can

14   establish its authenticity.

15         3.  <u>Objections to Evidence</u>

16         If a party disputes a fact based in whole or in part on an evidentiary objection,

17   the ground of the objection, as indicated above, should be stated in the separate statement

18   but not argued in that document.  Evidentiary objections are to be addressed in a separate

19   memorandum to be filed with the opposition or reply brief of the party.  This memorandum

20   should be organized **to track the paragraph numbers of the separate statement in**

21   **sequence**.  It should identify the specific item of evidence to which objection is made, the

22   ground of the objection, and a very brief argument with citation to authority as to why the

23   objection is well taken.   The following is an example of the format contemplated by the

24   Court:

25         <u>Separate Statement Paragraph 1</u>: Objection to the supporting deposition transcript

26               of Jane Smith at 60:1-10 on the grounds that the statement constitutes inadmissible

27               hearsay and no exception is applicable.  To the extent it is offered to prove her state

28               of mind, it is irrelevant since her state of mind is not in issue.  Fed. R. Evid. 801, 802.

1

2   **N.B: DO NOT SUBMIT BLANKET OR BOILERPLATE OBJECTIONS TO THE**

3   **OPPONENT'S STATEMENTS OF UNDISPUTED FACT: THESE WILL BE**

4   **DISREGARDED AND OVERRULED.**

5      4.  The Memorandum of Points and Authorities

6         The movant's memorandum of points and authorities should be in the usual form

7   required under Local Rule 7 and should contain a narrative statement of facts as to those

8   aspects of the case that are before the Court.  All facts should be supported with citations

9   to the paragraph number in the Separate Statement that supports the factual assertion and

10  not to the underlying evidence.

11        Unless the case involves some unusual application of Rule 56, the motion need only

12  contain a brief statement of the Rule 56 standard; the Court is familiar with the Rule and with

13  its interpretation under Celotex and its progeny.  If at all possible, the argument should be

14  organized to focus on the pertinent elements of the cause(s) of action or defense(s) in issue,

15  with the purpose of showing the existence or non-existence of a genuine issue of material

16  fact for trial on that element of the claim or defense.

17        Likewise, the opposition memorandum of points and authorities should be in the

18  usual form required by Local Rule 7, and where the opposition memorandum sets forth

19  facts, the memorandum should cite to paragraphs in the separate statement if they are not

20  in dispute, to the evidence that contravenes the fact where the fact is in dispute, or, if the

21  fact is contravened by an additional fact in the statement of genuine issues, the citation

22  should be to such fact by paragraph number.

23     5.  Timing

24         In virtually every case, the Court expects that the moving party will provide more

25  than the minimum twenty-one (21) day notice for such motions. The moving party should

26  deliver to chambers a copy of a diskette, in WordPerfect format (9.0 or earlier versions),

27  containing the Statement of Uncontroverted Facts and Conclusions of Law. [***NOTE: Parties***

28  ***need not wait until the motion cutoff to bring motions for summary judgment or***

7

1  *partial summary judgment. Early completion of non-expert discovery and filing of*

2  *motions for summary judgment may eliminate or reduce need for expensive expert*

3  *depositions which are normally conducted in the last stages of discovery.*]

4       **D.    ORAL ARGUMENT**

5       If the Court concludes that a motion can be resolved without argument, the Court will

6  notify the parties in advance.

7       **E.    MOTIONS IN LIMINE**

8       The parties must file motions in limine addressing the admissibility of evidence in

9  accordance with Local Rule 7-3 by the date specified on the last page.    The parties shall

10  file their opposing and reply papers in accordance with Local Rules 7-9 and 7-10

11  respectively.

12  **III.    PRE-TRIAL CONFERENCE AND LOCAL RULE 9 FILINGS**

13       **A.    GENERAL PROVISIONS**

14       The Pre-Trial Conference ("PTC") will be held at 3:30 P.M. on the date specified,

15  unless the Court expressly waived a PTC at the Status Conference.  (In the rare cases

16  where the Court waives a PTC, the parties must follow Local Rule 16-10.)  If adjustments

17  in the Court's calendar to accommodate congestion become necessary, the Court may re-

18  calendar the PTC instead of the trial date.  Therefore, the parties should assume that if the

19  PTC goes forward, the trial will go forward without continuance, although some brief period

20  of trailing may prove necessary.

