UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUMMER YORK, individually, and on behalf of other members of the general public similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>STARBUCKS CORPORATION, a Washington Corporation; and STARBUCKS COFFEE COMPANY, a Washington Corporation,<br><br>　　　　　　Defendants. | Case No. CV 08-7919-GAF(PJWx)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORY NOS. 1 AND 3 |

　　　Before the Court is Plaintiff York's motion to compel Defendant Starbucks Corporation to provide further responses to Interrogatory No. 1, which seeks the names and contact information of employees and former employees of Starbucks, and Interrogatory No. 3, which seeks identification of those employees who worked at Starbucks within the year preceding the filing of the lawsuit.  Defendant contends that it should only have to produce a fraction of the names and that it should only have to do so after the employees are contacted by Defendant and told that they have the option to opt-out of the discovery process. For the following reasons, Plaintiff's motion is GRANTED.

1   Plaintiff brings this action against Starbucks, complaining that
2  the company routinely required her to work without taking lunch and
3  rest breaks.  She seeks to turn this case into a class action and
4  pursue claims on behalf of her co-workers throughout the State of
5  California, whom she believes were subjected to the same treatment.
6   The Court has set August 17, 2009, as the date for Plaintiff to
7  file her class certification motion.  Plaintiff's counsel seeks to
8  contact other employees before then and speak with them about their
9  experiences.  He hopes to use this information to bolster his motion
10 for class certification and to defend against Defendant's arguments
11 opposing class certification.
12  Defendant opposes these efforts.  It has objected to the
13 interrogatories based on relevance, scope, and burden.  But its
14 primary objection is that information sought is protected by the
15 employees' right to privacy.  Though Defendant is willing to turn over
16 the names and contact information of a sampling (2,000 to 3,000) of
17 its 124,606 employees, it wants to delay production until after it
18 notifies the employees and gives them an opportunity to opt-out of the
19 process.
20  The parties cite conflicting authority in support of their
21 respective positions.  Ultimately, both lines of cases can be read to
22 stand for the proposition that a court maintains wide latitude in
23 deciding whether contact information of putative class members should
24 be produced prior to class certification and, if so, whether the
25 employees are entitled to be notified before their contact information
26 is shared with opposing counsel.  For the reasons explained below, the
27 Court concludes that the equities weigh in favor of Plaintiff and the
28 potential plaintiffs and, therefore, orders discovery.

1        In general, the right to privacy protects an individual's
2   reasonable expectation of privacy against a serious invasion.  *See*
3   *Hill v. National Collegiate Athletic Assn.*, 7 Cal.4th 1, 36-37 (1994).
4   The information Plaintiff seeks is not particularly sensitive.  It
5   does not involve medical records or personal financial information.
6   Rather, Plaintiff seeks merely the names, addresses, and telephone
7   numbers of employees.  The Court is confident that most of this
8   information for most of these employees is already publically
9   available.  While the Court does not discount the employees' right to
10  privacy, this right is not absolute.  In this case, their right to
11  privacy must yield to Plaintiff's efforts to pursue her claims (and,
12  perhaps, ultimately, the employees' claims) against Defendant.  Should
13  the employees decide that they want to talk to Plaintiff's counsel,
14  they can.  Should they decide that they do not want to talk to
15  Plaintiff's counsel, they can tell counsel that they do not want to
16  talk to him and he will end the conversation.  Those employees who
17  elect to participate will, undoubtedly, not be bothered by the call.
18  Those employees who choose not to participate may be, but the
19  intrusion into their privacy will be minor and brief.
20       Defendant's request that the employees be notified in advance and
21  given the opportunity to opt-out of the discovery phase is denied.
22  The time is short before the class-certification motion is due and the
23  benefits of any opt-out procedure are outweighed by the fact that
24  using an opt-out procedure would mean that Plaintiff's counsel would
25  not be able to contact the employees until after the motion was filed.
26  The Court does, however, enter a protective order, requiring that
27  Plaintiff's counsel inform each employee at the outset of the initial
28  contact with that employee--whether in writing, by email, on the

phone, or in person--that the employee has a right not to talk with counsel and that, if he or she elects not to talk to counsel, counsel will terminate the contact and not contact them again.  Counsel will also inform the employee at this time that his or her refusal to speak with counsel will not prejudice his or her rights as a class member should the Court certify the class.  Counsel is directed to keep a list of all employees who make it known that they do not want to be contacted and preserve that list for the Court.  In addition, the Court orders that the contact information be used only for purposes of this action and that it not be disseminated to anyone not necessary to the prosecution of this case.

   Defendant is ordered to produce the list of employees' names and contact information no later than **July 13, 2009.**  The list should indicate which employees were working for Defendant during the 12-month period preceding the filing of this action.

1    Plaintiff's request for sanctions is denied.  The law in this
2 area is subject to debate and Defendant's efforts to resist
3 Plaintiff's discovery requests were reasonable.[1]
4    IT IS SO ORDERED.
5    DATED:    June   30   , 2009.

                                    _____
                                    PATRICK J. WALSH
                                    UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-X\YORK\ORD.GRNTG.P'S.MOT.COMPEL.wpd

---

[1] Defendant's objections based on relevance, burden, and scope are overruled. As to relevancy, the information Plaintiff seeks is obviously relevant to her motion for class certification as well as other issues in the case.  With regard to burden, Defendant has not argued that the production of the contact information will cost so much money or require so much time that production would place an undue burden on Defendant.  And, finally, regarding scope, Plaintiff's request for information for all potential class members is not too broad.  Though Plaintiff's counsel may not need to speak to every employee in order to file the certification motion, counsel should have the option to do so if he chooses.  Unless he has the contact information for all of the employees, he will not be able to do that.