## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

**CASE NO.: CV 08-7919-GAF (PJWx)**                                    **Date: October 29, 2009**

**TITLE:** *Summer York v. Starbucks Corp., et al.*
================================================================
**PRESENT:**  **HON. PATRICK J. WALSH, MAGISTRATE JUDGE**

| Isabel Martinez | CS 10/29/09 |
|---|---|
| Deputy Clerk | Court Smart |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| Jennifer Sheryl Grock<br>Matthew Thomas Theriault<br>Gene Williams | Mark Royce Curiel |

**PROCEEDINGS: Plaintiff's Motion to Compel Production**

Before the Court is Plaintiff's motion to compel production of discovery. (Docket No. 41.) The parties had, for the most part, resolved the issues in dispute by the time of the hearing on the motion, which the Court greatly appreciates. The Court makes the following rulings on the outstanding issues.

This discovery dispute centers primarily on whether Defendant has to produce the universe of documents covering 1,700 potentially affected employees in its 6,000 stores, or whether a lesser number would be appropriate. If the smaller number was produced, Plaintiff would perform a statistical analysis on the smaller number and apply the findings to the larger number. Plaintiff wanted to have data from between 100 to 250 stores; Defendant wanted to produce data from 50 stores. The data from the 50 stores would be data already assembled in what the parties refer to as the *Castro* case. Prior to the hearing, the parties settled on 150 stores--50 stores from the *Castro* case and another 100 stores randomly selected by Plaintiff from the list of the remaining stores.

The issue that was then raised was whether the 150 stores would be a large enough sample to extrapolate accurate predictions. Defendant was

| **MINUTES FORM 90** | **Initials of Deputy Clerk   im** |
|---|---|
| **CIVIL -- GEN** | 1:10 |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - GENERAL

not able to stipulate that its expert would later agree that 150 stores was a sufficiently large enough sample to create reliable results. That being the case, the Court will adopt the parties' agreement and order that Plaintiff provide data from only 150 stores: the 50 *Castro* stores by **October 30, 2009**, and data from the other 100 stores by **November 30, 2009**. However, if Defendant's expert later determines that the 150 store universe was not enough to extrapolate valid predictions regarding the remaining stores, Defendant is ordered to produce data from additional stores to satisfy its expert's opinion as to what the right number of stores should be, i.e., if Defendant's expert determines that Plaintiff's expert should be using data from 250 stores, Defendant is ordered to produce data from an additional 100 stores.

Defendant was also unable to commit to whether the inclusion of the data from the *Casto* case would taint the analysis, since the selection of those 50 stores was not completely random. The Court rules that, if Defendant's expert objects to the use of the data from the 50 stores in the *Castro* group, Defendant is ordered to produce data from an additional 50 stores to satisfy Defendant's expert's concerns regarding randomness.

Finally, assuming that Defendant's expert objects to the methodology used by Plaintiff's expert in randomly selecting the 100 stores, Defendant is ordered to produce data from 100 more stores that meets Defendant's expert's requirements for proper randomization.

Defendant is, of course, free to have its expert make these determinations before it produces the data so that it does not run the risk of having to produce additional data at a later time.

The next issue raised by the parties relates to Request For Admission No. 5. Defendant's objections are overruled. Defendant is ordered to supplement its response no later than **November 10, 2009.**

Finally, the parties have not agreed on a resolution of their dispute regarding Defendant's response to Request for Production No. 76, in which Plaintiff seeks documents that "evince that any covered employees actually took rest breaks during the proposed class period." Defendant's counsel explains that documents may exist that would likely show whether an employee took these breaks. These documents are weekly schedules for the stores and are produced in hard copy at the stores. Defendant does not have a policy relating to retention of these schedules, however, and argues that it would be unduly burdensome to require it to contact each

**MINUTES FORM 90**                                                         **Initials of Deputy Clerk   im**
**CIVIL -- GEN**                                                                                    1:10

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
<u>**CIVIL MINUTES - GENERAL**</u>

of the 1700 stores and find out if the schedules have been saved. The Court is willing to relieve Defendant of this burden, conditioned on the understanding that Defendant will not contact the stores and obtain the documents for use at trial. If Defendant intends to use the schedules for any purpose at trial (be it in its case in chief or its rebuttal case, in direct examination or cross-examination of a witness), it needs to produce the documents now, during discovery. Defendant will not be allowed to avoid production during discovery based on the fact that collecting the documents would be too burdensome and then use the documents at trial.

cc:

| | |
|---|---|
| Jennifer Sheryl Grock | Mark Royce Curiel |
| Matthew Thomas Theriault | Akin Gump Strauss Hauer and Feld |
| Gene Williams | 2029 Century Park East, Ste. 2400 |
| Initiative Legal Group LLP | Los Angeles, CA  90067 |
| 1800 Century Park East, 2nd Floor | |
| Los Angeles, CA  90067 | |

S:\PJW\Cases-X\YORK\ORD.GRNTG.P'S.MOT.COMPEL.wpd

**MINUTES FORM 90**                                     Initials of Deputy Clerk __im__
**CIVIL -- GEN**                                                                1:10