1   Gene Williams (SBN 211390)
    GWilliams@InitiativeLegal.com
2   Matthew T. Theriault (SBN 244037)
    MTheriault@InitiativeLegal.com
3   Dina S. Livhits (SBN 245646)
    DLivhits@InitiativeLegal.com
4   Jennifer Grock (SBN 245671)
    JGrock@InitiativeLegal.com
5   Initiative Legal Group, APC
    1800 Century Park East, 2nd Floor
6   Los Angeles, California 90067
    Telephone: (310) 556-5637
7   Facsimile: (310) 861-9051

8   Attorneys for Plaintiff Summer York

9

10              UNITED STATES DISTRICT COURT

11      CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

12

13  SUMMER YORK, individually, and          Case No.: CV08-07919 GAF (PJWx)
    on behalf of other members of the
14  general public similarly situated,       Assigned to the Hon. Gary A. Feess

15              Plaintiff,                    **PLAINTIFF'S EVIDENTIARY
                                             OBJECTIONS TO DEFENDANT
16          vs.                              STARBUCKS CORPORATION'S
                                             SEPARATE STATEMENT OF
17  STARBUCKS CORPORATION, a                 PURPORTED UNDISPUTED
    Washington corporation and               FACTS**
18  STARBUCKS COFFEE
    COMPANY, a Washington                    Date:      November 30, 2009
19  corporation; and DOES 1 through 20,      Time:      9:30 a.m.
    inclusive,                               Place:     740
20
                Defendant.
21

22

23

24

25

26

27

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

Plaintiff Summer York (Plaintiff or York) hereby objects to the following evidence submitted by Defendant Starbucks Corporation (Defendant or Starbucks) in support of its Motion for Summary Adjudication. [1]

| DEFENDANT'S PURPORTED UNDISPUTED MATERIAL FACT AND OBJECTIONABLE EVIDENCE | PLAINTIFF'S EVIDENTIARY OBJECTIONS |
|---|---|
| 5.  During her employment with Starbucks, York understood that Starbucks policy is "time worked equals time paid" and that she was to be "paid for all [her] time worked."  Knopp Decl. ¶ 2, Ex. A (York Tr. at 85:21-86:10). | **Objection:**  Irrelevant, assumes facts not in evidence, calls for an improper legal conclusion, and mischaracterizes deposition testimony.  Fed. R. Evid. 104(b), 402, 403, 701.  Plaintiff objects that Defendant has taken her testimony out of context and misconstrued its meaning.  Her testimony states that she understood Starbucks' corporate mantra, *not* that she was always paid for the time she worked or recorded.  Moreover, Plaintiff is not a lawyer, or a legal expert.  Her lay opinion as to who bore the burden of, e.g., recording her time and paying her for time worked is, therefore, irrelevant and inadmissible.  Further, California employment law is clear that it is Defendant's burden and responsibility, not Plaintiff's, to ensure that she is paid for |

[1] For ease of reference, Plaintiff's objections herein are listed chronologically to the evidence as it appears in Defendant's Separate Statement of Undisputed Facts (Def.'s Separate Statement).

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

| DEFENDANT'S PURPORTED UNDISPUTED MATERIAL FACT AND OBJECTIONABLE EVIDENCE | PLAINTIFF'S EVIDENTIARY OBJECTIONS |
|---|---|
|  | the hours she works.  Cal. Lab. Code §§ 1194, 219; *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 740-741 (1981) (employees may not waive entitlement to the minimum wage).  When read in full, it is clear that Plaintiff understood that it was Starbucks' practice and general operating policy to require off the clock work.  She was frequently "asked" to clean store lobbies after clocking out, among other chores (Deposition of Summer York ("York Depo. Tr.," attached as Exhibit 3 to the Declaration of Matthew T. Theriault), 87:4-7, 89:17-25, 98:19-99:14.)  Plaintiff was also verbally instructed not to use the punch communication log to report time she had worked while off-the-clock. (York Depo. Tr., 90:15-92:19.)  As a result, York felt pressured not to use the punch communication log.  Plaintiff also testified that she "frequently" witnessed other Starbucks employees working off the clock.  (York Depo. Tr., 103:12-15.) |

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

| DEFENDANT'S PURPORTED UNDISPUTED MATERIAL FACT AND OBJECTIONABLE EVIDENCE | PLAINTIFF'S EVIDENTIARY OBJECTIONS |
|---|---|
| | Moreover, her "understanding" of Starbucks' official written policy, if any, is not probative of whether she was actually paid for all the time she worked for Starbucks.<br><br>**Court's Ruling on Objection:**<br>Sustained___ Overruled___ |
| 6. During her employment with Starbucks, York understood that Starbucks policy strictly prohibits off-the-clock work. Knopp Decl. ¶ 2, Ex. A (York Tr. at 86:11-13). | **Objection:** Irrelevant, assumes facts not in evidence, calls for an improper legal conclusion, and mischaracterizes deposition testimony. Fed. R. Evid. 104(b), 402, 403, 701. Plaintiff objects to the Court considering this evidence. Defendant has taken her testimony out of context and misconstrued its meaning. Her testimony states that she understood Starbucks' written policy of paying for time worked, *not* that she was always paid for the time she worked or recorded. Moreover, Plaintiff is not a lawyer, or a legal expert. Her lay opinion as to who bore the burden of, e.g., recording her time and ensuring that she was paid for time worked is, therefore, irrelevant and |

