**LINKS: 170, 187**

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUMMER YORK, individually, and on behalf of other members of the general public similarly situated,<br><br>           Plaintiffs,<br><br>   vs.<br><br>STARBUCKS CORPORATION, et al.,<br><br>           Defendants. | **Case No. CV 08-07919 GAF (PJWx)**<br><br>**MEMORANDUM & ORDER REGARDING MOTIONS FOR PARTIAL SUMMARY JUDGMENT** |

**I.**

**INTRODUCTION & BACKGROUND**

Plaintiff Summer York ("York" or "Plaintiff") filed the present lawsuit against Defendants Starbucks Corporation and Starbucks Coffee Company (collectively, "Starbucks" or "Defendants") on December 2, 2008. (Docket No. 1 [Compl.].) York, who worked for Defendants as a barista and supervisor between 2003 and 2008, asserted that Starbucks was in violation of a number of California Labor and Business & Professions Code provisions. (Id.) She therefore brought a putative class action claim for violation of these provisions as well as an enforcement action under California's Private Attorneys General Act ("PAGA"). (Id.)

One of Plaintiff's allegations was that Defendants violated California Labor Code section 226 by providing wage statements that were deficient in three respects: (1) the statements did not properly identify her employer's name; (2) the statements did not

provide the total number of hours worked; and (3) the statements failed to indicate the overtime rate. (Id.) This Court rejected Plaintiff's claims as to the first two alleged deficiencies in 2009 and 2011, respectively. (Docket No. 70 [12/3/09 Order] at 14; Docket No. 147 [8/5/11 Order] at 7.) As to Plaintiff's final allegation, the Court ultimately determined that Defendants' failure to provide an actual, numeric overtime rate on Plaintiff's wage statement constituted a violation of section 226(a)(9), but that this deficiency did not cause Plaintiff to suffer an "injury" sufficient to permit statutory damages under section 226(e). (Id.)

The Court therefore denied Plaintiff's motion for class certification of the wage statement claims because, having suffered no injury, she no longer had standing to pursue statutory damages under section 226(e). (Docket No. 155 [11/23/11 Order] at 54.) Notably, Plaintiff did not move for class certification of any claim under PAGA and asserted that the Court's findings regarding "injury" under section 226(e) "did not impact York's ability to seek PAGA penalties for Labor Code section 226(a)(9) violations." (Docket No. 170 [Mem.] at 3–4.) Plaintiff now moves for partial summary judgment with respect to her PAGA claims. (Mem.) Specifically, she seeks a final determination that (1) Plaintiff is the California Labor Code private attorney general for purposes of this litigation; (2) Defendants' wage statements beginning on December 4, 2007, failed to list the actual, numeric overtime rate as required under California Labor Code section 226(a)(9); and (3) Defendants are liable for the maximum penalties authorized under PAGA. (Id.)

In response to Plaintiff's motion, Defendants have filed a Cross-Motion for Partial Summary Judgment, arguing that (1) Plaintiff lacks standing to assert a claim under PAGA; (2) Plaintiff failed to exhaust PAGA's mandatory administrative remedies; (3) PAGA's "fallback" penalty provision does not provide civil penalties for the section 226(a) violation at issue in this case; and (4) PAGA violates the United States and California constitutions. (Docket No. 187 [Cross-Mot.].)

2

For the reasons that follow, the Court **GRANTS in part** Plaintiff's motion with respect to requests (1) and (2) and **DENIES in part** Plaintiff's motion as to her request for a determination that PAGA's maximum penalties apply in this action. Defendants' motion is **DENIED in its entirety**.

## II.

## DISCUSSION

### A. LEGAL STANDARD: PARTIAL SUMMARY JUDGMENT

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, when addressing a motion for summary judgment, the Court must decide whether there exist "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. See id. at 256. Where there is no evidence demonstrating the existence of a genuine issue of material fact, the moving party may prevail simply by "pointing out to the district court . . . that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). To defeat a motion for summary judgment, a non-movant must generally "produce evidence to support its claim or defense" which "create[s] a genuine issue of material fact." Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1103 (9th Cir. 2000).

Partial summary judgment is authorized to establish part of a claim. Fed. R. Civ. P. 56(a). Other than constituting an appealable "judgment," partial summary judgment motions follow the same standards and procedures as summary judgment. Id.; Delta Sav. Bank v. United States, 265 F.3d 1017, 1021 (9th Cir. 2001).