21       The lead trial attorney on behalf of each party shall attend both the PTC and all

22  meetings of the parties in preparation of the PTC, unless excused for good cause shown in

23  advance of the PTC.

24       A continuance of the PTC at the parties' request or by stipulation is highly unlikely.

25  Specifically, failure to complete discovery is not a ground for continuance.   In the unlikely

26  event that the Court agrees to continue the PTC, the trial date is likely to be delayed as a

27  result.  If a change in the trial date is necessitated or likely because of the Court's calendar

28  or otherwise, modifications of that date will be discussed at the PTC.

1       At the PTC, the parties should be prepared to discuss means of streamlining the trial,

2    including, but not limited to:  bifurcation; presentation of foundational and non-critical

3    testimony and direct testimony by deposition excerpts; narrative summaries and/or

4    stipulations as to the content of testimony; presentation of testimony on direct examination

5    by affidavit or by declaration subject to cross-examination; and qualification of experts by

6    admitted resumes.   The Court will also discuss settlement.

7         **B.    FORM OF PRE-TRIAL CONFERENCE ORDER ("PTCO")**

8       The proposed PTCO shall be lodged fourteen (14) calendar days before the PTC.

9    Adherence to this time requirement is necessary for in-chambers preparation of the matter.

10   The form of the proposed PTCO shall comply with Appendix A to the Local Rules and the

11   following:

12       1.    Place in "ALL CAPS" and in **bold** the separately numbered headings for each

13   category in the PTCO (*e.g.*, "**1.  THE PARTIES**" or "**7.  CLAIMS AND DEFENSES OF THE**

14   **PARTIES**".)

15       2.    Include a Table of Contents at the beginning.

16       3.    In specifying the surviving pleadings under Section 1, please state which

17   claims or counterclaims have been dismissed or abandoned. *E.g.* "Plaintiff's second cause

18   of action for breach of fiduciary duty has been dismissed."  Also, in multiple party cases

19   where not all claims or counterclaims will be prosecuted against all remaining parties on the

20   other side, please specify to which party each claim or counterclaim is directed.

21       4.    In drafting Sections 5 and 6 of the PTCO, the Court expects that the parties

22   will attempt to agree on and set forth as many non-contested facts as possible.  The Court

23   will usually read the uncontested facts to the jury at the start of the trial.  A carefully drafted

24   and comprehensively stated stipulation of facts will reduce the length of trial and increase

25   jury understanding of the case.

26       5.    *In specifying the parties' claims and defenses under Section 7, each party*

27   *shall closely follow the examples set forth in Appendix A of the Local Rules.*  As those

28   examples demonstrate, the parties should attempt to state issues in terms of **the elements**

1   **of the claims or defenses** (ultimate facts), not in the form of evidentiary fact issues, which

2   outline the elements of the claims and defenses.  The elements to most claims and defense

3   can be found in the Ninth Circuit Model Jury Instructions, the California Book of Approved

4   Jury Instructions (BAJI), and Devitt & Blackmar.  Counsel are reminded that the purpose of

5   this section is to focus and clarify the issues to be presented at trial.  No argument is to be

6   included in this section.

7       6.    The Court may well submit fact issues to the jury in the form of findings on a

8   special verdict.  The issues of fact should track the elements of a claim or defense on which

9   the jury will be required to make findings.

10      **C.    RULE 16 FILINGS; MEMORANDA; WITNESS LISTS; EXHIBIT LISTS**

11      The parties must comply fully with the requirements of Local Rule 16.  They shall file

12  carefully prepared Memoranda of Contentions of Fact and Law (which may also serve as

13  the trial brief), along with their respective Witness Lists and Exhibit Lists, all in accordance

14  with Local Rules 16-3, 16-4, 16-5 and 16-6.  See the last page for dates.