| DEFENDANT'S PURPORTED UNDISPUTED MATERIAL FACT AND OBJECTIONABLE EVIDENCE | PLAINTIFF'S EVIDENTIARY OBJECTIONS |
|---|---|
| | inadmissible.  Further, California employment law is clear that it is Defendant's burden and responsibility, not Plaintiff's, to ensure that she is paid for the hours she works.  Cal. Lab. Code §§ 1194, 219; *Barrentine*, 450 U.S. at 740-741 (employees may not waive entitlement to the minimum wage).  Further, when read in full, it is clear that Plaintiff understood that it was Starbucks' practice and general operating policy to require off the clock work.  She was frequently "asked" to clean store lobbies after clocking out, among other chores (York Depo. Tr., 87:4-7, 89:17-25, 98:19-99:14.) Plaintiff was also verbally instructed not to use the punch communication log to report time she had worked while off-the-clock. (York Depo. Tr., 90:15-92:19.)  As a result, York felt pressured not to use the punch communication log.  Plaintiff also testified that she "frequently" witnessed other Starbucks employees working off the clock.  (York Depo. Tr., 103:12-15.) |

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

| DEFENDANT'S PURPORTED UNDISPUTED MATERIAL FACT AND OBJECTIONABLE EVIDENCE | PLAINTIFF'S EVIDENTIARY OBJECTIONS |
|---|---|
|  | Moreover, her "understanding" of Starbucks' official written policy, if any, is not probative of whether she was actually paid for all the time she worked for Starbucks.<br><br>**Court's Ruling on Objection:**<br>Sustained___ Overruled___ |
| 7. During her employment with Starbucks, York knew that one of her job responsibilities was to record the hours she worked using the point-of-sales register system ("POS system") so that Starbucks could pay her for all her time.  Knopp Decl. ¶ 2, Ex. A (York Tr. at 75:12-76:1). | **Objection:**  Irrelevant, assumes facts not in evidence, calls for an improper legal conclusion, and mischaracterizes deposition testimony.  Fed. R. Evid. 104(b), 402, 403, 701.  Plaintiff objects to the Court considering this evidence. When viewed in context, it is clear that Plaintiff's managers caused her to work off the clock, and disallowed her to record that time or receive compensation for it. Plaintiff understood that it was Starbucks' practice and general operating policy to require off the clock work.  She was frequently "asked" to clean store lobbies after clocking out, among other chores (York Depo. Tr., 87:4-7, 89:17-25, 98:19-99:14.)  Plaintiff was also verbally |

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

| DEFENDANT'S PURPORTED UNDISPUTED MATERIAL FACT AND OBJECTIONABLE EVIDENCE | PLAINTIFF'S EVIDENTIARY OBJECTIONS |
|---|---|
| | instructed not to use the punch communication log to report time she had worked while off-the-clock.  (York Depo. Tr., 90:15-92:19.)  As a result, York felt pressured not to use the punch communication log.  Plaintiff also testified that she "frequently" witnessed other Starbucks employees working off the clock.  (York Depo. Tr., 103:12-15.)  Moreover, her "understanding" of Starbucks' official written policy, if any, is not probative of whether she was actually paid for all the time she worked for Starbucks.  Furthermore, *store managers* bear responsibility for reviewing, correcting and submitting each partner's time to the payroll department in Seattle.  (Deposition of Jana Rutt ("Rutt Depo. Tr.") attached as Ex. 5 to the Declaration of Matthew Theriault, 46:22-47:9.)  The burden to ensuring payment of wages does not fall on the shoulders of hourly workers, but on Defendant.  Cal. Lab. Code §§ 1194, 219; *Barrentine*, 450 U.S. |