**B. APPLICATION**

**1. PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff moves for partial summary judgment against Starbucks on three issues related to her PAGA claim. (Mem. at 1.) Specifically, Plaintiff seeks a final determination that: (1) Plaintiff acts as a private attorney general for enforcement of Starbucks' violations of section 226(a)(9); (2) during the applicable PAGA statute of limitations, Starbucks failed to provide wage statements that listed the actual, numeric overtime rate; and (3) Starbucks is liable for the maximum penalties under Labor Code section 2699(f)(2). (Id.)

### *a. Plaintiff Is the California Labor Code Private Attorney General for Purposes of this Litigation.*

Plaintiff asserts there are no genuine issues of material fact with respect to her status as California Labor Code Private Attorney General for purposes of this action against Starbucks. (Mem. at 4.) Defendants' Opposition and Cross-Motion for Summary Judgment dispute Plaintiff's contention on three grounds: (1) Defendants argue genuine issues of material fact remain as to whether Plaintiff exhausted PAGA's administrative remedies; (2) Defendants contend that Plaintiff does not have standing to bring a PAGA suit on her own behalf; and (3) Defendants argue that Plaintiff does not have standing to bring a PAGA suit on behalf of unnamed third parties. (Docket No. 182 [Opp.]; Docket No. 187 [Cross-Mot.].)

### i. Exhaustion of PAGA's Administrative Remedies

PAGA "empowers or deputizes an aggrieved employee to sue for civil penalties 'on behalf of himself or herself and other current or former employees' (citation omitted) as an alternative to enforcement by the [Labor and Workforce Development Agency ("LWDA")]." Cal. Lab. Code ¶ 2699(a); <u>Dunlap v. Superior Court</u>, 47 Cal. Rptr. 3d 614, 618 (Ct. App. 2006). However, to be properly "deputized" as Labor Code private attorney general, a plaintiff must exhaust PAGA's statutory prerequisites. <u>Silva v. U.S. Bancorp</u>, No. 5:10-cv-01854, 2011 WL 7096576, at *3 (C.D. Cal. Oct. 6, 2011)

4

(dismissing PAGA claim with prejudice because plaintiff failed to exhaust administrative remedies). To achieve that objective, the plaintiff must "give written notice by certified mail to the Labor and Workforce Development Agency and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation." Cal. Lab. Code § 2699.3(a)(1).

Plaintiff contends that she "satisfied PAGA's exhaustion requirements after LWDA sent [written] notice declining to investigate . . . in response to York's notice requesting an investigation into Starbucks' failure to list the applicable hourly rates on wage statements." (Mem. at 5.) In response, Defendants argue that the notice Plaintiff provided to LWDA failed to meet the "exceedingly detailed level of specificity" required by the Ninth Circuit to satisfy section 2699.3(1)'s requirements because it "contain[ed] a laundry list of claims based on almost every Labor Code provision litigated in the courts." (Docket No. 182 [Opp.] at 8 (citing Archila v. KFC U.S. Prop., Inc., 420 F. App'x. 667, 669 (9th Cir. 2011)).) Defendants offer this argument both in their Opposition to Plaintiff's Motion for Partial Summary Judgment and as an affirmative basis for partial summary judgment in their own Cross-Motion. (Opp. at 8; Cross-Mot. at 7–9.)

However, Soto and Archila, the two cases on which Defendants rely for their lack of specificity argument both involved claims more complex and numerous than the straightforward section 226(a) violations alleged here. See Soto v. Castlerock Farming and Transport Inc., No. CIV-F-09-0701, 2012 WL 1292519, at *1 (E.D. Cal. April 16, 2012); Archila, 420 F. App'x. 667. In Soto, the plaintiffs alleged nine separate violations of the Labor Code under PAGA and yet the notice they filed with LWDA stated only that,

> These employees are or have been employed by Castlerock Farming and Transport, Inc. in the company's grape growing operations. Payment has not been made for all work actually required and permitted to be performed, and for all rest and meal periods. The employer has violated various provisions of the Labor Code. Liability may be based on [long list of specific California Labor Code sections].