15      **D.    JURY INSTRUCTIONS, VERDICT FORMS, SPECIAL
               INTERROGATORIES**

16      1.    Fourteen (14) days before the Rule 16 meeting, the parties shall exchange

17  proposed jury instructions, verdict forms and special interrogatories.  Seven (7) days before

18  the meeting, counsel shall exchange written objections, if any, to proposed jury instructions,

19  verdicts and special interrogatories.  At the Rule 16 meeting, the parties shall confer with

20  the objective of submitting one set of agreed upon substantive instructions, verdict forms

21  and, if necessary, special interrogatories.  "Substantive jury instructions" means all

22  instructions relating to the elements of all claims and defenses in the case.  The Court would

23  appreciate the parties delivering to chambers a mandatory copy of these filings in an

24  electronic format compatible with WordPerfect at the time the documents are filed.

25      2.    If the parties cannot agree upon one complete set of substantive instructions,

26  verdict forms and/or special interrogatories, they shall file two documents with the Court: a

27  joint document reflecting the agreed upon instructions, verdict forms, and a second

28

1  document in the form of a joint statement regarding the disputed instructions, verdicts and

2  interrogatories in the following format for each instruction, verdict or interrogatory in issue:

3      (a) A separate page containing the text of the disputed language with an

4      identification of the party proposing it;

5      (b) Following the instruction, the opposing party's statement of objections to

6      the instruction along with legal authority in support of the argument (not to

7      exceed <u>one</u> page) and proposed alternative language where appropriate;

8      (c) The proposing party's response to the objection with legal authority

9      supporting the proposed language, not to exceed <u>one</u> page.

10      Both the agreed on set, and the joint statement re disputed instructions are to be filed

11  with the Pre-Trial Conference Order and other Rule 16 documents fourteen (14) days before

12  the Pre-Trial Conference.

13      3.    All proposed jury instructions shall be in the format specified by Local Rule 51-

14  2. The parties need not submit a separate copy of instructions without citations to authority.

15      4.    A table of contents shall be included with all jury instructions submitted to the

16  Court. The table of contents shall set forth the following:

17      (a)    The number of the instruction;

18      (b)    A brief title of the instruction;

19      (c)    The source of the instruction; and

20      (d)    The page number of the instruction.

21      For example:

22  

| Number | Title | Source | Page Number |
|---|---|---|---|
| 1 | Burden of Proof | 9th Cir. 12.2 | 5 |

24      5.    The Court directs counsel to use the instructions from the *Manual of Model*

25  *Jury Instructions for the Ninth Circuit* (West 1997) where applicable. Where California law

26  is to be applied and the above instructions are not applicable, the Court prefers counsel to

27  use the CACI forms. If neither of these sources is applicable, counsel are directed to use

28  the instructions in Devitt, Blackmar and Wolff, *Federal Jury Practice and Instructions.*

11

1          6.     Modifications of instructions from the foregoing sources (or any other form

2    instructions) must specifically state the modification made to the original form instruction and

3    the authority supporting the modification.

4          **E.     JOINT STATEMENT OF THE CASE AND REQUESTS FOR VOIR DIRE**

5          At the Pre-Trial Conference, the parties shall lodge their proposed voir dire questions

6    and their joint statement of the case which the Court shall read to all prospective jurors prior

7    to the commencement of voir dire.  The statement should be not longer than two or three

8    paragraphs.

9          The Court conducts voir dire of all prospective jurors. The parties need not submit

10   requests for standard voir dire questions, such as education, current occupation, marital

11   status, prior jury service, etc., but should include only proposed questions specifically

12   tailored to the parties and issues of the case.

13         **F.**     FINDINGS OF FACT AND CONCLUSIONS OF LAW

14         For a non-jury trial, the parties shall lodge their proposed findings of fact and

15   conclusions of law in accordance with Local Rule 52-1 not later than one week before trial.