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DEFENDANT STARBUCKS CORP.'S SEPARATE STATEMENT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

| DEFENDANT'S PURPORTED UNDISPUTED MATERIAL FACT AND OBJECTIONABLE EVIDENCE | PLAINTIFF'S EVIDENTIARY OBJECTIONS |
|---|---|
|  | at 740-741 (employees may not waive entitlement to the minimum wage). **Court's Ruling on Objection: Sustained___ Overruled___** |
| 11. York understood that if she forgot to clock-in on the POS system, or otherwise needed to correct a time entry, she could ensure proper payment of all hours worked by noting her correct time in a book called the "Punch Communication Log:" "Q: You also understood that if you did perform work while you were not clocked in, you could use the punch communication log to make sure you got paid for that work, correct? A: That is correct." Knopp Decl. ¶ 2, Ex. A (York Tr. at 90:22-91:4; 76:8-14; 77:1-18; 78:2-5; 92:3-9; 100:1-11; 106:17-107:4). | **Objection:** Irrelevant, assumes facts not in evidence, and mischaracterizes deposition testimony. Fed. R. Evid. 104(b), 402, 403. Plaintiff objects to the Court considering this evidence as presented by Defendant. Defendant has misconstrued her testimony and taken it out of context. In context, it is clear that Plaintiff's managers instructed her to work off the clock. Plaintiff testified that she was "asked" to clean lobbies, among other chores, off the clock "frequently" during her employment. (York Depo. Tr., 89:17-25, 98:19-99:14.) She was also verbally instructed by management not to use the punch communication log (York Depo. Tr., 90:25-91:7) and thus was pressured into not reporting her time manually if it was not captured accurately by the Point of Service system (York Depo. Tr., 90:15- |

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

| DEFENDANT'S PURPORTED UNDISPUTED MATERIAL FACT AND OBJECTIONABLE EVIDENCE | PLAINTIFF'S EVIDENTIARY OBJECTIONS |
|---|---|
| | 92:19).  Moreover, Starbucks' own Person Most Qualified testified that managers are charged with ensuring that hourly workers are paid for all the time they work.  (Rutt Depo. Tr., 46:22-47:9.)  Starbucks thus misrepresents its own policies in implying that York is somehow responsible for the failure of Starbucks to compensate her for off the clock work.  Cal. Lab. Code §§ 1194, 219; *Barrentine*, 450 U.S. at 740-741 (employees may not waive entitlement to the minimum wage).<br><br>**Court's Ruling on Objection:**<br>**Sustained\_\_\_  Overruled\_\_\_** |
| 15.  York estimates that her off-the-clock cleaning tasks took 5-10 minutes to complete.  Knopp Decl. ¶ 2, Ex. A (York Tr. at 93:25-94:4; 107:24-108:2). | **Objection:**  Irrelevant and mischaracterizes deposition testimony.  Fed. R. Evid. 402, 403.  As set forth more fully in Pl.'s Ev. Obj., Plaintiff objects on grounds that she did not testify that her off-the-clock work took 5-10 minutes.  That is a false representation of her testimony.  Plaintiff's testimony is that the time she spent doing off the clock work varied, and actually took "anywhere from |

| **DEFENDANT'S PURPORTED UNDISPUTED MATERIAL FACT AND OBJECTIONABLE EVIDENCE** | **PLAINTIFF'S EVIDENTIARY OBJECTIONS** |
|---|---|
| | 5 minutes to 15, 20 minutes at the most." (York Depo. Tr., 108:10-108:14.) **Court's Ruling on Objection: Sustained___ Overruled___** |
| 18.  No manager ever told York that she should not be paid for work she performed off the clock: "Q: Did anybody ever specifically tell you that you should perform work and not get paid for it? A:  In those words exactly? Q:  Or words to that effect. A:  No." Knopp Decl. ¶ 2, Ex. A (York Tr. at 91:9-13; 95:14-20). | **Objection:**  Irrelevant, assumes facts not in evidence, and mischaracterizes deposition testimony.  Fed. R. Evid. 104(b), 402, 403.  Plaintiff objects to the Court considering this evidence as presented by Defendant.  Defendant has misconstrued her testimony and taken it out of context.  In context, it is clear that Plaintiff's managers instructed her to work off the clock.  Plaintiff testified that she was "asked" to clean lobbies, among other chores, off the clock "frequently" during her employment.  (York Depo. Tr., 89:17-25, 98:19-99:14.)  She was also verbally instructed by management not to use the punch communication log (York Depo. Tr., 90:25-91:7) and thus was pressured into not reporting her time manually if it was not captured accurately by the Point of Service system (York Depo. Tr., 90:15- |

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DEFENDANT STARBUCKS CORP.'S SEPARATE STATEMENT

| DEFENDANT'S PURPORTED UNDISPUTED MATERIAL FACT AND OBJECTIONABLE EVIDENCE | PLAINTIFF'S EVIDENTIARY OBJECTIONS |
|---|---|
| | 92:19). Moreover, Starbucks' own Person Most Qualified testified that managers are charged with ensuring that hourly workers are paid for all the time they work. (Rutt Depo. Tr., 46:22-47:9.) Starbucks thus misrepresents its own policies in implying that York is somehow responsible for the failure of Starbucks to compensate her for off the clock work. Cal. Lab. Code §§ 1194, 219; *Barrentine*, 450 U.S. at 740-741 (employees may not waive entitlement to the minimum wage). **Court's Ruling on Objection: Sustained\_\_\_ Overruled\_\_\_** |
| 19. No manager ever told York that she could not use the Punch Communication Log to be paid for any additional work she performed after clocking-out. Knopp Decl. ¶ 2, Ex. A (York Tr. at 91:14-17; 92:3-93:2). | **Objection:** Irrelevant, assumes facts not in evidence, and mischaracterizes deposition testimony. Fed. R. Evid. 104(b), 402, 403. Plaintiff objects to the Court considering this evidence as presented by Defendant. Defendant has misconstrued her testimony and taken it out of context. In context, it is clear that Plaintiff's managers instructed her to work off the clock. Plaintiff testified that she |