5

Soto, 2012 WL 1292519 at *7. The Ninth Circuit found that the letter sent to LWDA by the Archila plaintiffs was similarly conclusory. Archila, 420 F. App'x. at 669 ("[N]one of the materials Archila submitted to KFC or the LWDA contain 'facts and theories' to support his allegations. The demand letter merely lists several California Labor Code provisions Archila alleges KFC violated and requests that KFC conduct an investigation.").

In contrast, York's notice to LWDA stated with relative specificity that "[t]he wage statements [employees] received from Starbucks Corporation were in violation of California Labor Code § 226(a). The violations include, without limitation, the failure to include total hours worked, and the failure to include the applicable hourly rates." (Opp. at 9.) Defendants apparently find fault with the fact that Plaintiff's notice alleged the "applicable hourly rates" were absent from the wage statements instead of specifically alleging that the "overtime rate" was missing. (Id.) Defendant's argument is unpersuasive. The notice here is much more detailed and specific than in Soto and Archila, and nothing in those cases suggests that California law requires the level of detail demanded by Defendants. Accordingly, the Court concludes that Plaintiff properly exhausted the administrative remedies required under PAGA.

### ii. Standing

Defendants argue in their Opposition and Cross-Motion for Partial Summary Judgment that Plaintiff lacks the requisite individual standing to assert a claim under PAGA because she suffered no injury as a result of Defendants' failure to provide her with proper wage statements. (Opp. at 4.) Defendants cite this Court's August 5, 2011 Order in support of the argument that Plaintiff's "confusion" and the inconvenience she experienced at having "to perform basic math" did not amount to legally cognizable "injuries." (Id. at 6.)

While the Court agrees Plaintiff suffered no injury here, the plain text of the statute makes clear that the presence or absence of injury is irrelevant to the standing

6

inquiry under PAGA. As this Court recently explained in <u>McKenzie v. Federal Express</u>, "proving a violation of subsection (a) of Section 226 is sufficient by itself to warrant civil penalties under PAGA." 765 F. Supp. 2d 1222, 1232 (C.D. Cal. 2011). "PAGA 'empowers or deputizes an aggrieved employee to sue for civil penalties . . . as an alternative to enforcement by the state' (citations omitted)" and "does not contain any language indicating that injury within the meaning of Labor Code § 226(e) must be shown" to confer standing. <u>Id.</u> at 1231-32.[1]

Defendants argue that the <u>McKenzie</u> decision "did not consider [their] standing argument and thus is not authority on this point." (Cross-Mot. at 7 n.2.) Irrespective of its status as binding "authority," the Court has not changed its view, as articulated in <u>McKenzie</u>, which the Court concludes applies in this case. Plaintiff therefore has standing to maintain this PAGA action on her own behalf.

### iii. Plaintiff May Obtain Judgment on Behalf of Unnamed Individuals Under PAGA

Finally, Defendants object to Plaintiff's pursuit of a PAGA action on the ground that Plaintiff cannot obtain judgment on behalf of unnamed individuals. This argument is set out only in Defendants' Opposition and thus does not form the basis for any part of their Cross-Motion for Summary Judgment. Specifically, Defendants argue that (1) Plaintiff has "offered no proof that anyone else experienced a violation" and (2) Plaintiff "cannot recover penalties on behalf of individuals who are not parties without satisfying the requirements of Rule 23." (Opp. at 19–20.)

Neither of Defendants' arguments is sufficiently persuasive to defeat Plaintiff's Motion for Partial Summary Judgment. Defendants' first argument fails because Plaintiff has already narrowed the category of allegedly aggrieved employees to a group

---

[1] Whether this is good public policy is debatable to say the least. The notion that employers who have done nothing to harm their employees are at risk because an employee might need to utilize elementary school arithmetic to determine, say, a rate of pay seems over the top, but this Court does not review legislation based on the wisdom of the underlying policy. The Court's analysis begins and ends with the observation that the statute as interpreted by the California courts makes it a PAGA violation if information that legally must be included on the wage and hour statement must be mathematically derived by the employee.

that will be readily identifiable during the course of discovery: every non-exempt employee who worked overtime from December 2, 2007 forward and received wage statements that failed to contain an actual, numeric overtime rate. Furthermore, Plaintiff asserts that she will identify aggrieved employees and aggregate damages at trial once she has had the benefit of discovery. (Docket No. 184 [Reply] at 16.)