16   The court would appreciate the parties delivering to chambers a copy of these findings on

17   disk in WordPerfect 9.0 format.  Please see the Court's Civil Trial Order.

18   **IV.    SETTLEMENT**

19         Local Rule 16-15.2 provides that the Settlement Conference shall be concluded not

20   later than 45 days before the Pretrial Conference.  This Court requires a slightly different

21   approach.  The Settlement Conference shall take place not later than three weeks before

22   the Pre-Trial Conference, which is after discovery is closed and motions have been heard.

23   The Court expects that completion of all discovery and dispositive motions will help the

24   parties assess their positions before they complete the costly pre-trial process under Local

25   Rule 16.  But sometimes parties find it more difficult to settle after they incurred the cost of

26   all discovery and motion practice. The Court therefore strongly encourages counsel and the

27   parties to pursue settlement earlier.  In any event, as indicated in the Schedule of Pretrial

28   Dates attached hereto, the parties must file a Status Report re Settlement at the time that

1  they lodge the Proposed Pretrial Conference Order, indicating whether they have conducted
2  the Local Rule 16 Settlement Conference and/or what additional steps are being taken to
3  achieve settlement.

4      This Court will not conduct settlement conferences in non-jury cases which he is to
5  try. In jury cases, the Court will conduct a settlement conference at the parties' joint request
6  if three conditions exist:

7      1. The parties are satisfied that the fact issues in the case will be tried to a jury.

8      2. All significant pre-trial rulings which the Court must make have been made.

9      3. The parties desire the Court to conduct the conference, understanding that if
10  settlement fails, the Court will preside over trial of the case.

11      If the parties are inclined to select this Court to conduct the a settlement conference,
12  the parties should consult the Court's Standing Order re Settlement Conference so that they
13  fully understand the Court's requirements for the settlement conference.  That order will
14  govern the settlement conference procedures before this Court, but may also serve as a
15  useful reference for settlement conferences conducted pursuant to the other available
16  procedures. Copies of that and all other standard orders of this Court are available through
17  the Courtroom Deputy Clerk or on the Central District of California website, at
18  "*www.cacd.uscourts.gov*".

19  **V.     CONCLUSION**

20      The Court thanks the parties and their counsel for their anticipated cooperation in
21  carrying out these requirements.

22      IT IS SO ORDERED.

23

24  DATED:     April 20, 2009                                    _____
25                                                               **GARY ALLEN FEESS**
                                                                 **United States District Judge**
26

27

28

13

# JUDGE GARY ALLEN FEESS
## SCHEDULE OF TRIAL AND PRETRIAL DATES[1]

| Matter | Time | Weeks before trial | Plaintiff(s) (Request) | Defendant(s) (Request) | Court Order |
|---|---|---|---|---|---|
| Trial (jury) (court) Estimated length: 15-20 days | 8:30 am | | | | 05-18-10 |
| [Jury trial] Hearing on Motions in Limine; Hearing on Disputed Jury Instructions | 9:30 am | -1 | | | 05-10-10 |
| [Court trial] File Findings of Fact and Conclusions of Law; Hearing on Motions in Limine | | -1 | | | |
| Pretrial Conference; Motions in Limine to be filed; Proposed Voir Dire Qs Lodged and Agreed-to Statement of Case | 3:30 pm | -4 | | | 04-19-10 |
| Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit & Witness Lists; File Status Report re Settlement; File Agreed Upon Set of Jury Instructions and Verdict Forms; File Joint Statement re Disputed Instructions, Verdicts, etc. | | -6 | | | 04-05-10 |
| Last date to conduct Settlement Conference | | -8 | | | 03-26-10 |
| Last day for hearing motions | 9:30 a.m. | -9 | | | 03-15-10 |
| Discovery cut-off | | -10 | | | 03-05-10 |
| Last to Amend Pleadings or Add Parties | | | | | XXXXX |

---

[1] Review the Court's Order re "Rule 26(f) Scheduling Conference" to be sure of the meaning of these terms.