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DEFENDANT STARBUCKS CORP.'S SEPARATE STATEMENT

| DEFENDANT'S PURPORTED UNDISPUTED MATERIAL FACT AND OBJECTIONABLE EVIDENCE | PLAINTIFF'S EVIDENTIARY OBJECTIONS |
|---|---|
| | was "asked" to clean lobbies, among other chores, off the clock "frequently" during her employment.  (York Depo. Tr., 89:17-25, 98:19-99:14.)  She was also verbally instructed by management not to use the punch communication log (York Depo. Tr., 90:25-91:7) and thus was pressured into not reporting her time manually if it was not captured accurately by the Point of Service system (York Depo. Tr., 90:15-92:19).  Moreover, Starbucks' own Person Most Qualified testified that managers are charged with ensuring that hourly workers are paid for all the time they work.  (Rutt Depo. Tr., 46:22-47:9.)  Starbucks thus misrepresents its own policies in implying that York is somehow responsible for the failure of Starbucks to compensate her for off the clock work.  Cal. Lab. Code §§ 1194, 219; *Barrentine*, 450 U.S. at 740-741 (employees may not waive entitlement to the minimum wage).<br><br>**Court's Ruling on Objection:**<br>**Sustained___  Overruled___** |

INITIATIVE LEGAL GROUP APC<br>1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DEFENDANT STARBUCKS CORP.'S SEPARATE STATEMENT

| DEFENDANT'S PURPORTED UNDISPUTED MATERIAL FACT AND OBJECTIONABLE EVIDENCE | PLAINTIFF'S EVIDENTIARY OBJECTIONS |
|---|---|
| 20. York did not use the Punch Communication Log to record her time when she worked off the clock because she "just didn't think about it at that moment." Knopp Decl. ¶ 2, Ex. A (York Tr. at 92:10-15). | **Objection:** Irrelevant, assumes facts not in evidence, and mischaracterizes deposition testimony. Fed. R. Evid. 104(b), 402, 403. Plaintiff objects to the Court considering this evidence as presented by Defendant. Defendant has misconstrued her testimony and taken it out of context. In context, it is clear that Plaintiff's managers instructed her to work off the clock. Plaintiff testified that she was "asked" to clean lobbies, among other chores, off the clock "frequently" during her employment. (York Depo. Tr., 89:17-25, 98:19-99:14.) She was also verbally instructed by management not to use the punch communication log (York Depo. Tr., 90:25-91:7) and thus was pressured into not reporting her time manually if it was not captured accurately by the Point of Service system (York Depo. Tr., 90:15-92:19). Moreover, Starbucks' own Person Most Qualified testified that managers are charged with ensuring that hourly workers are paid for all the time they work. (Rutt |

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DEFENDANT STARBUCKS CORP.'S SEPARATE STATEMENT

INITIATIVE LEGAL GROUP APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

| DEFENDANT'S PURPORTED UNDISPUTED MATERIAL FACT AND OBJECTIONABLE EVIDENCE | PLAINTIFF'S EVIDENTIARY OBJECTIONS |
|---|---|
| | Depo. Tr., 46:22-47:9.)  Starbucks thus misrepresents its own policies in implying that York is somehow responsible for the failure of Starbucks to compensate her for off the clock work.  Cal. Lab. Code §§ 1194, 219; *Barrentine*, 450 U.S. at 740-741 (employees may not waive entitlement to the minimum wage).<br>**Court's Ruling on Objection:**<br>**Sustained___ Overruled___** |
| 21.  York testified that she could not recall using the Punch Communication Log to record the time she worked off the clock.  Knopp Decl. ¶ 2, Ex. A (York Tr. at 97:23-98-4). | **Objection:**  Irrelevant, assumes facts not in evidence, and mischaracterizes deposition testimony.  Fed. R. Evid. 104(b), 402, 403.  Plaintiff objects to the Court considering this evidence as presented by Defendant.  Defendant has misconstrued her testimony and taken it out of context.  In context, it is clear that Plaintiff's managers instructed her to work off the clock.  Plaintiff testified that she was "asked" to clean lobbies, among other chores, off the clock "frequently" during her employment.  (York Depo. Tr., 89:17-25, 98:19-99:14.)  She was also verbally |