Defendants' second argument, that Plaintiff must pursue her claim as a Rule 23 class action, also fails. This Court recently reached the opposite conclusion in McKenzie and Echavez v. Abercrombie and Fitch Co. Inc., No. CV 11-9754, 2012 WL 2861348 at *1 (March 12, 2012) (concluding that the PAGA plaintiff was "not required to certify a class in order to pursue this claim in a representative capacity and to collect penalties on behalf of herself and other aggrieved employees"). As explained in McKenzie,

> The rationale behind this view is that a PAGA suit is fundamentally different than a class action: Unlike a class action seeking damages or injunctive relief for injured employees, the purpose of PAGA is to incentivize private parties to recover civil penalties for the government that otherwise may not have been assessed and collected by overburdened state enforcement agencies.

McKenzie, 765 F. Supp. 2d at 1233. Though "[t]he Ninth Circuit has not yet decided whether a representative action under PAGA is considered a 'class action' for purposes of a Rule 23 class action, several district courts in California have held that the class certification requirements of Rule 23 do not apply to PAGA claims." See Mendez v. Tween Brands, Inc., No. 2:10-cv-00072, 2010 WL 2650571, at *9 (E.D. Cal. July 1, 2010) (citing to several district court cases in California that have come to the same conclusion).

Defendants cite to several other district court decisions holding that plaintiffs who pursue PAGA penalties on behalf of non-parties in federal court must seek class certification. See Fields v. QSP, Inc., No. CV 12-1238 CAS, 2012 WL 2049528, at *5 (C.D. Cal. June 4, 2012) (concluding PAGA is a procedural statute and Rule 23 applies in federal court); Michael Ivey v. Apogen Techs., Inc., No. 11CV366, 2011 WL

3515936, at *3 (S.D. Cal. Aug. 10, 2011) (same); Thompson v. APM Terminals Pac. Ltd., No. C 10-00677, 2012 WL 6309364, at *2 (N.D. Cal. Aug. 26, 2010) (same); Benitez v. Wilbur, No. CV F 08-1122, 2009 WL 498085, at *7-10 (E.D. Cal. Feb. 26, 2009) (concluding PAGA claims must be brought as class actions to protect the defendant's due process rights).

These district court opinions all rely on the plurality opinion in Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co. in reaching the conclusion that a PAGA suit must be pursued as a class action if brought on behalf of non-parties. 130 S. Ct. 1431 (2010). However, Shady Grove is readily distinguishable from this case. In Shady Grove, the New York legislature attempted to prohibit an entire category of class action suits. Id. at 1440. Such a prohibition is squarely in conflict with the permissive language of Rule 23 and, indeed, the Shady Grove Court noted that a "central difficulty" in the case was that "even artificial narrowing c[ould not] render [the relevant statute] compatible with Rule 23." Id. at 1441.

PAGA, in contrast, is not an attempt by the legislature to limit litigants' ability to bring class action suits, nor is PAGA incompatible with Rule 23. In fact, the intent behind PAGA is just the opposite—through PAGA, the legislature seeks to expand the vehicles available for ensuring enforcement of labor regulations. Thus, the concerns about protecting litigants' access to the judicial system and the class action model that was in issue in Shady Grove are not present here. The Court therefore declines to deviate from its rulings in McKenzie and Echavez.

The Court concludes that Plaintiff has exhausted the administrative remedies required under PAGA, and that she has standing to bring suit both on her own behalf and on behalf of unnamed third parties. Accordingly, Plaintiff's Motion for Partial Summary Judgment is **GRANTED** with respect to her request for a final determination that she acts as the California Labor Code private attorney general for enforcement of Starbucks' violations of California's wage statement statute, Labor Code section 226(a)(9).