| DEFENDANT'S PURPORTED UNDISPUTED MATERIAL FACT AND OBJECTIONABLE EVIDENCE | PLAINTIFF'S EVIDENTIARY OBJECTIONS |
|---|---|
| | instructed by management not to use the punch communication log (York Depo. Tr., 90:25-91:7) and thus was pressured into not reporting her time manually if it was not captured accurately by the Point of Service system (York Depo. Tr., 90:15-92:19).  Moreover, Starbucks' own Person Most Qualified testified that managers are charged with ensuring that hourly workers are paid for all the time they work.  (Rutt Depo. Tr., 46:22-47:9.)  Starbucks thus misrepresents its own policies in implying that York is somehow responsible for the failure of Starbucks to compensate her for off the clock work.  Cal. Lab. Code §§ 1194, 219; *Barrentine*, 450 U.S. at 740-741 (employees may not waive entitlement to the minimum wage).<br><br>**Court's Ruling on Objection:**<br>**Sustained\_\_\_ Overruled\_\_\_** |
| 22.  Whenever York complained that she was owed compensation for additional hours worked, Starbucks | **Objection:**  Irrelevant, assumes facts not in evidence, and mischaracterizes deposition testimony.  Fed. R. Evid. 104(b), 402, 403.  Plaintiff objects to the |

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DEFENDANT STARBUCKS CORP.'S SEPARATE STATEMENT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

INITIATIVE LEGAL GROUP APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

| DEFENDANT'S PURPORTED UNDISPUTED MATERIAL FACT AND OBJECTIONABLE EVIDENCE | PLAINTIFF'S EVIDENTIARY OBJECTIONS |
|---|---|
| always responded to York's complaints by paying her whatever wages she claimed were owed:<br><br>"Q: Is it fair to say that when you actually complained to somebody that you hadn't been paid for time worked, the company paid you for it?<br><br>. . .<br><br>A: If it was reported to a manager or district manager in writing, yes."<br><br>Knopp Decl. ¶ 2, Ex. A (York Tr. at 103:4-10). | Court considering this evidence as presented by Defendant. Defendant has misconstrued her testimony and taken it out of context. Plaintiff testified that she verbally complained about working off the clock, and yet she was not compensated for the off the clock work. (York Depo. Tr., 100:5-9.) Moreover, on its face, Plaintiff's testimony is that Starbucks responded to *written* complaints by paying her the wages she was owed. In truth, Starbucks failed to pay Plaintiff for hours worked off the clock when "it was known that [she] was off [her] shift (York Depo. Tr., 91:20-92:2).<br><br>**Court's Ruling on Objection:**<br>**Sustained___ Overruled___** |
| 24. In the August 12, 2007 complaint to Amy Lewis, York claimed that she had a one-hour meeting with Dach, her manager, while she was not clocked in. Knopp Decl. ¶ 2, Ex. A (York Tr. at 102:2-11); | **Objection:** Irrelevant, assumes facts not in evidence, and mischaracterizes deposition testimony. Fed. R. Evid. 104(b), 402, 403. Plaintiff objects that Defendant has misconstrued her testimony and taken it out of context by implying that the one-hour meeting is the only off |

| **DEFENDANT'S PURPORTED UNDISPUTED MATERIAL FACT AND OBJECTIONABLE EVIDENCE** | **PLAINTIFF'S EVIDENTIARY OBJECTIONS** |
|---|---|
| Knopp Decl. ¶ 3, Ex. B (York's letter to Amy Lewis). | the clock work about which Plaintiff complained in her August 12, 2007 letter. In fact, her letter also complains about off the clock work during meal breaks. (Theriault Decl., Ex. 6.) **Court's Ruling on Objection: Sustained___ Overruled___** |
| 26.  When York complained to her store manager that she was owed meal premiums, Starbucks then paid her these wages.  Knopp Decl. ¶ 2, Ex. A (York Tr. at 134:7-13). | **Objection:**  Irrelevant, assumes facts not in evidence, and mischaracterizes deposition testimony.  Fed. R. Evid. 104(b), 402, 403.  Plaintiff objects that Defendant has misconstrued her testimony and taken it out of context.  Plaintiff testified that she verbally complained about working off the clock and yet she was not compensated for the off the clock work.  (York Depo. Tr., 100:5-9.)  Moreover, on its face, Plaintiff's testimony is that Starbucks responded to *written* complaints by paying her the wages she was owed.  In truth, Starbucks failed to pay Plaintiff for hours worked off the clock when "it was known that [she] was off [her] shift (York Depo. Tr., 91:20- |