### b. There Is No Genuine Issue as to Any Material Fact that Starbucks Failed to Provide Actual, Numeric Overtime Rates on Employees' Wage Statements

On December 3, 2009, this Court issued an order stating that Defendants' wage statements did not include the "actual, numeric overtime pay rate" and that Plaintiff had therefore "demonstrated a triable issue of fact regarding Defendants' compliance with section 226(a)(9)." (12/3/09 Order at 17.) Defendants do not dispute that these actual, numeric overtime rates are absent, arguing instead that summary judgment is inappropriate because "York has yet to identify" other aggrieved employees. (Opp. at 24.) The March 23, 2012 deposition of Jacqueline F. Gintz, a Senior Payroll Manager at Starbucks, remarkably indicates that Defendants' wage statements still fail to report an actual, numeric overtime rate. (Docket No. 170, Ex. 2 [Theriault Decl.] at 10:22–11:13.) It therefore appears beyond argument that the wage statements of other non-exempt employees who worked overtime during the relevant period will prove to be in violation of section 226(a)(9). Accordingly, Plaintiff's motion is **GRANTED** with respect to Defendants' failure to provide actual, numeric overtime rates on employees' wage statements.

### c. Plaintiff Is Not Entitled to Summary Judgment on the Issue of PAGA's Maximum Penalties

Plaintiff seeks a final determination that she is entitled to the maximum statutory penalties available under PAGA. (Mem. at 7.) In support of this proposition, she cites Labor Code section 2699(f), which provides, "[i]f at any time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation." (Id.) Plaintiff notes that she will establish the precise amount of penalties "by reference to the wage records of each non-exempt employee employed by Starbucks"—records which she anticipates receiving during discovery. (Id.)

10

However, Plaintiff offers no further justification for the imposition of PAGA's maximum penalties and fails to mention the existence of PAGA's section 2699(e)(2), which permits a court to "award a lesser amount than the maximum civil penalty . . . if, based on the facts and circumstances of the particular case, to do otherwise would result in an award that is unjust, arbitrary and oppressive, or confiscatory." Cal. Labor Code § 2699(e)(2). In <u>Fleming v. Covidien, Inc.</u>, for example, the court found that the imposition of a $2.8 million penalty under PAGA was "unjust according to § 2699(e)(2)" due in part to the fact that, as in the case here, "the aggrieved employees suffered no injury due to the erroneous wage statements . . . ." No. ED CV10-01487, 2011 U.S. Dist. LEXIS 154590, at *8–9 (C.D. Cal. Aug. 12, 2011). The <u>Fleming</u> Court therefore reduced the award to $500,000. <u>Id.</u> at *9.

Furthermore, as Defendants argue in their Opposition, "[t]he record on this motion provides no basis for determining whether any particular amount of penalties would be appropriate." (Opp. at 24.) In light of the record's lack of specificity as to the extent of Defendants' violations, the Court finds that granting summary judgment on the PAGA maximum damages issue would be improper.

Accordingly, Plaintiff's motion for Partial Summary Judgment is **DENIED** with respect to her request for a final determination that PAGA's maximum penalties apply in this case.

**2. DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT**

Defendants raise four claims in their Cross-Motion for Summary Judgment: (1) Plaintiff lacks standing to assert a claim under PAGA; (2) Plaintiff failed to exhaust PAGA's mandatory administrative remedies; (3) Plaintiff has failed to prove that she is entitled to PAGA penalties for the alleged violation of section 226 of the California Labor Code; and (4) PAGA violates the United States and California constitutions. (Cross-Mot. at 1.)

Defendants' claims that Plaintiff lacks standing to pursue a PAGA claim and that Plaintiff failed to exhaust PAGA's mandatory administrative remedies were

11

previously raised by Defendants in their Opposition. The Court **DENIES** Defendants' motion with respect to these two claims for the same reasons it found their underlying arguments unpersuasive in response to Plaintiff's Motion for Partial Summary Judgment, as discussed in Part 1 of this Order. Defendants' remaining claims—that Plaintiff is not entitled to PAGA penalties and that PAGA is unconstitutional—are also **DENIED** for the reasons that follow.

### *a. Plaintiff is Entitled to Penalties Under § 2699(f)*

Defendants argue that the structure of California Labor Code §§ 226(a), 226.3, 2699(a), and 2699(f) demonstrate that Plaintiff is not entitled to any penalties under PAGA. Defendants correctly point out that "PAGA permits a civil action based on 'any provision of this code that provides for a civil penalty to be assessed and collected by the [LWDA],'" and that "where the Labor Code provides for a civil penalty to be recovered by the state, the PAGA plaintiff is limited to those penalties." (Cross-Mot. at 9 (citing Cal. Labor Code § 2699; Villacres v. ABM Indus. Inc., 189 Cal. App. 4th 562, 580 (2010)).) However, section 2699(f) operates as a fallback provision, providing penalties "[f]or all provisions of this code except those for which a civil penalty is specifically provided." Cal. Labor Code § 2699(f).