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DEFENDANT STARBUCKS CORP.'S SEPARATE STATEMENT

| DEFENDANT'S PURPORTED UNDISPUTED MATERIAL FACT AND OBJECTIONABLE EVIDENCE | PLAINTIFF'S EVIDENTIARY OBJECTIONS |
|---|---|
| | 92:2). Further, California employment law is clear that it is Defendant's burden and responsibility, not Plaintiff's, to ensure that she is paid for the hours she works. Cal. Lab. Code §§ 1194, 219; *Barrentine*, 450 U.S. at 740-741 (employees may not waive entitlement to the minimum wage). **Court's Ruling on Objection:** **Sustained___ Overruled___** |
| 27. York made no other efforts to seek payment for her alleged uncompensated time. Knopp Decl. ¶ 2, Ex. A (York Tr. at 98:8-101:1 [admitting that the above discussed requests were the only requests she made to be compensated for working off the clock.]) | **Objection:** Irrelevant, assumes facts not in evidence, and mischaracterizes deposition testimony. Fed. R. Evid. 104(b), 402, 403. When viewed in full, it is Plaintiff's testimony that she verbally complained about working off the clock and yet she was not compensated for the off the clock work. (York Depo. Tr., 100:5-9.) She also complained in writing about off the clock work. (Theriault Decl., Ex. 6.) And, in truth, Starbucks failed to pay Plaintiff for hours worked off the clock when "it was known that [she] was off [her] shift (York Depo. Tr., 91:20- |

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DEFENDANT STARBUCKS CORP.'S SEPARATE STATEMENT

| DEFENDANT'S PURPORTED UNDISPUTED MATERIAL FACT AND OBJECTIONABLE EVIDENCE | PLAINTIFF'S EVIDENTIARY OBJECTIONS |
|---|---|
| | 92:2).  Starbucks admits that its managers are charged with ensuring that hourly workers are paid for all the time they work.  (Rutt Depo. Tr., 46:22-47:9.)  Yet, even when York objected to working off the clock, she would nevertheless be instructed to just do the work quickly and off the clock.  (York Depo. Tr., 100:1-9.)  York's managers were also aware that she was working off the clock during closing shifts, when the managers had the hourly personnel clock out, and then wait a few minutes for the manager to set the store's alarm.  (York Depo. Tr., 96:19-25.)  Further, California employment law is clear that it is Defendant's burden and responsibility, not Plaintiff's, to ensure that she is paid for the hours she works.  Cal. Lab. Code §§ 1194, 219; *Barrentine*, 450 U.S. at 740-741 (employees may not waive entitlement to the minimum wage).  **Court's Ruling on Objection: Sustained___  Overruled___** |
| 28.   York never mentioned any off- | **Objection:**  Irrelevant, assumes facts not |

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

| DEFENDANT'S PURPORTED UNDISPUTED MATERIAL FACT AND OBJECTIONABLE EVIDENCE | PLAINTIFF'S EVIDENTIARY OBJECTIONS |
|---|---|
| the-clock work for which she was not paid to her store managers.  Declaration of Carolyn Dach ("Dach Dec.") ¶ 3; Declaration of Shannon Delgado ("Delgado Dec.") ¶ 3; Declaration of Shannon Sawyers ("Sawyers Dec.") ¶ 3. | in evidence, improper legal conclusion, and inadmissible hearsay.  Fed. R. Evid. 104(b), 402, 403, 701, 802.  Plaintiff objects that the declarations presented here are inadmissible hearsay and improperly purport to make improper legal conclusions about whether Plaintiff was paid all wages due to her.  Further, California employment law is clear that it is Defendant's burden and responsibility, not Plaintiff's, to ensure that she is paid for the hours she works.  Cal. Lab. Code §§ 1194, 219; *Barrentine*, 450 U.S. at 740-741 (employees may not waive entitlement to the minimum wage). It was not Plaintiff's responsibility to "mention" her off the clock work to Defendant, especially when it was already clear to her manager that she had clocked out for the day and was working off the clock.  (York Depo. Tr., 91:20-92:2.) |
|  | **Court's Ruling on Objection:** **Sustained____  Overruled____** |
| 29.  No Starbucks employee ever | **Objection:**  Irrelevant, assumes facts not |

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

| **DEFENDANT'S PURPORTED UNDISPUTED MATERIAL FACT AND OBJECTIONABLE EVIDENCE** | **PLAINTIFF'S EVIDENTIARY OBJECTIONS** |
|---|---|
| inform York's managers that York had performed work for which she was not paid. Dach Dec. ¶ 3; Delgado Dec. ¶ 3; Sawyers Dec. ¶ 3. | in evidence, improper legal conclusion, and inadmissible hearsay. Fed. R. Evid. 104(b), 402, 403, 701, 802. Plaintiff objects that the declarations presented here are inadmissible hearsay and improperly purport to make improper legal conclusions about whether Plaintiff was paid all wages due to her. Further, California employment law is clear that it is Defendant's burden and responsibility, not Plaintiff's, to ensure that she is paid for the hours she works. Cal. Lab. Code §§ 1194, 219; *Barrentine*, 450 U.S. at 740-741 (employees may not waive entitlement to the minimum wage). It was not the responsibility of Plaintiff's co-workers to "mention" her off the clock work to Defendant, especially when it was already clear to her manager that she had clocked out for the day and was working off the clock. (York Depo. Tr., 91:20-92:2.)<br><br>**Court's Ruling on Objection:**<br>**Sustained\_\_\_  Overruled\_\_\_** |
| 30. None of York's managers have | **Objection:** Irrelevant, assumes facts not |