Section 226.3 of the Labor Code sets out penalties for only two of the violations listed under section 226(a)—failure to provide a wage statement and failure to keep records. It provides, in relevant part:

> Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226.

Cal. Labor Code § 226.3. It would thus appear that section 226.3 does not provide a penalty for a violation of section 226(a)(9)—failure to provide specified information on wage statements—and that damages for a 226(a)(9) violation should therefore be available under fallback provision section 2699(f).

1  Defendants, however, reject this reading of the statute. Relying on the
2  distinction between the words "provision" and "violation," Defendants argue that
3  section 226.3 provides the penalties for the entirety of "provision" 226(a), despite the
4  fact that only two section 226(a) "violations" are specifically enumerated. As a result,
5  Defendants contend, recovery under section 2699(f)'s fallback provision for any
6  non-enumerated section 226(a) "violation" is barred. (Cross-Mot. at 10–11.)
7  Defendants thus conclude that "[b]ecause York always received wage statements, she
8  may not recover the only penalties available to her." (Id. at 10.)

9  Defendants' statutory construction is unpersuasive. The statute's plain text
10 alone demonstrates that Defendants' convoluted construction is incorrect. On its face,
11 section 226.3 provides penalties specifically for those instances in which "the employer
12 fails to provide the employee a wage deduction statement or fails to keep the records
13 required in subdivision (a) of Section 226." Cal. Labor Code § 226.3. Section 226.3 is
14 silent as to penalties for violations of the many other provisions of section 226(a), which
15 Defendants take to mean that there is no remedy for such violations. That argument is
16 belied by the very existence of PAGA's fallback penalty provision which, as noted,
17 establishes penalties for all PAGA violations except where a specific penalty has been
18 established in some other section. Two judges in this district have recently construed
19 PAGA's fallback penalty provisions to apply in cases involving wage statements that
20 fail to conform to the Labor Code's requirements. See Fleming, 2011 U.S. Dist. LEXIS
21 154590 at *7–8 ("The Labor Code does not specify a penalty to be applied for this
22 [226(a)] violation. Thus, the general PAGA penalty provision applies."); Pelton v.
23 Panda Restaurant Group. Inc., No. CV 10-8458, 2011 WL 1743268 at *1 (C.D. Cal.
24 May 3, 2011) ("[B]ecause civil penalties are not specifically provided for the [section
25 226(a)] violation at issue, section 2699(f) provides the available penalties.").

26 In this case, Plaintiff alleges only that relevant information was missing from
27 her wage statements, not that Defendants failed entirely to furnish wage statements. As
28 such, section 226.3 does not provide penalties for the violations alleged in this case and

13

PAGA's fallback provision set forth in section 2699(f) is applicable. Accordingly, Defendants' Motion for Partial Summary Judgment is **DENIED** with respect to this argument.

### *b. PAGA Does Not Violate the U.S. or California Constitutions*

Finally, Defendants argue in their Cross-Motion for Summary Judgment that PAGA violates both the United States and California constitutions. Neither argument is convincing.

### i. U.S. Constitution

Defendants assert that a construction of PAGA that permits civil penalties in the absence of injury to employees violates the Fourteenth Amendment's prohibition on penalties "'so plainly arbitrary and oppressive as to be nothing short of a taking of [] property without due process of law.'" (Cross-Mot. at 14 (citing Sw. Tel. & Tel. Co. v. Danaher, 238 U.S. 482, 491 (1915)).) Because such penalties would be "punitive," according to Defendants, they could be awarded only where a defendant's conduct is "so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence." (Id. at 14–16.) And because Plaintiff here has not demonstrated that Defendants' conduct rises to the level of "reprehensible," any assessment of civil penalties in this case would violate due process. (Id.)