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

| DEFENDANT'S PURPORTED UNDISPUTED MATERIAL FACT AND OBJECTIONABLE EVIDENCE | PLAINTIFF'S EVIDENTIARY OBJECTIONS |
|---|---|
| knowledge of York performing work for which she was not paid. Dach Dec. ¶ 3; Delgado Dec. ¶ 3; Sawyers Dec. ¶ 3. | in evidence, improper legal conclusion, and inadmissible hearsay. Fed. R. Evid. 104(b), 402, 403, 701, 802. Plaintiff objects that the declarations presented here are inadmissible hearsay and improperly purport to make improper legal conclusions about whether Plaintiff was paid all wages due to her. Moreover, Plaintiff objects that Defendant is misconstruing the record. It could not be more clear that Plaintiff was made to work off the clock by her managers, even though it was known her shift was over and she had clocked out for the day. (York Depo. Tr., 91:20-92:2.) Further, California employment law is clear that it is Defendant's burden and responsibility, not Plaintiff's, to ensure that she is paid for the hours she works. Cal. Lab. Code §§ 1194, 219; *Barrentine*, 450 U.S. at 740-741 (employees may not waive entitlement to the minimum wage). **Court's Ruling on Objection: Sustained___ Overruled___** |

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

| DEFENDANT'S PURPORTED UNDISPUTED MATERIAL FACT AND OBJECTIONABLE EVIDENCE | PLAINTIFF'S EVIDENTIARY OBJECTIONS |
|---|---|
| 36.  Due to the processing error of a payroll employee, the check that Dach presented at the termination meeting did not include York's vacation pay or the reporting-time pay.  Gintz Decl. ¶ 3; Knopp Decl. ¶ 2, Ex. B (York Tr. at 156:6-10; 157:3-158:6); Knopp Decl. ¶ 10, Ex. I (York's Earning Statement dated August 18, 2008).  Knopp Decl. ¶ 11, Ex. J (Deposition Transcript of Jacqueline Gintz dated October 9, 2009 at 54:6-12; 55:17-25 [testifying that former Starbucks payroll employee Anika Davis processed Ms. York's separation check.])  Declaration of Anika Davis ¶¶ 3-4. | **Objection:**  Irrelevant, assumes facts not in evidence, improper legal conclusion, and inadmissible hearsay.  Fed. R. Evid. 104(b), 402, 403, 701, 802.  Plaintiff objects that Ms. Davis' testimony as to her own state of mind, including her inability to recall actually processing York's final wages, is irrelevant, misleading, and hearsay.  Moreover, despite displaying a list of purported evidence, Starbucks has no actual proof, other than Ms. Davis' flimsy and self-serving declaration, to demonstrate that the "processing errors" were wholly inadvertent.  **Court's Ruling on Objection:  Sustained___  Overruled___** |
| 37.  York admitted that she had no idea why Starbucks did not pay her vacation wages on time: | **Objection:**  Irrelevant, assumes facts not in evidence, and improper legal conclusion.  Fed. R. Evid. 104(b), 402, |

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DEFENDANT STARBUCKS CORP.'S SEPARATE STATEMENT

| DEFENDANT'S PURPORTED UNDISPUTED MATERIAL FACT AND OBJECTIONABLE EVIDENCE | PLAINTIFF'S EVIDENTIARY OBJECTIONS |
|---|---|
| "Q: Do you have any understanding as to why you received the check for the vacation pay later than that meeting?<br><br>A: No."<br><br>Knopp Decl. ¶ 2, Ex. A (York Tr. at 162:3-6). | 403, 701. Plaintiff objects that Defendant is mischaracterizing and misusing her deposition testimony; Defendant is also drawing an improper legal conclusion from Plaintiff's testimony (that, because she does not know Starbucks' reasons for paying her final wages late, there must not be any explanation for the late payment other than pure error). Plaintiff is plainly not testifying, nor could she testify, as to the payroll processes and practices that failed to generate her final wages on time. She is simply stating that she has no opinion as to which specific mechanism within the Starbucks payroll department failed to get her final wages processed timely. |
| 38. Following the termination meeting between York and Dach, York called Starbucks to complain that her final paycheck did not include her vacation pay. Gintz Decl. ¶ 5, Ex. C (PSS Case Information | **Objection:** Misstates and misconstrues the record. Fed. R. Evid. 104(b), 402, 403. Plaintiff objects to the Court considering the evidence as presented by Defendant. In truth, the record shows that York had to call the Partner Contact Center *twice* to complain that the vacation |