Defendants' argument is unpersuasive because it ignores the nature and purpose of statutory damages under the Labor Code. "'Civil penalties are inherently regulatory, not remedial,' and are intended to secure obedience 'to statutes and regulations validly adopted under the police power.'" Home Depot U.S.A., Inc. v. Superior Court, 120 Cal. Rptr. 3d 166, 176 (Ct. App. 2010) (quoting People v. Union Pac. R.R. Co. 141 Cal. App. 4th 1228, 1257–1258 (Ct. App. 2006)) (rejecting a facial challenge to PAGA's default remedy provision as violating due process). Here the civil penalty is plainly intended as a "stick" to encourage employers to adhere to the strict requirements of the Labor Code's regulatory scheme. Employers either comply or face the risk that they will be required to pay a civil penalty.

14

Defendants go too far in asserting that any penalty that is "punitive" in the sense that it is "aimed at deterrence and retribution" offends due process if it is assessed in the absence of a direct injury to an employee. (Cross-Mot. at 15.)  PAGA is not intended merely to compensate employees injured by Labor Code violations nor is it designed to punish an employer in the way a punitive damages award operates to punish an egregiously negligent tortfeasor.  Instead, PAGA permits individual citizens to step into the shoes of the Attorney General in order to ensure employer compliance with labor regulations.  And, as discussed in Part B.1.a.ii. of this Order, because PAGA Plaintiffs are essentially performing a regulatory function that could otherwise be undertaken by the Government itself, demonstration of individual injury is unnecessary.

Of course, the concern that aggrieved employees will seek penalties in excess of those that serve a regulatory function is not entirely without merit.  But the legislature has provided a safety valve for the courts in such situations.  Under section 2699(e)(2), "a court may award a lesser amount than the maximum civil penalty amount specified by this part if, based on the facts and circumstances of the particular case, to do otherwise would result in an award that is unjust, arbitrary and oppressive, or confiscatory." Cal. Lab. Code § 2699(e).  PAGA's section 2699(e)(2) provides the Court with the ability to fashion an appropriate penalty in this case that will not offend notions of due process.

### ii. California Constitution

Finally, Defendants argue that PAGA violates the California Constitution because it creates "an untenable conflict of interest and improperly infringes on the judiciary's power to regulate attorneys" by giving "private attorneys who purport to represent the public interest a pecuniary interest in their cases." (Cross-Mot. at 16.) Defendants cite County of Santa Clara v. Superior Court, 112 Cal. Rptr. 3d 697 (Cal. 2010), for the proposition that permitting "retention of private counsel on a contingent-fee basis" is proper only when "neutral, conflict-free government attorneys retain the power to control and supervise the litigation," because such supervision

15

ensures that "the heightened standard of neutrality" required in public enforcement actions "is maintained and the integrity of the government's position is safeguarded." Id. at 714.

This Court has previously concluded that PAGA does not violate the California Constitution because there "is no unmistakable conflict between PAGA and Article III of the California Constitution." Echavez, 2012 WL 2861348, at *6. As noted in Echavez, this Court finds PAGA claims distinguishable from the abatement actions in County of Santa Clara because "a PAGA claim 'does not involve government clients or the availability of government resources and power to the private attorneys . . . . Thus, 'there is no government power that can potentially be abused, and abuse of power is the bedrock principle underlying the need for heightened standards of neutrality by public attorneys.'" Id.

Defendants' insistence that "York does wield the power of the LWDA because she is 'the proxy or agent of the state labor law enforcement agencies,'" is simply not compelling in light of the fact that "no government resources are brought to bear against a citizen in a PAGA action." Echavez, 2012 WL 2861348, at *7.

Defendants indicate that the Second District Court of Appeal has granted review to consider the constitutionality of PAGA under the California constitution. However, in the absence of additional guidance from the California courts on this issue, this Court is not persuaded to deviate from its decision in Echavez. Accordingly, "[t]here is simply no reason to find that PAGA unmistakably infringes on the power of the California judiciary to regulate the conduct of attorneys who bring actions in the public interest." Id.

Because Defendants have failed to demonstrate that PAGA violates the United States or California constitutions, Defendants' Motion for Summary Judgment as to this issue is **DENIED**.

## IV.
## CONCLUSION

For the foregoing reasons, the Court **ORDERS** that Plaintiff's motion for partial summary judgment is **GRANTED IN PART** and **DENIED IN PART**. Defendants' Cross-Motion for Partial Summary Judgment is **DENIED** in its entirety.

The hearing scheduled for November 5, 2012 is **VACATED.**

**IT IS SO ORDERED.**

DATED: November 1, 2012

_____
Gary Allen Feess
District Court Judge