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

| DEFENDANT'S PURPORTED UNDISPUTED MATERIAL FACT AND OBJECTIONABLE EVIDENCE | PLAINTIFF'S EVIDENTIARY OBJECTIONS |
|---|---|
| sheet). | pay was not included in her final wages. Starbucks did not respond after the first time she called to complain.  It was only after the *second* time she called, six days after the first call, to again report the error that Starbucks acknowledged the problem and took steps to fix it (Deposition of Jacqueline Gintz ("Gintz Depo. Tr."), attached as Ex. 4 to the Declaration of Matthew Theriault, 72:19 -73:18).  Even after becoming "aware" of the payroll problem, Starbucks *still* did not issue the vacation pay check for 3 more days.  The check was sent via regular mail (even though Starbucks' "policy" is to overnight such checks) and did not include any waiting time penalties for the late payment of her final wages.  (Labor Code section 203; Gintz Depo. Tr., 72:19-25; Ex. 7.) **Court's Ruling on Objection: Sustained___ Overruled___** |
| 42.  While York did not mention that the paycheck she received upon termination was missing | **Objection:**  Misstates and misconstrues the record, irrelevant. Fed. R. Evid. 104(b), 402, 403.  Plaintiff objects that this |

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DEFENDANT STARBUCKS CORP.'S SEPARATE STATEMENT

INITIATIVE LEGAL GROUP APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

| DEFENDANT'S PURPORTED UNDISPUTED MATERIAL FACT AND OBJECTIONABLE EVIDENCE | PLAINTIFF'S EVIDENTIARY OBJECTIONS |
|---|---|
| reporting-time pay during her call to Starbucks, the Starbucks payroll system automatically paid out these wages on the next payroll cycle. Gintz Decl. ¶ 5, Ex. C (PSS Case Information sheet); Gintz Decl. ¶ 7, Ex. E (electronic pay statement for Summer York dated September 5, 2008). | information is immaterial and irrelevant to the issue of Starbucks' late final payment of accrued vacation time to Plaintiff. **Court's Ruling on Objection: Sustained___ Overruled___** |
| 52. York understood that her overtime rate was 1.5 times her regular rate. Knopp Decl. ¶ 2, Ex. A (York Tr. at 82:8-14; 170:18-171:2). | **Objection:** Irrelevant, assumes facts not in evidence, mischaracterizes prior testimony. Fed. R. Evid. 104(b), 402, 403. Plaintiff objects to the Court considering this evidence because it lacks foundation, mischaracterizes her prior testimony, and wrongly infers that Plaintiff testified that her wage statements fully complied with the requirements of California Labor Code section 226(a)(9) (requiring employers to place all applicable hourly rates in effect on employee's wage statements). Moreover, Plaintiff objects that this evidence is irrelevant and immaterial in |

| DEFENDANT'S PURPORTED UNDISPUTED MATERIAL FACT AND OBJECTIONABLE EVIDENCE | PLAINTIFF'S EVIDENTIARY OBJECTIONS |
|---|---|
| | that her "understanding" is neither a relevant nor a material fact. **Court's Ruling on Objection: Sustained___ Overruled___** |
| 53. York testified that she was able to calculate her overtime rate because she knew her regular rate. Knopp Decl. ¶ 2, Ex. A (York Tr. at 170:11-23). | **Objection:** Irrelevant, assumes facts not in evidence, mischaracterizes prior testimony. Fed. R. Evid. 104(b), 402, 403. Plaintiff objects to the Court considering this evidence because it lacks foundation, mischaracterizes her prior testimony, and wrongly infers that Plaintiff testified that her wage statements fully complied with the requirements of California Labor Code section 226(a)(9) (requiring employers to place all applicable hourly rates in effect on employee's wage statements). Moreover, Plaintiff objects that this evidence is irrelevant and immaterial in that her "understanding" is neither a relevant nor a material fact. **Court's Ruling on Objection: Sustained___ Overruled___** |
| 61. York stated that the injury she suffered as a result of Starbucks | **Objection:** Irrelevant. Fed. R. Evid. 104(b), 402, 403. Plaintiff objects to the |

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DEFENDANT STARBUCKS CORP.'S SEPARATE STATEMENT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

| DEFENDANT'S PURPORTED UNDISPUTED MATERIAL FACT AND OBJECTIONABLE EVIDENCE | PLAINTIFF'S EVIDENTIARY OBJECTIONS |
|---|---|
| allegedly deficient wage statements was confusion. Knopp Decl. ¶ 2, Ex. A (York Tr. at 166:2-17; 166:7-167:1; 169:2-15; 169:20-170:3; 171:3-14). | Court considering this evidence because it is irrelevant and immaterial, because she does not need to show that she confused by the receipt of Starbucks' improper wage statements in order to demonstrate "injury" within the meaning of Labor Code section 203. **Court's Ruling on Objection: Sustained___ Overruled___** |

Dated: November 16, 2009

Respectfully submitted,

Initiative Legal Group, APC

By: /s/Matthew T. Theriault

Gene Williams
Matthew T. Theriault
Dina S. Livhits
Jennifer Grock

Attorneys for Plaintiff Summer York